IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA  19142<br><br>v.<br><br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA  19143<br><br>CITY OF PHILADELPHIA<br>c/o Law Department<br>14th Floor, 1515 Arch Street<br>Philadelphia, PA  19102<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, as Receiver for Progress Bank of<br>Florida, a Failed Insured State Depository Financial<br>Institution, as Successor to Defendant Progress Bank<br>of Florida<br>7777 Baymeadows Way West, Suite 540ff<br>Jacksonville, FL  32256<br><br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA  19142<br><br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA  19142<br><br>THOMAS GLEASON<br>66 Springton Road<br>Upper Darby, PA  19082<br><br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA  19082<br><br>MANGO & AUGUST, INC.<br>5601 Chester Avenue<br>Philadelphia, PA  19143 | CIVIL ACTION<br><br>NO. |

## NOTICE OF REMOVAL

The Federal Deposit Insurance Corporation, as Receiver for Progress Bank of Florida ("FDIC-R"), by its counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, 12 U.S.C. § 1819(b), and all applicable rules of procedure, hereby removes and gives notice of the removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. As grounds in support of removal, the FDIC-R alleges as follows:

1. On or about June 6, 2011, Plaintiff Francis Joyce ("Joyce") filed a Complaint in the Court of Common Pleas of Philadelphia County against the following defendants: Richard Devastey ("Devastey"); City of Philadelphia c/o Law Department; Progress Bank of Florida c/o FDIC as Receiver for Progress Bank ("Progress Bank"); Jeffrey Crooks; Mary Crooks; Thomas Gleason; and Mary Gleason. The Complaint seeks damages against defendants relating to an alleged personal injury. In addition, Devastey filed a Joinder Complaint against Additional Defendant Mango & August, Inc., on December 21, 2011. The Complaint and Joinder Complaint are attached as Exhibits A and B, respectively.

2. The Complaint fails to name the FDIC, in its corporate, conservatorship, receivership, or any other capacity, as a party-defendant in this litigation; and neither the FDIC nor Progress Bank were served with the Complaint.

3. The FDIC-R was substituted for Progress Bank as a party-defendant on February 9, 2012, through the filing in the Court of Common Pleas, pursuant to Rule 2352 of the Pennsylvania Rules of Civil Procedure, of a Notice of Substitution of Federal Deposit Insurance Corporation as Receiver for Progress Bank of Florida as Defendant, As Successor to Defendant Progress Bank of Florida. The Notice of Substitution is attached hereto as Exhibit C.

4. As noted above, this Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and 12 U.S.C. § 1819(b)(2) (setting a ninety (90) day limitation period for removal by the FDIC as Receiver following substitution).

5. On October 22, 2010, the FDIC was tendered and accepted the appointment as Receiver of Progress Bank by the State of Florida Office of Financial Regulation in order to take charge of its assets and affairs.

6. The FDIC is a body corporate organized and existing pursuant to an Act of Congress of the United States known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811, et seq., with its principal office located in Washington, D.C., and, in any capacity, FDIC is an Agency of the United States government. 12 U.S.C. § 1819(b)(1).

7. Pursuant to 12 U.S.C. § 1819(b)(2)(A), this Court has original jurisdiction of this matter because all suits of a civil nature at common law or in equity to which the FDIC, in any capacity, is a party shall be deemed to arise under the laws of the United States.

8. Pursuant to 12 U.S.C. § 1819(b)(2)(B), the FDIC as Receiver may, without bond or security, remove any action, suit or proceeding from a state court to the appropriate United States District Court.

9. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania embraces the location of the state court in which the State Court Action was originally filed. Thus, the FDIC-R may properly remove the State Court Action to this Court.

10. Consistent with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents filed in this matter are attached as Exhibit D.

11. Pursuant to 28 U.S.C. § 1446(d), the FDIC-R is providing written notice of this removal to all parties in the State Court Action and is filing a copy of this Notice of Removal with the Court of Common Pleas for Philadelphia County.

WHEREFORE, the Federal Deposit Insurance Corporation as Receiver for Progress Bank hereby removes the subject State Court Action to the United States District Court for the Eastern District of Pennsylvania from the State Court (Court of Common Pleas for Philadelphia County).

*Lisa B. Wershaw*
Jeffrey S. Saltz
Lisa B. Wershaw
PA Bar I.D. Nos. 29057; 41630
Attorneys for Federal Deposit Insurance Corporation,
as Receiver for Progress Bank of Florida ("FDIC-R")

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 523-5317