| | |
|---|---|
| MESSA & ASSOCIATES, P.C.<br>By: Joseph L. Messa, Jr., Esquire<br>    Lee D. Rosenfeld, Esquire<br>Attorney I.D. No.: 53645 / 76081<br>123 South 22nd Street<br>Philadelphia, Pa. 19103<br>(215) 568-3500 / Fax: (215) 568-3501 | This is a major case.<br><br>Jury Trial Demanded<br><br><br>Attorneys for Plaintiff |

*Filed and Attested by*
*PROTHONOTARY*
*06 JUN 2011 08:50 am*
*S. GARRETT*

| | | |
|---|---|---|
| FRANCES JOYCE<br>         Plaintiff | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | : | |
| RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>         and<br>CITY OF PHILADELPHIA<br>C/O LAW DEPARTMENT<br>14TH Floor<br>1515 Arch Street<br>Philadelphia, Pennsylvania 19102<br>         and<br>PROGRESS BANK OF FLORIDA<br>c/o FDIC AS Receiver for Progress<br>Bank of Florida<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>         and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>         and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>         and<br>THOMAS GLEASON, JR.<br>66 Springton Road<br>Upper Darby, PA 19082<br>         and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082<br>_____Defendants_____ | : | June Term, 2011<br><br>No: |

EXHIBIT A (Page 1)

Case ID: 110600031

| "NOTICE" | "AVISO" |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) diás de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP." | "LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL." |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, PA  19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br>Informacion Legal<br>One Reading Center<br>Philadelphia, PA  19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 110600031

| | |
|---|---|
| MESSA & ASSOCIATES, P.C.<br>By: Joseph L. Messa, Jr., Esquire<br>    Lee D. Rosenfeld, Esquire<br>Attorney I.D. Nos.: 53645 / 76081<br>123 South 22nd Street<br>Philadelphia, Pennsylvania 19103<br>(215) 568-3500 / Fax: (215) 568-3501 | This is a Major Case.<br><br>**Jury Trial Demanded.**<br><br><br>**Attorneys for Plaintiff** |

| | | |
|---|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA 19142<br>            Plaintiff<br>    v.<br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>    and<br>PROGRESS BANK OF FLORIDA<br>C/O FDIC as RECEIVER for PROGRESS<br>BANK OF FLORIDA<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>    and<br>CITY OF PHILADELPHIA<br>Law Department - 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>THOMAS GLEASON, JR<br>66 Springton Road<br>Upper Darby, PA 19082<br>    and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>June Term, 2011<br>No. |

Defendants                :

## **CIVIL ACTION - COMPLAINT**

Case ID: 110600031

| | |
|---|---|
| **MESSA & ASSOCIATES, P.C.**<br>By: Joseph L. Messa, Jr., Esquire<br>    Lee D. Rosenfeld, Esquire<br>Attorney I.D. Nos.: 53645 / 76081<br>123 South 22nd Street<br>Philadelphia, Pennsylvania 19103<br>(215) 568-3500 / Fax: (215) 568-3501 | **This is a Major Case.**<br><br>**Jury Trial Demanded.**<br><br><br><br>**Attorneys for Plaintiff** |

| | | |
|---|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA 19142<br>            Plaintiff<br>    v.<br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>        and<br>PROGRESS BANK OF FLORIDA<br>C/O FDIC as RECEIVER for PROGRESS<br>BANK OF FLORIDA<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>        and<br>CITY OF PHILADELPHIA<br>Law Department - 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>        and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>        and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>        and<br>THOMAS GLEASON, JR<br>66 Springton Road<br>Upper Darby, PA 19082<br>        and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>June Term, 2011<br>No. |

Case ID: 110600031

Defendants            :

## CIVIL ACTION - COMPLAINT

1. Plaintiff Francis Joyce is an adult individual residing at the above captioned address.

2. Defendant Richard Devastey is an adult individual residing at the above captioned address.

3. Defendant Progress Bank of Florida (hereafter "Progress Bank") is a corporation organized and existing under the laws of the State of Florida which regularly conducts business at the above captioned address.

4. Defendant, City of Philadelphia, is a municipal corporation organized as a City of the First Class under the Act of February 2, 1954, P.L., Sec 1; 53 P.S., 16251, as amended, which maintains an office at the above captioned address.

5. Defendant Jeffrey Crooks is an adult individual residing at the above captioned address.

6. Defendant Mary Crooks is an adult individual residing at the above captioned address.

7. Defendant Thomas Gleason, Jr. is an adult individual residing at the above captioned address.

8. Defendant Mary Gleason is an adult individual residing at the above captioned address.

9. At all times relevant hereto, Defendants acted or failed to act by and through their authorized agents, servants, workmen and/or employees who were then and there acting in the

course and scope of their employment and/or agency.

