IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS JOYCE | CIVIL ACTION |
| Plaintiff | Case No. 2:12-cv-00834-LS |
| v. | |
| RICHARD DEVASTEY, et al. | |
| Defendants | |

**REQUEST AND MOTION OF THE DEFENDANT,
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER
FOR PROGRESS BANK OF FLORIDA, FOR AN IMMEDIATE STAY OF
PROCEEDINGS PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Defendant, Federal Deposit Insurance Corporation, as Receiver for Progress Bank of Florida ("FDIC-R"), by counsel, pursuant to 12 U.S.C. § 1821(d)(3)-(8), (12) & (13), hereby requests and moves this District Court to immediately stay all proceedings in this cause of action as to all parties pending exhaustion by all parties-claimants of the mandatory and exclusive receivership administrative claims process prescribed by Act of Congress known as the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("F.I.R.R.E.A."), 12 U.S.C. § 1221, *et seq*.

1. Any person wishing to assert a claim against the assets of a failed insured depository financial institution under FDIC Receivership must first file his/her/its Proof of Claim with the Receiver, 12 U.S.C. 1821(d)(3)—(5), and exhaust his/her/its administrative remedies under F.I.R.R.E.A.

1

2. On June 6, 2011, the Plaintiff, Francis Joyce ("Joyce"), filed his Complaint in the Court of Common Pleas of Philadelphia County ("Philadelphia County action") against the Defendants, Richard Devastey ("Devastey"); City of Philadelphia ("City"); Progress Bank of Florida ("Progress Bank"); Jeffrey Crooks; Mary Crooks; Thomas Gleason; and Mary Gleason, seeking money damages for an alleged personal injury occurring on or about July 16, 2009.

3. Devastey then joined Mango & August, Inc. ("Mango & August"), as an Additional Defendant in the Philadelphia County action.

4. Devastey, City, and Mango & August then each asserted cross claims against Progress Bank in the Philadelphia County action.

5. On October 20, 2010, prior to Joyce's commencement of the Philadelphia County action, the State of Florida Office of Financial Regulation ("Office of Regulation") declared Progress Bank insolvent, took possession of Progress Bank, and appointed the FDIC, an Agency of the United States, as Receiver of such failed insured State depository financial institution.

6. On February 9, 2012, FDIC-R specially appeared and was substituted in the place and stead of Progress Bank as a party-defendant in the Philadelphia County action.

7. On February 16, 2012, FDIC-R removed the Philadelphia County action to this District Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.

8. 12 U.S.C. § 1821(d)(12)(A) provides that the Receiver "may request a stay" for a period not to exceed 90 days "in any action or proceeding" to which the failed insured depository financial institution or the Receiver "is or becomes a party." 12 U.S.C. §

1821(d)(12)(B) provides that upon receipt of a request for a stay from the Receiver, "the court shall grant such stay as to all parties."

9. All claims and cross claims heretofore asserted in the Philadelphia County action against Progress Bank constitute claims against the assets of the failed Progress Bank.

10. 12 U.S.C. § 1821(d)(3)—(13) establishes a mandatory and exclusive administrative claims process for all claims asserted or to be asserted against the assets of a failed insured depository financial institution under FDIC Receivership.

11. Any person wishing to assert a claim against the assets of a failed insured depository financial institution under FDIC Receivership must first file his/her/its Proof of Claim with the Receiver, 12 U.S.C. § 1821(d)(3)—(5), and exhaust his/her/its administrative remedies under F.I.R.R.E.A.

12. The Receiver has heretofore mailed to each party-claimant a Notice to Discovered Claimant to Present Proof of Claim and a receivership Proof of Claim form.

13. To present, no party-claimant has yet filed his/her/its Proof of Claim with the Receiver.

14. 12 U.S.C. § 1821(d)(3) vests the Receiver with sole and exclusive authority and discretion to determine all claims asserted or to be asserted against the assets of the failed Progress Bank.

15. 12 U.S.C. § 1821(d)(5) provides an initial 180-day period, beginning with the date a Proof of Claim is filed with the Receiver, for the Receiver to determine whether to allow or disallow the claim, which 180-day period may be extended by written agreement between the claimant and the Receiver.

16. Pending the Receiver's determination on the party-claimants' not yet submitted Proofs of Claims and the party-claimants' exhaustion of the mandatory and exclusive receivership administrative claims process, the Congress has expressly withdrawn subject matter jurisdiction from all courts to hear and determine and to review such claims. 12 U.S.C. § 1821(d)(13)(D).

WHEREFORE, the Federal Deposit Insurance Corporation, as Receiver for Progress Bank of Florida, respectfully requests an immediate stay of proceedings as to all parties and respectfully moves and prays this District Court for the entry of an Order staying all proceedings herein as to all parties pending exhaustion by all parties-claimants of their administrative remedies under F.I.R.R.E.A.

  s/Lisa B. Wershaw
Jeffrey S. Saltz
Lisa B. Wershaw
PA Bar I.D. Nos. 29057; 41630
Attorneys for Defendant
Federal Deposit Insurance Corporation, as
Receiver for Progress Bank of Florida

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 523-5317