IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS JOYCE<br><br>　　　　　　　Plaintiff<br>　　　v.<br><br>RICHARD DEVASTEY, et al.<br><br>　　　　　　　Defendants | CIVIL ACTION<br><br>Case No. 2:12-cv-00834-LS |

**MEMORANDUM OF LAW IN SUPPORT OF REQUEST AND MOTION OF THE DEFENDANT, FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR PROGRESS BANK OF FLORIDA, FOR AN IMMEDIATE STAY OF PROCEEDINGS PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**I.      STATEMENT OF THE CASE:**

　　　　The Defendant, Federal Deposit Insurance Corporation, in its capacity as Receiver for Progress Bank of Florida ("FDIC-R"), pursuant to 12 U.S.C. § 1821(d)(3)-(8), (12) & (13), has requested this District Court to immediately stay all proceedings in this cause of action as to all parties and has moved for the entry of an Order staying all proceedings herein as to all parties pending exhaustion by all parties-claimants of the mandatory and exclusive receivership administrative claims process prescribed by Act of Congress known as the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("F.I.R.R.E.A."), 12 U.S.C. § 1221, *et seq.*

**II.     STATEMENT OF THE FACTS:**

1

On October 20, 2010, the State of Florida Office of Financial Regulation ("Office of Regulation") declared Progress Bank of Florida ("Progress Bank") insolvent, took possession of Progress Bank, and appointed the FDIC as its Receiver. The Order Appointing Receiver of Progress Bank is attached hereto as Exhibit "A."

FDIC-R then published notice of the Receivership to all creditors and depositors of Progress Bank in *The Tampa Tribune*, a newspaper of general circulation in Hillsborough County, Florida, the situs of the principal office location of Progress Bank, on October 28, 2010, and again on both November 10, 2010, and December 29, 2010, advising all claimants and creditors of Progress Bank to submit their claims to the Receiver. The Notices and Affidavits of Publication are attached hereto as Exhibit "B." In addition, FDIC-R then published notice of the Receivership in the Federal Register [75 Fed. Reg. 66761-2] on October 28, 2010, advising all claimants and creditors that Progress Bank was an institution in liquidation under FDIC Receivership. The Federal Register notice is attached hereto as Exhibit "C."

On June 6, 2011, the Plaintiff, Francis Joyce ("Joyce"), filed his Complaint in the Court of Common Pleas of Philadelphia County ("Philadelphia County action") against Defendants, Richard Devastey ("Devastey"); City of Philadelphia ("City"); Progress Bank; and others, seeking money damages for an alleged personal injury occurring or about July 16, 2009, on real estate owned by Progress Bank. Devastey then joined Mango & August, Inc. ("Mango & August"), as an Additional Defendant. Devastey, City, and Mango & August then each asserted cross claims against Progress Bank in the Philadelphia County action.

Upon learning of the claims and cross claims asserted against Progress Bank in the Philadelphia County action, FDIC-R mailed to each party-claimant, Joyce, Devastey, City, and Mango & August, a Notice to Discovered Claimant to Present Proof of Claim and a receivership Proof of Claim form. The Notices to Discovered Claimants and receivership Proof of Claim forms are attached hereto collectively as Exhibit "D."

No party-claimant has yet filed a Proof of Claim with the Receiver.

On February 9, 2012, FDIC-R specially appeared and was substituted in the place and stead of Progress Bank as a party-defendant in the Philadelphia County action. On February 16, 2012, FDIC-R removed the Philadelphia County action to this District Court.

FDIC-R has now requested an immediate stay of proceedings as to all parties and has moved this District Court for an Order staying all proceedings herein as to all parties pending exhaustion by all parties-claimants of their administrative remedies under F.I.R.R.E.A.

### III.   ARGUMENT:

**A.   FDIC-R is Entitled by Statute to an Immediate 90-Day Stay of Proceedings.**

12 U.S.C. § 1821(d)(12)(A) provides that the Receiver "may request a stay" for a period not to exceed 90 days "in any action or proceeding" to which the failed insured depository financial institution or the Receiver "is or becomes a party." 12 U.S.C. § 1821(d)(12)(B) provides that upon receipt of a request for a stay from the Receiver, "the court shall grant such stay as to all parties." See generally *In re: Community Bank of Northern Virginia*, 418 F.3d 277,

293 (3d Cir. 2005). FDIC-R's statutory right to an immediate 90-day stay of proceedings is intended to give the Receiver an opportunity to become oriented with pending legislation. *Praxis Properties, Inc. v. Colonial Savings Bank*, 947 F.2d 49, 63 n.14 (3d Cir. 1991).

