STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION



IN RE:

Progress Bank of Florida,　　　　　　OFR Admin. File No. 0792-FI-10/10
a state-chartered bank
with its main office located in
Tampa, Hillsborough County, Florida /

## ORDER APPOINTING RECEIVER OF PROGRESS BANK OF FLORIDA

This matter came before the Office of Financial Regulation (hereinafter "Office") upon its review and consideration of information provided by Progress Bank of Florida ("Progress Bank" or "Bank"), examinations conducted by state and federal bank examiners, reports prepared by state and federal bank examiners, and other reliable and satisfactory evidence made available to the Office regarding the condition of the Bank, and the Office being otherwise fully advised in this matter, finds and declares as follows:

 1. Pursuant to Sections 655.001 and 655.012, Florida Statutes, the Office is the state agency authorized and charged with the administration and enforcement of the Financial Institutions Codes applicable to state-chartered financial institutions, including Chapters 655 and 658, Florida Statutes, pertaining to banks, and the rules promulgated thereunder as contained in Chapter 69U, Florida Administrative Code.

 2. The Bank is a Florida state-chartered bank operating under Charter Number 1204, with its principal place of business located at 5537 Sheldon Road, Tampa, Hillsborough County, Florida 33615, and is, therefore, a state financial institution, as that term is defined in Section 655.005(1)(p), Florida Statutes.

1

3. The Bank is a member bank of the Federal Reserve System pursuant to Section 9 of the Federal Reserve Act, as amended, 12 U.S.C. §§ 321-325, 327.

4. The Bank has deposits insured by the Federal Deposit Insurance Corporation ("FDIC"), pursuant to Section 658.38, Florida Statutes, and the Federal Deposit Insurance Act, as amended, 12 U.S.C. § 1811 et seq.

5. As a state financial institution and a member of the Federal Reserve System with insured deposits, the Bank is subject to the regulatory authority and jurisdiction of the Office, the Board of Governors of the Federal Reserve System, including the Federal Reserve Bank of Atlanta (collectively the "FRB"), and the FDIC.

6. The Bank converted from a federally chartered thrift to a state chartered commercial bank in 2008. Since conversion, the quality of the Bank's loan portfolio has steadily decreased. Charge-offs and increases in the provision for future loan losses have resulted in severe erosion of the Bank's capital.

7. On April 28, 2010, the Bank filed an update to its Consolidated Reports of Condition and Income ("Call Report") for the quarter and year ending December 31, 2009. The Bank reported losses of $14.4 million, reducing the total of the Bank's capital accounts to $3.7 million, or 3.1% of total assets.

8. On May 7, 2010, the Office made a demand call for additional capital to be injected into the Bank by June 7, 2010.

9. On May 13, 2010, the Bank filed an updated Call Report for the quarter ending March 31, 2010. In that Call Report, the Bank reported a further reduction of the Bank's capital accounts to $3.5 million or 2.89% of total assets.

10. On July 30, 2010, the Bank reported losses of $16.2 million and a further reduction in the total of the capital accounts to $1.7 million for the quarter ending June 30, 2010.

11. As of June 30, 2010, the total of the Bank's capital accounts represented 1.55% of the total of the Bank's assets, making the Bank imminently insolvent as that term is defined in Section 655.005(1)(k), Florida Statutes.

12. On July 27, 2010, the Bank entered into a Written Agreement with the FRB and the Office which included a requirement that the Bank develop and implement a plan to restore capital.

13. Notwithstanding efforts to raise capital, the total of the Bank's capital accounts has continued to decline and was reported by the Bank as being only 1.297% of the Bank's assets by October 15, 2010, a further indication that the Bank is imminently insolvent with no immediate prospects of replacing the capital depleted by losses.

14. Section 658.79, Florida Statutes, provides:

> Whenever the office has reason to conclude, based upon the reports furnished to it by a state bank or trust company examiner or upon other satisfactory evidence, that any state bank or trust company:
>
> (1) Is insolvent or imminently insolvent; or
>
> (2) Is transacting its business in an unsound, unsafe, or unauthorized manner such that it is threatened with imminent insolvency,
>
> the office may, in its discretion, forthwith designate and appoint a liquidator or receiver to take charge of the assets and affairs of such bank or trust company and require of him or her such bond and security as the office deems proper, not exceeding double the amount that may come into his or her hands. The office may enlist the services of any state or local law enforcement agency in taking possession and securing the assets of the bank or trust company.

3

15. Section 658.80, Florida Statutes, provides that:

(1) Upon taking possession of a state bank or trust company pursuant to s. 658.79, the office shall appoint either a receiver to conserve the assets of the institution or a liquidator to liquidate the assets of the institution and wind up its affairs.

