3, 11/4/2010

)R HILLSBOROUGH
ATE DIVISION
ISION

:REDITORS

estate of EVELIA
ose date of death was
r 10-CP-1574, is
urt for Hillsborough
Division, the address
Tampa Florida 33602.
s of the personal
ersonal
are set forth below.
ent and other persons
s against decedent's
of this notice is
ust file their claims
HE LATER OF 3
E OF THE FIRST
OTICE OR 30 DAYS
VICE OF A COPY OF

decedent and other
demands against
ile their claims with
THS AFTER THE DATE
ON OF THIS NOTICE.
VITHIN THE TIME
SECTION 733.702 OF
CODE WILL BE

TIME PERIOD SET
IM FILED TWO (2)
THE DECEDENT'S DATE

ion of this notice is

Box 14001 #410
um, Idaho 83340

A
epresentative

Group, P.A.

3

als-RFPs

ONTRACTORS
Transportation Project

the District One Office
day, November 18, 2010,
als:
Qualification is not
nprovements, sidewalk
eway reconstruction in
mate: $50,000.00
Qualification is not
Sweeping in Manatee
e: $40,000.00
Qualification is not
Sweeping, Removal
ion from Curb and
eas in Manatee &
get Estimate:

lsement information for
on our website at
.us/contractsadministr
alling (863) 519-2559.

10/28, 11/4/10

bids for work on the UF

Housing & Residence

enovation
eting: November 4, 2010

Florida
ry
L
, 2010
ect consists of a multi-
h full scope of plastic
oofing, mechanical HVAC
n Hall on the UF campus.
Only. Prequalification
uments are available for
actor Tools" located at
n.com, username:
hall). Prequalification
ns will be due at the Pre-

ncouraged
n @ 352-494-2698
on @ 904-386-8416
10/28/10

for RFP No. 28-10, Fuel
by David Gee, Sheriff, at
nue #110, Tampa, Florida,
received until: November

vailable by visiting the
on our Web Site at
or by calling
est a bid package.

by the Sheriff to reject any
e any informality, if any,
or to accept the RFP or
serve the interests of

10/28/10

# legal announcements

Legal Notices | Legal Notices | Legal Notices



## FDIC NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);
3. Provide the New Institution with a completed change of address form; or
4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

1647 October 28, 2010


HOUSEKEEPING LEAD
See our ad in the Featured Employers section today!

**Installation Technician II**

Experienced in Broad - cast, Audio Visual or related field. Must be able to read blue prints or technical drawings, have good cabling skills to in - clude soldering, lacing, cable manufacturing and termination. Posi - tion requires frequent travel, a valid drivers license and a clean driving record. Must be able to work with a team or independently and be able to perform constructional aspects of the on-site installa - tion. CTS certification a plus. M/F/D/V Drug and Background screen required. Send resume to hrcoord@pcomsys.com and mention Instal - lation Technician on the subject line. Media General is an Equal Opportunity Employer.

THE TAMPA TRIBUNE

JOB FAIR
Richman Property Services. See our ad in Featured Jobs section

VACATION COORDINATOR
Caribbean Cruise Line is looking for clear speaking sales reps to work in our Tampa/Brandon call center. Guaranteed hourly vs. commission + daily bonus! Must be able to start right away. Paid training! 3 shifts now available
NO cold calling!
CALL 813-425-9400 EXT. 590

Health Care



**PreCertification Rep**

Resp: pre-certify/pre-authorize in-patient and Out-patient Surgeries.; Knowledge of insurance & one year Pre Cert exp.

Mail resume to:
Human Resources
Florida Orthopaedic Institute
13020 N. Telecom Parkway
Temple Terrace, FL 33637 EOE
Or apply at www.floridaortho.com/employment
No phone calls, please.



**Scheduling Rep**

Requires at least 2 years experience in a medical environment.

Mail resume to:
Human Resources
Florida Orthopaedic Institute
13020 N. Telecom Parkway
Temple Terrace, FL 33637 EOE
Or apply at www.floridaortho.com/employment
No phone calls, please.


EXHIBIT B (Page 1)

# The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

State of Florida }
County of Hillsborough } SS.

