IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS JOYCE<br><br>                    Plaintiff<br><br>    v.<br><br>RICHARD DEVASTEY, et al.<br><br>                    Defendants | CIVIL ACTION<br><br>No. 12-0834 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR PROGRESS BANK OF FLORIDA**

Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for Progress Bank of Florida ("FDIC-R"), by counsel, moves the Court to dismiss all claims against it, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), codified as amended in the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d).

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On or about June 6, 2011, Plaintiff Francis Joyce filed a Complaint in the Court of Common Pleas of Philadelphia County ("Philadelphia County action") against the following Defendants: Richard Devastey ("Devastey"); City of Philadelphia; Progress Bank of Florida ("Progress Bank"); Jeffrey Crooks; Mary Crooks; Thomas Gleason; and Mary Gleason. The Complaint seeks damages against Defendants relating to an alleged personal injury that occurred on July 16, 2009. On or about December 21, 2011, Devastey joined Mango & August, Inc. ("Mango & August"), as an Additional Defendant. Defendants Devastey, City of Philadelphia, and Mango & August have asserted cross claims against Progress Bank.

On October 20, 2010, prior to the Philadelphia County action, the State of Florida Office of Financial Regulation ("Office of Regulation") declared Progress Bank insolvent, took possession of Progress Bank, and appointed the FDIC as its Receiver. The Order Appointing Receiver of Progress Bank is attached hereto as Exhibit A. Pursuant to 12 U.S.C. § 1821(d)(3)(B)(i), FDIC-R published notice of the Receivership Appointment to all creditors and depositors of Progress Bank in *The Tampa Tribune*, a newspaper of general circulation in Hillsborough County, Florida, on October 28, 2010. The notice was republished in that newspaper on November 10, 2010, and December 29, 2010. These notices advised all Progress Bank creditors to submit all claims to the Receiver by the Claims Bar Date of January 26, 2011. The Notices also state in bold print that, with certain limited statutory exceptions, a late-filed claim will be disallowed and the disallowance will be final. The Notice and Affidavits of Publication are attached hereto as Exhibit B.

On February 9, 2012, the FDIC-R was substituted for Progress Bank as a party-defendant in this action, through the filing in the Court of Common Pleas, pursuant to Rule 2352 of the Pennsylvania Rules of Civil Procedure, of a Notice of Substitution of Federal Deposit Insurance Corporation as Receiver for Progress Bank of Florida as Defendant, as Successor to Defendant Progress Bank of Florida. The Notice of Substitution is attached hereto as Exhibit C.

On February 16, 2012, FDIC-R removed the Philadelphia County action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441. The Notice of Removal (without exhibits) is attached hereto as Exhibit D. On February 27, 2012, FDIC-R requested and moved for an immediate stay of proceedings pending exhaustion of administrative remedies. On March 26, 2012, the Honorable Lawrence F. Stengel granted the motion stating "All proceedings herein as to all parties are STAYED pending exhaustion by all parties-claimants of their administrative remedies

under the Act." The Order is attached hereto as Exhibit E.

Any claims and cross claims asserted in the Philadelphia County action against Progress Bank, a failed insured State depository financial institution, constitute purported liabilities of the FDIC in its capacity as Receiver of the Progress Bank of Florida and, as discussed below, are subject to a mandatory administrative review process. Upon learning about each of the claims and cross claims against Progress Bank in the Philadelphia County action, FDIC-R mailed to each claimant a Notice to Discovered Claimant to Present Proof of Claim and Proof of Claim Form as follows: Notice sent to Plaintiff on June 13, 2011; Notice sent to Defendant City of Philadelphia on October 11, 2011; Notice sent to Defendant Devastey on January 11, 2012; and Notice sent to Additional Defendant Mango & August on February 7, 2012. The Notices to Discovered Claimants are attached hereto collectively as Exhibit F. Each Notice stated that any claims against Progress Bank must be filed with FDIC-R by the Claims Bar Date of January 26, 2011. However, the Notice also stated that:

> Although the Claims Bar Date has passed, under federal law the Receiver may consider claims filed after the Claims Bar Date if: 1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, AND 2) the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C). Nothing in this letter is intended to imply that the Receiver has extended the Claims Bar Date.
>
> However, for the Receiver to consider your claim, <u>you must prove to the Receiver's satisfaction that you did not have knowledge of the appointment of the Receiver in time to file a claim before the Claims Bar Date.</u> Therefore, you must do ALL of the following:
>
> • Complete the enclosed Proof of Claim Form
> • Sign the Proof of Claim Form
> • Provide supporting documentation both regarding your claim and your lack of knowledge of the

3

>> appointment of the Receiver (for example, evidence that someone was on active military duty stationed overseas at the time of the appointment of the Receiver)

Ex. F (emphasis added).  Each notice further directed each party to submit a properly completed Proof of Claim Form and supporting documentation to the Receiver on or before the following dates: Plaintiff was required to submit a Proof of Claim form by September 12, 2011, the City of Philadelphia was required to submit a Proof of Claim form by January 9, 2012, Devastey was required to submit a Proof of Claim form by April 10, 2012, and Mango & August was required to submit a Proof of Claim form by May 7, 2012.

