# NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

## TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver on or before January 26, 2011 (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

## TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;

2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);

3. Provide the New Institution with a completed change of address form; or

4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

1647    October 28, 2010

[Surrounding newspaper columns contain unrelated legal announcements and classified job advertisements including: estate of Evelia notice (Hillsborough County, Case 10-CP-1574); Contractors Transportation Project notices; RFPs for University of Florida Housing & Residence renovation; Sheriff RFP No. 28-10 for fuel; and classified ads for Installation Technician II (Media General/Tampa Tribune), Job Fair (Richman Property Services), Vacation Coordinator (Caribbean Cruise Line), PreCertification Rep and Scheduling Rep (Florida Orthopaedic Institute, 13620 N. Telecom Parkway, Temple Terrace, FL 33637).]




EXHIBIT B (Page 1)



## AND DEPOSITORS OF PROGRESS BANK OF FLORIDA
## TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver on or before **January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;

2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);

3. Provide the New Institution with a completed change of address form; or

4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

1647                                                                    October 28, 2010

# The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

State of Florida }
County of Hillsborough } SS.

Before the undersigned authority personally appeared C. Pugh, who on oath says that she is the Advertising Billing Analyst of The Tampa Tribune, a daily newspaper published at Tampa in Hillsborough County, Florida; that the attached copy of the

                Legal Ads        IN THE    Tampa Tribune

In the matter of                Legal Notices

was published in said newspaper in the issues of

                          10/28/2010

Affiant further says that the said The Tampa Tribune is a newspaper published at Tampa in said Hillsborough County, Florida, and that the said newspaper has heretofore been continuously published in said Hillsborough County, Florida, each day and has been entered as second class mail matter at the post office in Tampa, in said Hillsborough County, Florida for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that she has neither paid nor promised any person, this advertisement for publication in the said newspaper.

*[signature]*

Sworn to and subscribed by me, this 28 day
of ___Oct___, A.D. 2010

Personally Known ✓ or Produced Identification ___
Type of Identification Produced ___

*[signature: Charlotte A. Offner]*

> Notary Public State of Florida
> Charlotte A Offner
> My Commission DD895783
> Expires 06/03/2013

Order # 0002967483        1015401 -- MILLER ADV AGENCY

EXHIBIT B (Page 3)



### NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

**TO THE CREDITORS OF THE FAILED INSTITUTION**

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver on or before **January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

**TO THE DEPOSITORS OF THE FAILED INSTITUTION**

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;

2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);

3. Provide the New Institution with a completed change of address form; or

4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

1903                                                                 November 29, 2010

---

**The Tampa Tribune**
Published Daily
Tampa, Hillsborough County, Florida

Florida    }
Hillsborough } SS.

[Th]e undersigned authority personally appeared C. Pugh, who on oath says that [     ] Advertising Billing Analyst of The Tampa Tribune, a daily newspaper [published] at Tampa in Hillsborough County, Florida; that the attached copy of the

Legal Ads        IN THE    Tampa Tribune

[ma]tter of         Legal Notices

[publ]ished in said newspaper in the issues of

11/29/2010

[fu]rther says that the said The Tampa Tribune is a newspaper published at Tampa in [Hills]borough County, Florida, and that the said newspaper has heretofore been [continu]ously published in said Hillsborough County, Florida, each day and has been entered [as second] class mail matter at the post office in Tampa, in said Hillsborough County, Florida [for a per]iod of one year next preceding the first publication of the attached copy of [advertise]ment; and affiant further says that she has neither paid nor promised any person, [       ] [adve]rtisement for publication in the said newspaper.