10. On or about July 16, 2009, Defendant Richard Devastey owned, operated, maintained and/or controlled the real property of 6714 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

11. At the above mentioned time and place, Defendant Progress Bank owned, operated, maintained and/or controlled the real property of 6712 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

12. At the above mentioned time and place, Defendant City of Philadelphia had the legal responsibility to maintain the abutting sidewalks of 6712 Dicks Avenue Philadelphia, PA and 6714 Dicks Avenue Philadelphia, PA.

13. At the above mentioned time and place, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142 and which had vicious propensities to attack human beings without provocation.

14. On July 16, 2009, Plaintiff, Francis Joyce, was a lawful pedestrian along the sidewalk of Dicks Avenue, Philadelphia, PA when he was suddenly attacked by an at large dog owned and/or controlled by Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason.

15. As a result of being attacked, Plaintiff Francis Joyce attempted to move away from said dog and was caused to trip and fall due to defective concrete upon the sidewalks abutting 6712 and 6714 Dicks Avenue Philadelphia, PA 19142, thereby causing him the injuries and damages more fully set forth at length below.

## COUNT I
### Francis Joyce v. Richard Devastey

Plaintiff incorporates herein by reference paragraphs 1 through 15 above as fully as if set forth at length below.

16. At the above mentioned place and time, it was a duty of the Defendant Richard Devastey to keep and maintain his premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

17. At the above mentioned place and time, Defendant Richard Devastey did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

18. Defendant knew or should have known of the existence of said dangerous condition.

19. The negligence of Defendant Richard Devastey included the following:

   a) failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

   b) failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

   c) failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d) failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e) allowing said defect to exist on the premises;

  f)  failing to provide appropriate warnings of said dangerous condition;

  g)  failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

20. As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

21. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

22. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

23. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

24. As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

## COUNT II

### Francis Joyce v. Progress Bank

Plaintiff incorporates herein by reference paragraphs 1 through 24 above as fully as if set forth at length below.

25. At the above mentioned place and time, it was a duty of the Defendant Progress Bank to keep and maintain its premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

26. At the above mentioned place and time, Defendant Progress Bank did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

27. Defendant knew or should have known of the existence of said dangerous condition.

28. The negligence of Defendant Progress Bank included the following:

    a) failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

    b) failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

    c) failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

    d) failing to provide a safe area of passage for the plaintiff and other lawful patrons;

    e) allowing said defect to exist on the premises;

Case ID: 110600031

  f)  failing to provide appropriate warnings of said dangerous condition;

  g)  failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

29. As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

30. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

31. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

32. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

33. As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

## COUNT III

### Francis Joyce v. City of Philadelphia

Plaintiff incorporates herein by reference paragraphs 1 through 33 above as fully as if set forth at length below.

34.  At the above mentioned place and time, it was a duty of the Defendant City of Philadelphia to keep and maintain the sidewalks of 6712 and 6714 Dicks Avenue in a reasonable and safe condition for pedestrians.

35.  At the above mentioned place and time, Defendant City of Philadelphia did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

36.  Defendant had actual and/or constructive notice of said dangerous condition.

37.  The negligence of Defendant City of Philadelphia included the following:

   a)  failing to maintain said sidewalks in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions;

   b)  failing to warn the plaintiff of said defective and dangerous condition on the sidewalks, about which the defendants knew, or in the exercise or reasonable care, should have known;

   c)  failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)  failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)  allowing said defects to exist on the sidewalks;

   f)  failing to provide appropriate warnings of said dangerous condition;

   g)  failing to inspect the aforesaid location and ascertain the hazardous and

defective condition which existed;

38. As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

39. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

40. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

41. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

42. As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

## COUNT IV

**<u>Francis Joyce v. Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason</u>**

Plaintiff incorporates herein by reference paragraphs 1 through 42 above as fully as if set forth at length below.

43. At the above mentioned place and time, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142.

44. Defendants knew or should have known that said dog had a propensity of attacking human beings without provocation and/or failed to properly leash it or take other precautions to prevent the attack upon Plaintiff Francis Joyce.

45. The negligence of Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason included, but is not limited to, the following:

    a) allowing the dog to be at large, in violation of the City of Philadelphia's animal ordinances;

    b) failing to exercise reasonable care in securing the dog;

    c) failing to properly control the dog;

    d) failing to take reasonable precaution to protect pedestrians from the dog;

    e) failing to provide pedestrians with appropriate warnings; and

    f) allowing the dog to attack Plaintiff Francis Joyce on the sidewalk of Dicks Avenue, Philadelphia, PA.

46. As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

47. As a direct and proximate result of the aforesaid accident, Plaintiff,

Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

48. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

49. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

50. As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Respectfully submitted,
**MESSA & ASSOCIATES, P.C.**

/s/ Lee D. Rosenfeld
_____
Lee D. Rosenfeld
Attorney for Plaintiff

Dated: June 6, 2011

## VERIFICATION

I, _FRANCES JOYCE_, Plaintiff herein makes this Verification and states that the statements made in the foregoing are true and correct to the best of his/her knowledge, information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
FRANCES JOYCE

Dated: _6-6-11_