> **B.  The Mandatory and Exclusive Receivership Administrative Claims Process Warrants a Further Judicial Stay of Proceedings Pending Exhaustion.**

12 U.S.C. § 1821(d)(3)—(13) establishes a mandatory and exclusive administrative claims process for all claims asserted or to be asserted against the assets of a failed insured depository financial institution under FDIC Receivership. Any person wishing to assert a claim against the assets of a failed insured depository financial institution under FDIC Receivership must first file his/her/its Proof of Claim with the Receiver, 12 U.S.C. § 1821(d)(3)—(5), and exhaust his/her/its administrative remedies under F.I.R.R.E.A.

> **1.  The Receivership Administrative Claims Process Is Both Mandatory and Exclusive.**

Under F.I.R.R.E.A., the Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as a Receiver for a failed insured depository financial institution and special powers to carry out that function. The FDIC, as Receiver, must conserve and preserve the failed institution's assets, liquidate those assets when appropriate, and use the proceeds of liquidation to make distributions among the institution's valid creditors. *See* 12 U.S.C. § 1821(d)(2)(A) (ii),(B) & (E).

As an essential component of the comprehensive scheme for winding up failed financial institutions, Congress created a statutory procedure for the orderly and efficient processing of all claims against failed financial institutions. That receivership administrative claims process, set forth in 12 U.S.C. § 1821(d)(3) through (13), centralizes the initial consideration and determination of claims against a failed financial institution by requiring that all claims be submitted to the Receiver by a claims bar date established and published by the Receiver. After submission of a Proof of Claim, the Receiver then has 180 days to review the claim, and allow or disallow the claim (in whole or in part), without the delay and expense of litigation. *See* 12 U.S.C. § 1821(d)(5)(A)(i).

The receivership administrative claims process is exclusive. By enacting 12 U.S.C. § 1821(d)(13)(D), the Congress expressly withdrew subject matter jurisdiction from all courts to hear any claims against the assets of a failed insured depository financial institution for which the FDIC is appointed Receiver:

> **(D)  Limitation on judicial review**
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over —
>
> > (i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation [FDIC] has been appointed receiver, including assets which the Corporation [FDIC] may acquire from itself as such receiver; or
> >
> > (ii)  any claim relating to any act or omission of such institution or the Corporation [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). Judicial review is only available of the Receiver's final determination on a Proof of Claim, and then only for those claimants who have exhausted the receivership administrative claims process. *See* 12 U.S.C. § 1821(d)(6)(A)(ii), (7)(A), & (8)(C).

Under F.I.R.R.E.A., management of the claims process is committed to the exclusive power and discretion of the Receiver, and the Receiver's management of the claims process is a core function of the Receiver. *See, e.g.*, 12 U.S.C. § 1821(d)(3)(A) ("The Corporation [FDIC] may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph 4."); *id.* § 1821(d)(4) (conferring upon FDIC the authority to promulgate regulations and rules governing the receivership administrative claims process and the Receiver's determination of claims); *id.* § 1821(d)(5)(D) ("The receiver may disallow any portion of any claim by a creditor . . . which is not proved to the satisfaction of the receiver."). Further, the Receiver may "exercise . . . such incidental powers as shall be necessary to carry out such powers," and "take any action authorized by this chapter, which [FDIC] determines is in the best interests of the depository institution, its depositors, or the [FDIC]." *Id.* § 1821(d)(2)(J)(i), (ii).

The Third Circuit, like most other Courts of Appeals, has determined that claimants must first submit their claims against the FDIC, as Receiver, to the receivership administrative claims process established by F.I.R.R.E.A. and exhaust their administrative remedies before seeking judicial review. *Rosa v. Resolution Trust Corp.*, 938 F.2d, 383, 392-93

(3d Cir. 1991);[1] *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991). This exhaustion of administrative remedies requirement applies to claims arising both before and after the appointment of a receiver. *Rosa v. Resolution Trust Corp.*, 938 F.2d, 383, 392-93 (3d Cir. 1991); *Resolution Trust Corp. v. W. W. Dev. Mgmt., Inc*., 73 F.3d 1298, 1303-04 (3d Cir. 1996); *Althouse v. Resolution Trust Corp.*, 969 F.2d 1544, 1545-46 (3d Cir. 1992) (holding that failure to file a timely Proof of Claim with the Receiver precludes jurisdiction and review by the District Court).