(2) The Federal Deposit Insurance Corporation or any appropriate federal agency shall be appointed by the office as receiver or liquidator of any state bank, the deposits of which are to any extent insured by the corporation, and which shall have been closed by the office. Upon appointment, the corporation may act without bond as receiver or liquidator and shall have and possess all the powers and privileges provided by the laws of this state with respect to a receiver or liquidator, respectively, of such institution, its depositors and other creditors. If the corporation declines to accept the tendered appointment, the office may appoint and thereafter dismiss or replace such other receiver or liquidator as deemed necessary or advisable.

16. As deposits held by the Bank are insured by the FDIC, the Office is required by Section 658.80(2), Florida Statutes, to appoint the FDIC as Receiver of the Bank.

17. The public interest would be served by the appointment of a receiver of the Bank, its assets and affairs.

Upon consideration, it is therefore ORDERED:

a) The Office of Financial Regulation hereby designates and appoints the Federal Deposit Insurance Corporation as Receiver of Progress Bank of Florida and its assets and affairs.

b) The Federal Deposit Insurance Corporation is authorized to assume receivership of Progress Bank of Florida immediately upon service of this Order on the Bank.

c) Upon acceptance of the appointment as Receiver of Progress Bank of Florida, the Federal Deposit Insurance Corporation shall have all of the powers and duties provided in

Section 658.82, Florida Statutes, and such additional powers and duties as may be provided and authorized by section 11 of the Federal Deposit Insurance Act, as amended, 12 U.S.C. § 1821.

**DONE AND ORDERED** this 20th day of October, 2010, in Tallahassee, Leon County, Florida.

Seal:

J. Thomas Cardwell, Commissioner
Office of Financial Regulation



5



**FDIC**
Division of Resolutions and Receiverships
East Coast Temporary Satellite Office
7777 Baymeadows Way West
Jacksonville, Florida 32256                          (904) 256-3351

October 22, 2010

J. Thomas Cardwell
Commissioner
Office of Financial Regulation
State of Florida
200 East Gaines Street, Suite 526
Tallahassee, FL 32399

**Subject:**   **Progress Bank of Florida**
             **Tampa, Florida – In Receivership**
             **Acceptance of Appointment as Receiver**

Dear Sir:

   Please be advised that the Federal Deposit Insurance Corporation accepts its appointment as Receiver of the captioned depository institution, in accordance with the Federal Deposit Insurance Act, as amended.

Sincerely,

FEDERAL DEPOSIT INSURANCE CORPORATION


By: _____
    Name: Mark B. Gilman
    Title: Receiver-in-Charge

H.01.b LDCMFI/Accept Appointment as Receiver.doc                              04/08

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

IN RE:

Progress Bank of Florida,
a state-chartered member bank
with its main office located in Tampa,
Hillsborough County, Florida.
_____/

Civil Division: 6

Case No: 10-CA-21264

OFR Admin. File No. 0792-FI-10/10

### ORDER CONFIRMING APPOINTMENT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF PROGRESS BANK OF FLORIDA

THIS CAUSE has come before the Court on the Emergency Petition of the State of Florida, Office of Financial Regulation ("Office"), for an Order Confirming the Appointment of the Federal Deposit Insurance Corporation ("FDIC") as Receiver of Progress Bank of Florida, Tampa, Hillsborough County, Florida ("Progress Bank" or "Bank"). Having heard arguments of counsel, and being otherwise fully advised in the premises, upon due consideration this Court finds as follows:

1. This Court has jurisdiction over these parties and over the subject matter of this action pursuant to Section 658.81, Florida Statutes.

2. On October 20, 2010, the Office issued an Order Appointing Receiver of Progress Bank of Florida in which the Office authorized the FDIC to take charge and possession of all assets and affairs of the Bank on October 22, 2010.

3. On October 22, 2010 the Office served the Bank with the Order Appointing Receiver of Progress Bank of Florida, the Notice of Taking Possession of Progress Bank of Florida and Appointment of Receiver, and the Notice of Hearing for the instant proceeding.

1

4.  In accordance with Section 658.81, Florida Statutes, the Office has shown that the Bank is imminently insolvent as that term is defined in Section 655.005(1)(k), Florida Statutes.

5.  It is in the public interest that a Receiver be appointed for the Bank.

THEREFORE, it is ORDERED AND ADJUDGED:

That the Order Appointing Receiver of Progress Bank of Florida, issued by the Florida Office of Financial Regulation on October 20, 2010, pursuant to Sections 658.79, 658.80, and 658.82, Florida Statutes, that authorized the FDIC to take charge and possession of all assets and affairs of Progress Bank of Florida effective on October 22, 2010 at 5:00 p.m. EDT, or at such earlier time on that date as the Office's duly authorized on site representative specifies, is hereby CONFIRMED.

DONE AND ORDERED in Tampa, Hillsborough County, Florida this 22nd day of October, 2010.

                                                    CIRCUIT COURT JUDGE

                                                    ORIGINAL SIGNED

Copies furnished:
                                                    OCT 2 2 2010

- Progress Bank of Florida                       MARTHA J. COOK
- Office of Financial Regulation               CIRCUIT JUDGE
- Federal Deposit Insurance Corporation
- Federal Reserve Bank- Atlanta

2