Before the undersigned authority personally appeared C. Pugh, who on oath says that she is the Advertising Billing Analyst of The Tampa Tribune, a daily newspaper published at Tampa in Hillsborough County, Florida; that the attached copy of the

Legal Ads IN THE Tampa Tribune

In the matter of Legal Notices

was published in said newspaper in the issues of

10/28/2010

Affiant further says that the said The Tampa Tribune is a newspaper published at Tampa in said Hillsborough County, Florida, and that the said newspaper has heretofore been continuously published in said Hillsborough County, Florida, each day and has been entered as second class mail matter at the post office in Tampa, in said Hillsborough County, Florida for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that she has neither paid nor promised any person, this advertisement for publication in the said newspaper.

Sworn to and subscribed by me, this 28 day of Oct, A.D. 2010

Personally Known ✓ or Produced Identification ___
Type of Identification Produced ___

Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 06/03/2013

Order # 0002967483 1015401 -- MILLER ADV AGENCY



**NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL**

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

**TO THE CREDITORS OF THE FAILED INSTITUTION**

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

**TO THE DEPOSITORS OF THE FAILED INSTITUTION**

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);
3. Provide the New Institution with a completed change of address form; or
4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

1903 November 29, 2010

# The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

lorida }
Hillsborough } SS.

e undersigned authority personally appeared C. Pugh, who on oath says that Advertising Billing Analyst of The Tampa Tribune, a daily newspaper at Tampa in Hillsborough County, Florida; that the attached copy of the

Legal Ads IN THE Tampa Tribune

itter of Legal Notices

ished in said newspaper in the issues of

11/29/2010

rther says that the said The Tampa Tribune is a newspaper published at Tampa in borough County, Florida, and that the said newspaper has heretofore been usly published in said Hillsborough County, Florida, each day and has been entered d class mail matter at the post office in Tampa, in said Hillsborough County, Florida iod of one year next preceding the first publication of the attached copy of ement; and affiant further says that she has neither paid nor promised any person, rtisement for publication in the said newspaper.

[signature]

and subscribed by me, this 29 day
OV, A.D. 2010

lly Known ✓ or Produced Identification ___
Identification Produced ___

[signature: Charlotte A. Offner]

Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 06/03/2013

Order # 0002978868 1015401 -- MILLER ADV AGENCY

EXHIBIT B (Page 3)

HILLSBOROUGH COUNTY AVIATION AUTHORITY

INVITATION TO BID

Sealed bids will be received from bidders by the Owner in the Terminal Building front office located on the third level/blue side, Tampa International Airport, for the Project listed below, until 2:00 p.m., January 26, 2011. No bid will be considered unless received on or before the time and at the place designated above. All bids received will be publicly opened and read aloud shortly thereafter in the Service Building Lobby Conference Room B, second level/red side:

Airport Name: Tampa International Airport

Authority Project Number: 5410 09

Project Title: Hillsborough County Mosquito Control - Site Remediation

A mandatory pre-bid conference will be held in the Authority boardroom, located in the Landside Terminal Building, third level/blue side on January 11, 2011 at 2:00 p.m. For more information and to register to receive automated e-mail notifications of future business opportunities, please visit our website at **www.tampaairport.com**; quick links; airport business.

2203 12/29/10, 1/5/11

IN THE SUPERIOR COURT FOR COLQUITT COUNTY, STATE OF GEORGIA IN RE: Petition of SARAH E. YOUNG, for adoption of M.R.Y. A Male, Minor Child, Born January 1, 1999 Civil Action No. 10-AD- NOTICE. TO: BRENDA F. ALLEN and ANY AND ALL PUTATIVE OR BIOLOGICAL FATHERS OF THE ABOVE-REFERENCED CHILD AND ANY OTHER PERSONS CLAIMING A PARENTAL INTEREST IN SAID CHILD. You are hereby notified that SARAH E. YOUNG, MATERNAL GRANDMOTHER of M.R.Y. has filed a Petition for Adoption and Termination of Parental Rights with respect to said child. You are hereby notified that you will lose all rights to the child and will neither receive notice nor be entitled to object to the adoption of the child unless, within 30 days of receipt of such notice, you file notice of the filing of the petition to legitimate the child with the court in which the petition for adoption of the child is pending if you are a Putative or Biological Father of the child and to Mickey E. Waller, attorney for SARAH A. YOUNG, P.O. Box 1237, Moultrie, Georgia, 31776. If you do not provide notice as set forth above or fail to prosecute the petition to legitimate to final judgment or said legitimation is concluded without an order declaring a finding that you are the father of the child, you will lose all rights to the child and the court shall enter an order terminating all your rights to the child and may not thereafter object to the adoption and are not entitled to receive further notice of the adoption. MICKEY E. WALLER, P.C. By Mickey E. Waller, State Bar No. 734561, Attorney for Sarah A. Young, P.O. Box 1237, Moultrie, GA 31776, (229) 985-3858

2073 12/8, 15, 22, 29/10

Short-Term Residential Treatment Center (SRT) of Northside MHC, Inc. will cease to operate effective January 31, 2011. Clients may obtain copies of their records by contacting J. Philo, Director of Clinical Records, NMHC, 12512 Bruce B Downs Blvd., Tampa, FL.