Plaintiff did not file a Proof of Claim and supporting documentation by his submission deadline or at any subsequent time.  Devastey filed a Proof of Claim on March 21, 2012, which is attached hereto as Exhibit G.  The City of Philadelphia missed its January 9, 2012 submission deadline and submitted an untimely Proof of Claim on May 7, 2012.  The City of Philadelphia's Proof of Claim is attached hereto as Exhibit H.  Mango & August submitted its Proof of Claim Form to the Receiver on April 4, 2012, in advance of its May 7, 2012, submission deadline. The Mango & August Proof of Claim is attached hereto as Exhibit I.  However, the Proofs of Claims submitted by Devastey, the City of Philadelphia and Mango & August attach only the Complaint and other pleadings originally filed in this matter.  Each Proof of Claim is simply devoid of any documentation that the claimants did not have knowledge of the appointment of the Receiver in time to file a claim before the January 26, 2011 Claims Bar Date, as required for consideration of the claim by the Receiver.  On August 6, 2012, and August 15, 2012, the City of Philadelphia, Devastey and Mango & August, respectively, received notice from the FDIC-R rejecting their request to file

an administrative claim after the bar date because each claimant failed to establish that they did not have notice of the appointment of the receiver in time to file a claim by the bar date. As noted above, the only documentation submitted by each claimant was the Complaint and other original pleadings in this action. The Notices of claim rejection are attached hereto collectively as Exhibit J.

FDIC-R has afforded each party the opportunity to show good reason to participate in the administrative claims process, and Plaintiff chose not to participate and the three claimants, Devastey, the City of Philadelphia, and Mango & August, have not satisfied the jurisdictional exception barring late-filed claims.[1] Therefore, FDIC-R now moves the Court to dismiss the claims against FDIC-R for lack of jurisdiction.

## II.     ARGUMENT

### A.     The Administrative Claim Process Is Mandatory.

In the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as a Receiver for a failed financial institution and special powers to carry out that function. The FDIC, as Receiver, must conserve and preserve the failed institution's assets, liquidate those assets when appropriate, and use the proceeds of liquidation to make distributions among the institution's valid creditors. *See* 12 U.S.C. § 1821(d)(2)(A)(ii), (B) & (E).

---

[1]Mango & August and Devastey have written letters to the FDIC-R requesting reconsideration of their respective requests to file a claim after the Bar date. The Reconsideration letters of Mango & August and Devastey are attached hereto as Exhibits K and L, respectively. However, such requests are of no import because there is no procedure for reconsideration of the FDIC-R's determination on claim allowance. Such determination is final pursuant to 12 U.S.C. § 1821(d)(5)(C)(i).

As an important part of the comprehensive scheme for winding up failed financial institutions, Congress created a statutory procedure for the orderly and efficient processing of claims. That administrative claims process, set forth in 12 U.S.C. § 1821(d)(3) through (13), centralizes the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the Receiver by the Claims Bar Date, a date certain established by the Receiver.  As stated above, the Receiver then has up to 180 days to review all claims, and grant or deny those claims (in whole or in part), without the delay and expense of litigation.  *See* 12 U.S.C. § 1821(d)(5)(A)(i).  Congress has given the Receiver discretion to determine the timing and amount of such distributions.  12 U.S.C. § 1821(d)(10)(A) & (B).

The administrative claims process is mandatory.  Thus, in Section 1821(d)(13)(D), Congress withdrew jurisdiction from all courts to hear claims against the FDIC as Receiver, except as granted elsewhere:

> **(D)    Limitation on judicial review**
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over —
>
> (i)    any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii)    any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).  Review by the courts is "otherwise provided" by subsection 1821(d) only for those claimants who have completed the administrative claims process.  *See* 12 U.S.C. § 1821(d)(6)(A)(ii), (7)(A), & (8)(C).

Under FIRREA, management of the claims process is committed to the exclusive power and discretion of the Receiver, and the Receiver's management of the claims process is a core function of the Receiver. *See, e.g.*, 12 U.S.C. § 1821(d)(3)(A) ("The Corporation may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph 4."); *id*. § 1821(d)(4) (conferring FDIC with authority to promulgate regulations and rules concerning claims process and determination of claims); *id*. § 1821(d)(5)(D) ("The receiver may disallow any portion of any claim by a creditor . . . which is not provided to the satisfaction of the receiver."). Further, the Receiver may "exercise . . . such incidental powers as shall be necessary to carry out such powers," and "take any action authorized by this chapter, which [FDIC] determines is in the best interests of the depository institution, its depositors, or the [FDIC]." *Id.* § 1821(d)(2)(J)(i), (ii).