_____

[Sworn to] and subscribed by me, this 29 day
[of No]V_____, A.D. 2010

[Persona]lly Known ✓ or Produced Identification ___
Identification Produced _____

_____



Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 06/03/2013

---

Order # 0002978868                    1015401 -- MILLER ADV AGENCY

## HILLSBOROUGH COUNTY AVIATION AUTHORITY
### INVITATION TO BID

Sealed bids will be received from bidders by the Owner in the Terminal Building front office located on the third level/blue side, Tampa International Airport, for the Project listed below, until 2:00 p.m., January 26, 2011. No bid will be considered unless received on or before the time and at the place designated above. All bids received will be publicly opened and read aloud shortly thereafter in the Service Building Lobby Conference Room B, second level/red side:

| | |
|---|---|
| Airport Name: | Tampa International Airport |
| Authority Project Number: | 5410 09 |
| Project Title: | Hillsborough County Mosquito Control - Site Remediation |

A mandatory pre-bid conference will be held in the Authority boardroom, located in the Landside Terminal Building, third level/blue side on January 11, 2011 at 2:00 p.m. For more information and to register to receive automated e-mail notifications of future business opportunities, please visit our website at www.tampaairport.com; quick links; airport business.
2203             12/29/10, 1/5/11

IN THE SUPERIOR COURT FOR COLQUITT COUNTY, STATE OF GEORGIA IN RE: Petition of SARAH E. YOUNG, for adoption of M.R.Y. A Male, Minor Child, Born January 1, 1999 Civil Action No. 10-AD- NOTICE. TO: BRENDA F. ALLEN and ANY AND ALL PUTATIVE OR BIOLOGICAL FATHERS OF THE ABOVE-REFERENCED CHILD AND ANY OTHER PERSONS CLAIMING A PARENTAL INTEREST IN SAID CHILD. You are hereby notified that SARAH E. YOUNG, MATERNAL GRANDMOTHER of M.R.Y. has filed a Petition for Adoption and Termination of Parental Rights with respect to said child. You are hereby notified that you will lose all rights to the child and will neither receive notice nor be entitled to object to the adoption of the child unless, within 30 days of receipt of such notice, you file notice of the filing of the petition to legitimate the child with the court in which the petition for adoption of the child is pending if you are a Putative or Biological Father of the child and to Mickey E. Waller, attorney for SARAH A. YOUNG, P.O. Box 1237, Moultrie, Georgia, 31776. If you do not provide notice as set forth above or fail to prosecute the petition to legitimate to final judgment or said legitimation is concluded without an order declaring a finding that you are the father of the child, you will lose all rights to the child and the court shall enter an order terminating all your rights to the child and may not thereafter object to the adoption and are not entitled to receive further notice of the adoption. MICKEY E. WALLER, P.C. By Mickey E. Waller, State Bar No. 734561, Attorney for Sarah A. Young, P.O. Box 1237, Moultrie, GA 31776. (229) 985-3858
2073             12/8, 15, 22, 29/10

Short-Term Residential Treatment Center (SRT) of Northside MHC, Inc. will cease to operate effective January 31, 2011. Clients may obtain copies of their records by contacting J. Philo, Director of Clinical Records, NMHC, 12512 Bruce B Downs Blvd., Tampa, FL.
#1974             12/8, 15, 22, 29/10

### Notice of Foreclosures

2218/PALM HARBOR             12/29/10 & 1/5/11

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

BANK OF AMERICA, N.A., a national banking association,
Plaintiff,

vs.             CASE NO.: 10-006324-CI-O-15

PALM HARBOR BUSINESS CENTER, INC., JOHN TAUBER, LINDA TAUBER, et al.,
Defendants.

NOTICE OF JUDICIAL SALE PURSUANT TO §45.031, FLA. STAT.

TO ALL DEFENDANTS AND ALL OTHERS WHOM IT MAY CONCERN:

Notice is hereby given that pursuant to the Uniform Final Judgment of Foreclosure entered on November 29, 2010, in Case No.: 10-006324-CI-O-15 of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, in which BANK OF AMERICA, N.A., is the Plaintiff, and PALM HARBOR BUSINESS CENTER, INC., JOHN R. TAUBER, LINDA M. TAUBER, BANK OF AMERICA, N.A., a national banking association, and UNKNOWN TENANT IN POSSESSION N/K/A STEPHEN WHELAN are the Defendants, I, Ken Burke, the Pinellas County Clerk of the Circuit Court, will sell at public sale the following described property as set forth in said Uniform Final Judgment of Foreclosure, to wit:

---



## NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before January 26, 2011** (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of **PROGRESS BANK OF FLORIDA**
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **BAY CITIES BANK TAMPA, FL 33607** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;

2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s) or renegotiate the terms of your certificate of deposit account(s) (if any);

3. Provide the New Institution with a completed change of address form; or

4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s) the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e) If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

2201             12/29



## NOTICE TO CREDITORS AND DEPOSITORS OF PROGRESS BANK OF FLORIDA TAMPA, FL

On October 22, 2010, Progress Bank of Florida (the "Failed Institution") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation was appointed as receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the former Institution.

### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver on or before January 26, 2011 (the "Claims Bar Date"). Claims may be submitted via the internet on the FDIC web site, by fax or by mail to the following address:

FDIC as Receiver of PROGRESS BANK OF FLORIDA
7777 Baymeadows Way West, Jacksonville, FL 32256
Attention: Claims Agent

You can obtain an official Proof of Claim form and instructions at www.fdic.gov or by calling (904) 256-3925.

**Under federal law, failure to file a claim on or before the Claims Bar Date will result in disallowance of the claim by the Receiver. The disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C).**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, BAY CITIES BANK TAMPA, FL 33607 (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of ("claim") your Deposits at the New Institution by taking any of the following actions within 18 months from the Closing Date. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;

2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);

3. Provide the New Institution with a completed change of address form; or

4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

Please be advised that Official Items issued by the Failed Institution, e.g., cashier's checks, dividend checks, interest checks, expense checks, and money orders are all considered to be Deposits and must be claimed within 18 months from the Closing Date.

If you do not claim ownership of your Deposits at the New Institution within 18 months from the Closing Date, federal law requires the New Institution to return your Deposits to the FDIC, which may be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. 12 U.S.C. Section 1822(e). If your address is outside of the United States, the FDIC may be required to deliver the Deposits to the State in which the Failed Institution had its main office. If the State accepts custody of your Deposits, you will have 10 years from the date of delivery to claim your Deposits from the State. After 10 years, you will be permanently barred from claiming your Deposits.

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

201                                                                  12/29/10

---

## The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

Florida           }
of Hillsborough   } SS.

The undersigned authority personally appeared C. Pugh, who on oath says that he Advertising Billing Analyst of The Tampa Tribune, a daily newspaper ed at Tampa in Hillsborough County, Florida; that the attached copy of the

        Legal Ads          IN THE     Tampa Tribune

matter of                     Legal Notices

published in said newspaper in the issues of

12/29/2010

further says that the said The Tampa Tribune is a newspaper published at Tampa in Hillsborough County, Florida, and that the said newspaper has heretofore been ously published in said Hillsborough County, Florida, each day and has been entered nd class mail matter at the post office in Tampa, in said Hillsborough County, Florida riod of one year next preceding the first publication of the attached copy of ement; and affiant further says that she has neither paid nor promised any person, ertisement for publication in the said newspaper.

_____

To and subscribed by me, this 29 day
Dec, A.D. 2010

ally Known ✓ or Produced Identification ___
f Identification Produced _____

_____

Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 06/03/2013

1015401 -- MILLER ADV AGENCY

EXHIBIT B (Page 6)

# The Tampa Tribune

Published Daily

Tampa, Hillsborough County, Florida

State of Florida }
County of Hillsborough } SS.

Before the undersigned authority personally appeared C. Pugh, who on oath says that she is the Advertising Billing Analyst of The Tampa Tribune, a daily newspaper published at Tampa in Hillsborough County, Florida; that the attached copy of the

        Legal Ads      IN THE    Tampa Tribune

In the matter of        Legal Notices

was published in said newspaper in the issues of

12/29/2010

Affiant further says that the said The Tampa Tribune is a newspaper published at Tampa in said Hillsborough County, Florida, and that the said newspaper has heretofore been continuously published in said Hillsborough County, Florida, each day and has been entered as second class mail matter at the post office in Tampa, in said Hillsborough County, Florida for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that she has neither paid nor promised any person, this advertisement for publication in the said newspaper.

Sworn to and subscribed by me, this 29 day of Dec, A.D. 2010

Personally Known ✓ or Produced Identification ___
Type of Identification Produced _____

Notary Public State of Florida
Charlotte A Offner
My Commission DD895783
Expires 06/03/2013

Order # 0002992522        1015401 -- MILLER ADV AGENCY