### 2. The Receivership Administrative Claims Process Warrants a Further Judicial Stay Pending Exhaustion.

It follows from the mandatory and exclusive nature of the receivership administrative claims process established by F.I.R.R.E.A., that actions pending against a failed financial institution at the time or subsequent to the time that a Receiver is appointed must be stayed to permit exhaustion of the claims process. Courts routinely stay proceedings until the receivership administrative claims process is exhausted. *See Resolution Trust Corp. v. W. W. Dev. Mgmt., Inc*., 73 F.3d 1298, 1303-04 (3d Cir. 1996); *FDIC v. Wilson's Famous Blue Ribbon Meats*, 835 F. Supp. 245, 247 (E.D. Pa. 1993) (District Court placed case in suspense docket pending exhaustion of remedies within the receivership administrative claims process.).

All claims and cross claims heretofore asserted in the Philadelphia County action against Progress Bank by the parties-claimants constitute claims against the assets of the failed

---

[1] Cases involving the Resolution Trust Corporation, as receiver, are applicable here because the FDIC is the both the statutory successor to the RTC and the RTC, like the FDIC, was subject to the same provisions of F.I.R.R.E.A. mandating exhaustion of administrative remedies.

Progress Bank. 12 U.S.C. § 1821(d)(3) vests the Receiver with sole and exclusive authority and discretion to determine all claims asserted or to be asserted against the assets of the failed Progress Bank.

Any person wishing to assert a claim against the assets of a failed insured depository financial institution under FDIC Receivership must first file his/her/its Proof of Claim with the Receiver, 12 U.S.C. § 1821(d)(3)—(5), and exhaust his/her/its administrative remedies under F.I.R.R.E.A. The Receiver has heretofore mailed to each party-claimant a Notice to Discovered Claimant to Present Proof of Claim and a receivership Proof of Claim form; however, to present, no party-claimant has yet filed his/her/its Proof of Claim with the Receiver.

12 U.S.C. § 1821(d)(5) provides an initial 180-day period, beginning with the date a Proof of Claim is filed with the Receiver, for the Receiver to determine whether to allow or disallow the claim, which 180-day period may be extended by written agreement between the claimant and the Receiver. Pending the Receiver's determination on the party-claimants' not yet submitted Proofs of Claims and the party-claimants' exhaustion of the mandatory and exclusive receivership administrative claims process, the Congress has expressly withdrawn subject matter jurisdiction from all courts to hear and determine and to review such claims. 12 U.S.C. § 1821(d)(13)(D).

Writing for the U.S. District Court in Pennsylvania on the question of whether to enter an Order staying all proceedings as to all parties pending exhaustion by all parties-claimants of their administrative remedies under F.I.R.R.E.A., U.S. Magistrate Judge Robert C. Mitchell of the Western District answered as follows:

"District courts in this circuit that have ploughed through the muddy waters of FIRREA's stay provisions have determined that a stay is implied during the pendency of the administrative claims process. In *Cohen v. RTC,* 784 F.Supp. 197 (E.D.Pa.1992), the Court concluded that FIRREA's legislative history, the language of 18 U.S.C. § 1821(d)(6)(A) granting claimants the right to continue a previously-commenced action after conclusion of the administrative process, and the factual similarity between the matter pending in the court and the claim presented to the agency indicate that a 180 day stay is a "proper inference from the statute." *Id.* at 202. Similarly, in *Tuxedo Beach Club v. City Federal Savings Bank,* 737 F.Supp. 18, 19 (D.C.N.J.1990), the Court, acknowledging that the statute does not expressly provide for a 180-day stay, nonetheless held that Congress intended this stay to be available because the reference in § 1821(d)(6)(A) to the continuation of a pending action after the expiration of the period allowed for decision on an administrative claim contemplates a stay of the litigation.