#1974 12/8, 15, 22, 29/10

**Notice of Foreclosures**

2218/PALM HARBOR 12/29/10 & 1/5/11

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

BANK OF AMERICA, N.A., a national banking association, Plaintiff.

vs. CASE NO.: 10-006324-CI-O-15

PALM HARBOR BUSINESS CENTER, INC., JOHN TAUBER, LINDA TAUBER, et al., Defendants.

NOTICE OF JUDICIAL SALE PURSUANT TO §45.031, FLA. STAT.

TO ALL DEFENDANTS AND ALL OTHERS WHOM IT MAY CONCERN:

Notice is hereby given that pursuant to the Uniform Final Judgment of Foreclosure entered on November 29, 2010, in Case No.: 10-006324-CI-O-15 of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, in which BANK OF AMERICA, N.A., is the Plaintiff, and PALM HARBOR BUSINESS CENTER, INC., JOHN R. TAUBER, LINDA M. TAUBER, BANK OF AMERICA, N.A., a national banking association, and UNKNOWN TENANT IN POSSESSION N/K/A STEPHEN WHELAN are the Defendants, I, Ken Burke, the Pinellas County Clerk of the Circuit Court, will sell at public sale the following described property as set forth in said Uniform Final Judgment of Foreclosure, to wit:




## NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

**TO THE CREDITORS OF THE FAILED INSTITUTION**

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

**TO THE DEPOSITORS OF THE FAILED INSTITUTION**

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arrangec for the transfer of all deposits ("Deposits") - including the uninsured amounts - a the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize an inconvenience from the closing of the Failed Institution. **You may leave your Deposit in the New Institution, but you must take action to claim ownership of you Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim" your Deposits at the New Institution by taking any of the following actions within 1 months from the Closing Date. If you have more than one account, your action i claiming your Deposit in one account will automatically claim your Deposits in all c your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing check on any account, having an automated direct deposit credited to or a automated withdrawal debited from any account or closing the account;
2. Execute a new signature card on your account(s), enter into a new depos agreement with the New Institution, change the ownership on your account(s or renegotiate the terms of your certificate of deposit account(s) (if any);
3. Provide the New Institution with a completed change of address form; or
4. Write to the New Institution and notify it that you wish to keep your account( active with the New Institution. Please be sure to include the name of the account(s the account number(s), the signature of an authorized signer on the account( and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's check dividend checks, interest checks, expense checks, and money orders are all considere to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 montl from the Closing Date, federal law requires the New Institution to return your Depos to the FDIC, which may be required to deliver them as unclaimed property to the Sta indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822( If your address is outside of the United States, the FDIC may be required to deliv the Deposits to the State in which the Failed Institution had its main office. If the Sta accepts custody of your Deposits, you will have 10 years from the date of delive to claim your Deposits from the State. After 10 years, you will be permanently barr from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, y may claim your Deposits from the FDIC until the receivership of the Failed Instituti is terminated. A receivership may be terminated at any time. Once the receivers terminates, you will not be able to claim your Deposits.

2201 12/29

# The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

State of Florida }
County of Hillsborough } SS.

Before the undersigned authority personally appeared C. Pugh, who on oath says that she is the Advertising Billing Analyst of The Tampa Tribune, a daily newspaper published at Tampa in Hillsborough County, Florida; that the attached copy of the

Legal Ads IN THE Tampa Tribune

In the matter of Legal Notices

was published in said newspaper in the issues of

12/29/2010

Affiant further says that the said The Tampa Tribune is a newspaper published at Tampa in said Hillsborough County, Florida, and that the said newspaper has heretofore been continuously published in said Hillsborough County, Florida, each day and has been entered as second class mail matter at the post office in Tampa, in said Hillsborough County, Florida for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that she has neither paid nor promised any person, this advertisement for publication in the said newspaper.

Sworn to and subscribed by me, this 29 day of Dec, A.D. 2010

Personally Known ✓ or Produced Identification ___
Type of Identification Produced ___________

Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 08/03/2013

Order # 0002992522

1015401 – MILLER ADV AGENCY