The Third Circuit, like most other Courts of Appeals, has determined that claimants must submit their claims against the FDIC, as Receiver, to the administrative claims process established by FIRREA before seeking judicial review. *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392-93 (3d Cir. 1991);[2] *FDIC v. Shain, Schaffer & Fafanello*, 944 F.2d 129, 132 (3d Cir 1991) (courts have no jurisdiction over claims besides that specified in FIRREA). This exhaustion requirement applies to claims arising both before and after the appointment of a receiver. *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392-93 (3d Cir. 1991); *Resolution Trust Corp. v. W. W. Dev. Mgmt., Inc.*, 73 F.3d 1298, 1303-04 (3d Cir. 1996); *Althouse v. Resolution Trust Corp.*, 969 F.2d 1544, 1545-46 (3d Cir. 1992) (holding that failure to file timely claim precludes jurisdiction and

---

[2]Cases involving the Resolution Trust Corporation, as receiver, are applicable here because the RTC, like the FDIC, was subject to the same provisions of FIRREA regarding exhaustion of administrative remedies.

review by district court).

>  B.  **Timely Participation in the Administrative Process is Required, Unless in Limited Circumstances and in the Sole Discretion of the Receiver, a Claimant is Excepted from the Filing Deadline.**

12 U.S.C. § 1821(d)(3)(B)(i) requires that the Receiver in a case involving the liquidation or winding up of the affairs of a closed depository institution "shall — (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall not less than 90 days after the publication of such notice." This date is commonly called the "Claims Bar Date." Claims filed after the claims bar date "*shall* be disallowed and such disallowance *shall* be final," 12 U.S.C. § 1821(d)(5)(C)(i) (emphasis added), with one exception. A claim filed after the Claims Bar Date "may be considered by the receiver if — (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and (II) such claim is filed in time to permit payment of such claim." 12 U.S.C. § 1821(d)(5)(C)(ii) (emphasis added).

Because FIRREA utilizes the word "may" when describing the sole potential exception to the bar against consideration of late-filed claims, the Receiver has the discretion to allow or disallow such claims. "As a general matter, the word [m]ay confers discretion, while the word 'shall' imposes a non-discretionary duty." *Volynsky v. Clinton*, 778 F. Supp. 2d 545, 554 (E.D. Pa. 2011). *See Bodor v. Horsham Clinic, Inc.*, No. 94-7210, 1995 WL 424906, at *7 (E.D. Pa. July 19, 1995).

As noted above, the Receiver reviewed the claimants' late-filed claims, which were devoid of any reasons for failing to file a claim prior to the Claims Bar Date and in the exercise of

discretion conferred by FIRREA, disallowed the claims as untimely filed. This disallowance means that the parties to this action have not and cannot complete the administrative claims process, and this Court lacks subject matter jurisdiction over the claims against FDIC-R raised in that action.

### C. All Claims Should Be Dismissed Because the Court Lacks Subject Matter Jurisdiction.

As stated above, the Receiver has exercised its discretion to refuse to consider the claimants' late filings and as such, the statute is absolutely clear that claims filed after the Claim Bar Date "shall be disallowed and such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i). It is well established in the Third Circuit that a claimant who receives notice but fails to file a timely claim with the Receiver is precluded from filing suit, and the Complaint should be dismissed accordingly. *Althouse v. Resolution Trust Corp.*, 969 F.2d 1544, 1545-46 (3d Cir. 1992) (Complaint dismissed for failure to timely file an administrative claim). Congress expressly withdrew jurisdiction from all courts over any claims on a failed institutions' assets which is made outside of the claims process established in section 1821 of FIRREA, and thus the Court has no jurisdiction over the claims. *FDIC v. Shain, Schaffer & Fafanello*, 944 F.2d 129, 132 (3d Cir. 1991). *See, e.g., Wujick v. Dale & Dale, Inc.*, 43 F.3d 790 (3d Cir. 1994) (failure to exhaust administrative remedies under FIRREA deprives federal district court of subject matter jurisdiction).

### III. CONCLUSION

For all the forgoing reasons, FDIC-R respectfully requests that the Court order that all claims asserted against FDIC-R in this matter be dismissed with prejudice for lack of subject

matter jurisdiction, and that the remaining claims among the parties other than FDIC-R be remanded to the Court of Common Pleas of Philadelphia County.

                                  Respectfully submitted,

                                    s/ Lisa B. Wershaw
                                  Jeffrey S. Saltz
                                  Lisa B. Wershaw
                                  Attorneys for Defendant
                                  Federal Deposit Insurance Corporation, as
                                  Receiver for Progress Bank of Florida

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 523-5317