"In *RTC v. Kolea,* 866 F.Supp. 197 (E.D.Pa.1994), the court examined cases from other circuits who have tackled the interplay between the ninety-day and 180-day stay provisions of FIRREA and concluded that, for the reasons expressed by the Court of Appeals for the First Circuit in *Marquis v. FDIC,* 965 F.2d 1148, 1155 (1st Cir.1992) ("FIRREA cannot be read to foreclose district courts from granting stays above and beyond 90-day automatic stay") and by the Court of Appeals for the Fourth Circuit in *Brady Development Company, Inc. v. RTC,* 14 F.3d 998, 1004 (4th Cir.1994) (twice referring to the § 1821(d)(5)(A)(i) 180-day stay as mandatory), that once an administrative claim is filed, FIRREA authorizes a 180-day stay. *Kolea,* 866 F.Supp. at 203.

"This court likewise concludes that FIRREA's statutory scheme establishes a statutory exhaustion requirement and that the statute authorizes a 180-day stay while the claim is adjudicated through the administrative process. First, 12 U.S.C. § 1821(d)(13)(D)(i), providing that no court shall have jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver ...." divests courts of jurisdiction over certain actions against the FDIC. *See Praxis Properties,* 947 F.2d at 63 (claimant against failed thrift must exhaust FIRREA's administrative remedies before commencing a judicial action). Section 1821(d)(6)(A) then allows a claimant to file suit on such claim in a district court, or continue an already pending action in district court, upon expiration of the 180-day review process or denial of the claim by the FDIC. Thus, **FIRREA appears to mandate a stay of proceedings on claims in which the FDIC is the defendant until the administrative claims process is exhausted.**

9

…

"Glover's final argument is that the stay, if granted, should apply only to the claims against the FDIC and that the litigation should continue as to the other parties. Such a result, however, is contrary to FIRREA's statutory scheme. *See Carney,* 19 F.3d at 955-56 ("allowing a claimant simultaneously to pursue administrative and judicial remedies would thwart Congress' purpose in enacting FIRREA"); *Brady,* 14 F.3d at 1003("Congress clearly envisioned that administrative and judicial review of claims could not take place simultaneously").

"Other courts addressing the propriety of the stay as to all parties have held that **the failure to extend the stay as to all parties would largely "defeat FIRREA's purpose of allowing the agency to evaluate claims in a 'streamlined administrative procedure**.'" *Gumowitz v. First Federal Savings and Loan Association of Roanoke,* No. 90-8083, 1991 WL 84630, at *2 (S.D.N.Y. May 17, 1991) (citation omitted); *See also International Fidelity Insurance Company v. Yorkville Federal Savings and Loan Association,* No. 90-3767, 1990 WL 165720, at *2 (S.D.N.Y. October 19, 1990) (a stay of the third-party action serves FIRREA's purpose of providing "breathing room" designed to allow RTC to concentrate on fulfilling its role as receiver).

"The court concludes that a stay of the third-party action is contemplated by FIRREA and will serve the interests of judicial economy. Judicial resources would be ill-spent if Glover could continue now in the litigation against every defendant except the FDIC.

"For the reasons stated, the FDIC's Motion To Stay Proceedings Pending Exhaustion of Claims Process (Docket No. 26) will be granted, and an appropriate Order will be entered."

*Glover v. Washington Mut. Bank, F.A.*, Civil Action No. 2:08-cv-00990-DWA-RCM, 2009 WL 798832 (W.D. Pa., March 20, 2009) (emphasis added). Opinion and Order available on PACER.

All claims asserted herein against Progress Bank constitute claims for payment from, or an action seeking a determination of rights with respect to, the assets of the former Progress Bank now under FDIC Receivership.  Pursuant to 12 U.S.C. § 1821(d)(13)(D), this

District Court is deprived of subject matter jurisdiction to initially determine any such claims. The initial determination on all such claims must be made by the Receiver in accordance with 12 U.S.C. § 1821(d)(5), (6) and (8). Consequently, all proceedings herein as to all parties should therefore be stayed pending exhaustion by all parties-claimants of the receivership administrative claims process.

IV.   **CONCLUSION:**

Based upon the foregoing and the request and motion of the Federal Deposit Insurance Corporation as Receiver for Progress Bank of Florida, this District Court should immediately stay all proceedings herein as to all parties pending exhaustion by all parties-claimants of the mandatory and exclusive receivership administrative claims process prescribed by F.I.R.R.E.A.

          Respectfully submitted,

           s/ Lisa B. Wershaw
          Jeffrey S. Saltz
          Lisa B. Wershaw
          PA Bar I.D. Nos. 29057; 41630
          Attorneys for Defendant
          Federal Deposit Insurance Corporation, as
          Receiver for Progress Bank of Florida

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 523-5317