LAW OFFICES OF
# JAMES L. BARLOW

NOT A PARTNERSHIP

900 E. 8th Avenue, Suite 301
King of Prussia, PA  19406
(610) 382-8100
Fax (610) 382-8101

Employees of Farmers Insurance Exchange,
A Member of the Farmers Insurance Group of Companies

JAMES L. BARLOW*
BRIAN D. BOYLE**
JOHN M. GUTHRIE*
JASON P. MCNICHOLL
ALICIA M. NELSON**
JOHN P. SILLI
SUSAN J. WIENER**

*ALSO ADMITTED IN NJ & NY
** ALSO ADMITTED IN NJ

March 21, 2012

**Via Certified Mail, Return Receipt Requested**
Federal Deposit Insurance Corporation
7777 Baymeadows Way West
Jacksonville, FL 32256

Re:    Joyce v. Devasety, et al.
       Case No.:     E.D. Pa. No. 12-CV-834
       Our File No.:  11-165604

Dear Sir or Madam:

Enclosed is the Proof of Claim Form with supporting documentation filed in connection with the above-referenced pending lawsuit on behalf of Defendant, Richard Devastey.

The value of the claim cannot be ascertained as this time as it is dependent on a jury verdict, and the alleged injured party, Frances Joyce, has not submitted all supporting documentation.

Sincerely,

Susan J. Wiener, Esquire
Direct Line: (610) 382-8115

SJW/kls
Encl.
cc:     Michael Dempsey, Esquire
        Jeffrey S. Saltz, Esquire
        Roslyn and Richard Devastey
        Lee D. Rosenfeld, Esquire
        Capri R. Bonczek, Pennsylvania BCO - PA (Claim #:  1019940877-1-2)

2012 APR 3 AM 9 39



**Claimant ID: NS1030300354, Barcode Value: FD00093926, Fund: 10303**

2012 APR 3 AM 39

**Federal Deposit Insurance Corporation**
**as Receiver for**
**Progress Bank of Florida, Tampa, FL**

## PROOF OF CLAIM

1. SSN/Tax ID No.    *Richard Devastey / Frances Joyce (###-##-L394) 39*

2. The undersigned    *Susan Wiener, Esq.*
   *(Name of person completing the Proof of Claim)*

   hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to    *Richard Devastey / Frances Joyce*    (the "Claimant") in the sum of
   *(Name of Claimant)*

4. $   *Unable to be determined - jury verdict*

5. Description of Claim

   *See attached Complaint of Frances Joyce for alleged personal injuries on all/part of the Bank's property. See attached cross-claim of Richard Devastey.*

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

6. NAME    *(Susan Wiener, Esq.)*    7. DATE  *3/21/12*
   *(Name, Title, and Signature of person completing the Proof of Claim )*

8. FIRM    *Law Offices of James L. Barlow*
   *(if applicable)*

9. ADDRESS    *900 E. 8th Ave, Ste 301,*
   *( City, State, and ZIP Code)*    *King of Prussia, PA 19406*

10. TELEPHONE NUMBER(S)    *610-382-8115*

The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

**IMPORTANT NOTE:** The bar code at the top of this Proof of Claim is unique to this claim and may not be re-used for other claims which you may have or by other potential claimants. If you have other unrelated claims, you must file a separate Proof of Claim with its own unique bar code. Additional Proof of Claim forms may be found on the FDIC web site or obtained by mail at the respective addresses indicated in the Instructions. Re-use of this Proof of Claim may result in processing delays or the rejection of your claim.

**PRIVACY ACT STATEMENT**

The Federal Deposit Insurance Act (12 U.S.C. §§1819 and 1821) and Executive Order 9397 authorize the collection of this information. The FDIC will use the information to assist in the determination and/or payment of claims against the receivership estate of the failed financial institution. Submitting this information to the FDIC is voluntary. Failure, however, to submit all of the information requested and to complete the form entirely could delay or preclude the administration of claims against the receivership estate of the failed financial institution. The information provided by individuals is protected by the Privacy Act, 5 USC §552a. The information may be furnished to third parties as authorized by law or used according to any of the other routine uses described in the FDIC Insured Financial Institution Liquidation Records (FDIC-30-64-0013) System of Records. A complete copy of this System of Records is available at www.fdic.gov/regulations/laws/rules/2000-4050.html. If you have questions or concerns about the collection or use of the information, you may contact the FDIC's Chief Privacy Officer at Privacy@fdic.gov.

EXHIBIT G (Page 2)

**MESSA & ASSOCIATES, P.C.**
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. No.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pa. 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a major case.

**Jury Trial Demanded**



**Attorneys for Plaintiff**

| | |
|---|---|
| FRANCES JOYCE | : |
|            Plaintiff | : |
| | : |
| v. | : |
| | : |
| RICHARD DEVASTEY | : |
| 5601 Chester Avenue | : |
| Philadelphia, PA19143 | : |
|    and | : |
| CITY OF PHILADELPHIA | : |
| C/O LAW DEPARTMENT | : |
| 14TH Floor | : |
| 1515 Arch Street | : |
| Philadelphia, Pennsylvania 19102 | : |
|    and | : |
| PROGRESS BANK OF FLORIDA | : |
| c/o FDIC AS Receiver for Progress | : |
| Bank of Florida | : |
| 7777 Baymeadows Way West | : |
| Jacksonville, FL 32256 | : |
|    and | : |
| JEFFREY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|    and | : |
| MARY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|    and | : |
| THOMAS GLEASON, JR. | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|    and | : |
| MARY GLEASON | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|            Defendants | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

June Term, 2011

No:

Case ID: 110600031

"NOTICE"

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-6333
TTY (215) 451-6197

"AVISO"

"Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Philadelphia, PA  19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 110600031

EXHIBIT G (Page 4)

**MESSA & ASSOCIATES, P.C.**
By: Joseph L. Messa, Jr., Esquire
     Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

**This is a Major Case.**

**Jury Trial Demanded.**

**Attorneys for Plaintiff**

---

| | | |
|---|---|---|
| FRANCIS JOYCE | : | PHILADELPHIA COUNTY |
| 6650 Dicks Avenue | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19142 | : | |
|           Plaintiff | : | June Term, 2011 |
|     v. | : | No. |
| RICHARD DEVASTEY | : | |
| 5601 Chester Avenue | : | |
| Philadelphia, PA 19143 | : | |
|     and | : | |
| PROGRESS BANK OF FLORIDA | : | |
| C/O FDIC as RECEIVER for PROGRESS | : | |
| BANK OF FLORIDA | : | |
| 7777 Baymeadows Way West | : | |
| Jacksonville, FL 32256 | : | |
|     and | : | |
| CITY OF PHILADELPHIA | : | |
| Law Department - 14th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
|     and | : | |
| JEFFREY CROOKS | : | |
| 6708 Dicks Avenue | : | |
| Philadelphia, PA 19142 | : | |
|     and | : | |
| MARY CROOKS | : | |
| 6708 Dicks Avenue | : | |
| Philadelphia, PA 19142 | : | |
|     and | : | |
| THOMAS GLEASON, JR | : | |
| 66 Springton Road | : | |
| Upper Darby, PA 19082 | : | |
|     and | : | |
| MARY GLEASON | : | |
| 66 Springton Road | : | |
| Upper Darby, PA 19082 | : | |

Case ID: 110600031

EXHIBIT G (Page 5)

Defendants                    :

_____

**CIVIL ACTION - COMPLAINT**

Case ID: 110600031

**MESSA & ASSOCIATES, P.C.**
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

**This is a Major Case.**

**Jury Trial Demanded.**


**Attorneys for Plaintiff**

---

| | |
|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA 19142<br>        Plaintiff<br>    v.<br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>    and<br>PROGRESS BANK OF FLORIDA<br>C/O FDIC as RECEIVER for PROGRESS<br>BANK OF FLORIDA<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>    and<br>CITY OF PHILADELPHIA<br>Law Department - 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>THOMAS GLEASON, JR<br>66 Springton Road<br>Upper Darby, PA 19082<br>    and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>June Term, 2011<br>No. |

Case ID: 110600031

EXHIBIT G (Page 7)

Defendants                    :

_____

## CIVIL ACTION - COMPLAINT

1.      Plaintiff Francis Joyce is an adult individual residing at the above captioned address.

2.      Defendant Richard Devastey is an adult individual residing at the above captioned address.

3.      Defendant Progress Bank of Florida (hereafter "Progress Bank") is a corporation organized and existing under the laws of the State of Florida which regularly conducts business at the above captioned address.

4.      Defendant, City of Philadelphia, is a municipal corporation organized as a City of the First Class under the Act of February 2, 1954, P.L., Sec 1; 53 P.S., 16251, as amended, which maintains an office at the above captioned address.

5.      Defendant Jeffrey Crooks is an adult individual residing at the above captioned address.

6.      Defendant Mary Crooks is an adult individual residing at the above captioned address.

7.      Defendant Thomas Gleason, Jr.  is an adult individual residing at the above captioned  address.

8.      Defendant Mary Gleason is an adult individual residing at the above captioned address.

9.      At all times relevant hereto, Defendants acted or failed to act by and through their authorized agents, servants, workmen and/or employees who were then and there acting in the

Case ID: 110600031

course and scope of their employment and/or agency.

      10.    On or about July 16, 2009, Defendant Richard Devastey owned,

operated, maintained and/or controlled the real property of 6714 Dicks Avenue Philadelphia, PA,

including, but not limited to, its abutting pavements and sidewalks.

      11.    At the above mentioned time and place, Defendant Progress Bank owned,

operated, maintained and/or controlled the real property of 6712 Dicks Avenue Philadelphia, PA,

including, but not limited to, its abutting pavements and sidewalks.

      12.    At the above mentioned time and place, Defendant City of Philadelphia had

the legal responsibility to maintain the abutting sidewalks of 6712 Dicks Avenue Philadelphia,

PA and 6714 Dicks Avenue Philadelphia, PA.

      13.    At the above mentioned time and place, Defendants Jeffrey Crooks, Mary Crooks,

Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a

Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142 and which

had vicious propensities to attack human beings without provocation.

      14.    On July 16, 2009, Plaintiff, Francis Joyce, was a lawful pedestrian along the

sidewalk of Dicks Avenue, Philadelphia, PA when he was suddenly attacked by an at large dog

owned and/or controlled by Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr.

and/or Mary Gleason.

      15.    As a result of being attacked, Plaintiff Francis Joyce attempted to move away

from said dog and was caused to trip and fall due to defective concrete upon the sidewalks

abutting 6712 and 6714 Dicks Avenue Philadelphia, PA 19142, thereby causing him the injuries

and damages more fully set forth at length below.

Case ID: 110600031

## COUNT I
### Francis Joyce v. Richard Devastey

Plaintiff incorporates herein by reference paragraphs 1 through 15 above as fully as if set forth at length below.

16.     At the above mentioned place and time, it was a duty of the Defendant Richard Devastey to keep and maintain his premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

17.     At the above mentioned place and time, Defendant Richard Devastey did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

18.     Defendant knew or should have known of the existence of said dangerous condition.

19.     The negligence of Defendant Richard Devastey included the following:

   a)     failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

   b)     failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

   c)     failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)     failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)     allowing said defect to exist on the premises;

Case ID: 110600031

      f)      failing to provide appropriate warnings of said dangerous condition;

      g)      failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

20.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

21.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

22.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

23.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

24.     As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT G (Page 11)

## COUNT II

### Francis Joyce v. Progress Bank

Plaintiff incorporates herein by reference paragraphs 1 through 24 above as fully as if set forth at length below.

25.     At the above mentioned place and time, it was a duty of the Defendant Progress Bank to keep and maintain its premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

26.     At the above mentioned place and time, Defendant Progress Bank did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

27.     Defendant knew or should have known of the existence of said dangerous condition.

28.     The negligence of Defendant Progress Bank included the following:

a)     failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

b)     failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

c)     failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

d)     failing to provide a safe area of passage for the plaintiff and other lawful patrons;

e)     allowing said defect to exist on the premises;

Case ID: 110600031

EXHIBIT G (Page 12)

f)      failing to provide appropriate warnings of said dangerous condition;

g)      failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

29.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

30.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

31.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

32.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

33.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

## COUNT III

### Francis Joyce v. City of Philadelphia

Plaintiff incorporates herein by reference paragraphs 1 through 33 above as fully as if set forth at length below.

34.     At the above mentioned place and time, it was a duty of the Defendant City of Philadelphia to keep and maintain the sidewalks of 6712 and 6714 Dicks Avenue in a reasonable and safe condition for pedestrians.

35.     At the above mentioned place and time, Defendant City of Philadelphia did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

36.     Defendant had actual and/or constructive notice of said dangerous condition.

37.     The negligence of Defendant City of Philadelphia included the following:

   a)     failing to maintain said sidewalks in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions;

   b)     failing to warn the plaintiff of said defective and dangerous condition on the sidewalks, about which the defendants knew, or in the exercise or reasonable care, should have known;

   c)     failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)     failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)     allowing said defects to exist on the sidewalks;

   f)     failing to provide appropriate warnings of said dangerous condition;

   g)     failing to inspect the aforesaid location and ascertain the hazardous and

Case ID: 110600031

defective condition which existed;

38.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

39.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

40.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

41.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

42.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

## COUNT IV

### Francis Joyce v. Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason

Plaintiff incorporates herein by reference paragraphs 1 through 42 above as fully as if set forth at length below.

43.     At the above mentioned place and time, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142.

44.     Defendants knew or should have known that said dog had a propensity of attacking human beings without provocation and/or failed to properly leash it or take other precautions to prevent the attack upon Plaintiff Francis Joyce.

45.     The negligence of Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason included, but is not limited to, the following:

  a)     allowing the dog to be at large, in violation of the City of Philadelphia's animal ordinances;

  b)     failing to exercise reasonable care in securing the dog;

  c)     failing to properly control the dog;

  d)     failing to take reasonable precaution to protect pedestrians from the dog;

  e)     failing to provide pedestrians with appropriate warnings; and

  f)     allowing the dog to attack Plaintiff Francis Joyce on the sidewalk of Dicks Avenue, Philadelphia, PA.

46.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

47.     As a direct and proximate result of the aforesaid accident, Plaintiff,

Case ID: 110600031

Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

48.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

49.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

50.     As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Respectfully submitted,
**MESSA & ASSOCIATES, P.C.**

/s/ Lee D. Rosenfeld

_____

Lee D. Rosenfeld
Attorney for Plaintiff

Dated:___June 6, 2011___

Case ID: 110600031

EXHIBIT G (Page 17)

## VERIFICATION

I, *FRANCES Joyce* , Plaintiff herein makes this Verification and states

that the statements made in the foregoing are true and correct to the best of his/her knowledge,

information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of

18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

*Frances G Joyce*
*FRANCES Joyce*

Dated: *6-6-11*

Case ID: 110600031

EXHIBIT G (Page 18)

To the herein **PARTIES** you are hereby notified to file
response to the enclosed **NEW MATTER** within **20** days
of service thereof or a judgment may be entered against
you.

_____

SUSAN J. WIENER, ESQUIRE

*Filed and Attested by
PROTHONOTARY
14 DEC 2011 09:43 am*

**Law Offices of James L. Barlow**
**By: Susan J. Wiener, Esquire**
**Attorney I.D. No.: 65301**
**900 E. 8th Avenue, Suite 301**
**King of Prussia PA 19406**
**(610) 382-8100**

**Attorney for Defendant,**
**Richard Devasety**

| | | |
|---|---|---|
| **FRANCES JOYCE** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **JUNE TERM 2011** |
| | : | |
| | : | |
| **RICHARD DEVASTEY** | : | |
| **AND** | : | |
| **JEFFREY CROOKS** | : | |
| **AND** | : | |
| **MARY CROOKS** | : | |
| **AND** | : | |
| **THOMAS GLEASON, JR.** | : | |
| **AND** | : | |
| **MARY GLEASON** | : | |
| **AND** | : | |
| **PROGRESS BANK OF FLORIDA, C/O FDIC** | : | |
| **AS RECEIVER PROGRESS BANK** | : | |
| **AND** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **Defendant.** | : | **NO. 0031** |

### ANSWER ON BEHALF OF DEFENDANT, RICHARD DEVASETY TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER CROSSCLAIM

Case ID: 110600031

1.     Denied.     After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the corresponding paragraphs of Plaintiff's Complaint.  If relevant, strict proof at trial is hereby demanded.

2.     Admitted in part, denied in part.  It is admitted that Defendant, Richard Devastey, is an adult individual. The remaining allegations are denied, as defendant does not reside at the address plead.  To the contrary, the defendant resides in Texas.

3--8.   The allegations contained in the corresponding paragraphs of Plaintiff's Complaint are addressed to parties other than Answering Defendant and therefore no response is required. If relevant, strict proof at trial is hereby demanded.

9.     Denied. The allegations contained in the corresponding paragraphs of Plaintiff's Complaint contain conclusions of law to which no response is required.    If relevant, strict proof at trial is hereby demanded.

10.     Admitted in part, denied in part.  It is admitted only that, at all material times, the real property at 6714 Dicks Avenue, Philadelphia, PA was owned by Defendant, Richard Devastey. It is specifically denied that answering defendant operated, maintained and controlled the property and the abutting sidewalks and strict proof is demanded at trial. By way of further answer, at all material times, the defendant was a landlord out of possession.

11-13. The allegations contained in the corresponding paragraphs of Plaintiff's Complaint are addressed to parties other than Answering Defendant and therefore no response is required. If relevant, strict proof at trial is hereby demanded

14.     Denied.     After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in

Case ID: 110600031

the corresponding paragraphs of Plaintiff's Complaint.  If relevant, strict proof at trial is hereby demanded.

15.    Denied. It is specifically denied that any defective condition existed at the aforesaid property and strict proof of same is demanded at trial.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the corresponding paragraph of Plaintiff's Complaint.  If relevant, strict proof at trial is hereby demanded.

COUNT I

Answering Defendant incorporates paragraphs 1-15 of this Answer with New Matter as though same were set forth at length herein.

16.    Denied.        The allegations contained in the corresponding paragraph of Plaintiff's Complaint contain conclusions of law to which no response is required.  If relevant, strict proof at trial is hereby demanded.

17-19. Denied.        The allegations contained in the corresponding paragraphs of Plaintiff's Complaint contain conclusions of law to which no response is required.    If relevant, it is specifically denied that there was any dangerous condition on the aforesaid property which caused the alleged injuries and strict proof at trial is hereby demanded.

20—24.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the corresponding paragraphs of Plaintiff's Complaint.  If relevant, strict proof at trial is hereby demanded.

Case ID: 110600031

WHEREFORE, Answering Defendant, Richard Devasety demands judgment in his favor and against Plaintiff, together with costs, attorney's fees and other such relief as this Court deems just and appropriate.

### COUNT II

Answering Defendant incorporates paragraphs 1-24 of this Answer with New Matter as though same were set forth at length herein.

25-33. The allegations contained in the corresponding paragraphs of Plaintiff's Complaint are addressed to parties other than Answering Defendant and therefore no response is required. If relevant, strict proof at trial is hereby demanded.

WHEREFORE, answering Defendant, Richard Devasety, demands judgment in his favor and against Plaintiff, together with costs, attorney's fees and other such relief as this Court deems just and appropriate.

### COUNT III

Answering Defendant incorporates paragraphs 1-33 of this Answer with New Matter as though same were set forth at length herein.

34-42. The allegations contained in the corresponding paragraphs of Plaintiff's Complaint are addressed to parties other than Answering Defendant and therefore no response is required. If relevant, strict proof at trial is hereby demanded.

WHEREFORE, answering Defendant, Richard Devasety, demands judgment in his favor and against Plaintiff, together with costs, attorney's fees and other such relief as this Court deems just and appropriate.

Case ID: 110600031

## COUNT IV

Answering Defendant incorporates paragraphs 1-42 of this Answer with New Matter as though same were set forth at length herein.

43-50. The allegations contained in the corresponding paragraphs of Plaintiff's Complaint are addressed to parties other than Answering Defendant and therefore no response is required. If relevant, strict proof at trial is hereby demanded.

WHEREFORE, answering Defendant, Richard Devasety, demands judgment in his favor and against Plaintiff, together with costs, attorney's fees and other such relief as this Court deems just and appropriate.

## NEW MATTER DIRECTED AGAINST PLAINTIFF

51.    Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

52.    Plaintiff's claims are barred in whole or part by the provisions of the Pennsylvania Comparative Negligence Act.

53.    It is further averred that if the Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence.

54.    By his actions on the date, time and place stated in Plaintiff's Complaint, Plaintiff did assume the risk of any and all injuries and/or damages which Plaintiff allege to have suffered.

55.    If there is a legal responsibility for the damages set forth in Plaintiff's Complaint, then the responsibility is that of other individuals and/or entities over whom the Answering

Case ID: 110600031

Defendant has no control. Plaintiff's injuries and damages as alleged were not caused in any manner whatsoever by the Answering Defendant.

56.     Plaintiff's claims are barred by the applicable Statute of Limitations.

57.     In the event that the Plaintiff request damages for delay pursuant to Pa.R.C.P. 238, answering defendant challenge the applicability and constitutionality of said rule, and places same at issue.

58.     If Plaintiff fell, which is specifically denied, it was not due to any act or omission of the Defendant.

59.     If there was a dangerous or defective condition present on the premises in question, which is specifically denied, it was open and obvious and the Plaintiff should have been aware of the alleged condition and therefore the Defendant cannot be liable.

60.     If the Plaintiff fell which is specifically denied, it was due to acts and/or omissions of the plaintiff.

61.     If the Plaintiff fell which is specifically denied, it was due to his failure to observe where she was walking.

62.     If the Plaintiff fell which is specifically denied, it was due to acts and/or omissions of persons and/or entities over whom the Answering Defendant had no control.

63.     Answering Defendant asserts all defenses applicable to landlords out of possession.

WHEREFORE, Answering Defendant, Richard Devasety, demands judgment in his favor and against Plaintiff, together with costs, attorney's fees and other such relief as this Court deems just and appropriate.

Case ID: 110600031

### NEW MATTER CROSSCLAIM PURSUANT TO Pa.R.C.P. 1031.1
### DIRECTED TO CO-DEFENDANTS

64      Pursuant to the provisions of Pa.R.C.P. 1031.1, the Answering Defendant, Richard Devasety, asserts that Co-Defendants, Progress Bank of Florida c/o FDIC as Receiver Progress Bank of Florida, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr., Mary Gleason and City of Philadelphia are alone liable or are jointly and severally liable or are liable over to the Answering Defendant on the cause of action asserted by the Plaintiff, Frances Joyce, due to their negligence and/or carelessness; and therefore, the aforesaid Co-Defendants  are severed and joined as Additional Defendants in this action.

WHEREFORE, Co-Defendants, Progress Bank of Florida c/o FDIC as Receiver Progress Bank of Florida, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr., Mary Gleason and City of Philadelphia are alone liable or jointly or severally liable for injuries or losses which Plaintiff may have so sustained, and Answering Defendant demands judgment in his favor; however, if liability is imposed upon Answering Defendant, Richard Devastey, he demands that judgment be entered against the Additional Defendants for contribution and/or indemnity.

LAW OFFICES OF JAMES L. BARLOW

_____
SUSAN J. WIENER, ESQUIRE
Attorney for Defendant
Richard Devasety

Case ID: 110600031

EXHIBIT G (Page 25)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer with New Matter was served electronically this _13_ day of December, 2011 upon the following counsel of record:

Lee D. Rosenfeld, Esquire
Messa & Associates, PC
123 South 22nd Street
Philadelphia PA  19103

ATTORNEY FOR PLAINTIFF FRANCES JOYCE

Jeffrey Crooks
6708 Dicks Avenue
Philadelphia PA 19142

ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
UNREPRESENTED PARTY

Mary Crooks
6708 Dicks Avenue
Philadelphia PA 19142

ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
UNREPRESENTED PARTY

Thomas Gleason, Jr.
66 Springton Road
Upper Darby PA 19082

ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
JR., UNREPRESENTED PARTY

Progress Bank of Florida
c/o FDIC as Receiver Progress Bank
7777 Baymeadows Way West
Jacksonville FL 32256

ATTORNEY FOR CO-DEFENDANT PROGRESS BANK OF
FLORIDA, C/O FDIC AS RECEIVER PROGRESS BANK,
UNREPRESENTED PARTY

Case ID: 110600031

Mary Gleason
66 Springton Road
Upper Darby PA 19082

ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
UNREPRESENTED PARTY

Pauline J. Manos, Esquire
1515 Arch Street
14th Floor
Philadelphia PA  19102

ATTORNEY FOR CO-DEFENDANT CITY OF
PHILADELPHIA

_____
SUSAN J. WIENER, ESQUIRE

Case ID: 110600031

EXHIBIT G (Page 27)

# **V E R I F I C A T I O N**

I, Richard Devasety, hereby state that I am a defendant in this matter and that all of the facts stated in the foregoing Answer with New Matter are true and correct to the best of my knowledge, information and belief.  This Verification is taken subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


RICHARD DEVASETY

Date:

Case ID: 110600031



**LAW OFFICES OF JAMES L. BARLOW**
900 E. 8th Avenue
Suite 301
King of Prussia, PA 19406

7010 1670 0001 5049 755&

2012 APR  2  PM 3 41

SCREENED BY SECURITY

Federal Deposit Insurance Corporation
7777 Baymeadows Way West
Jacksonville, FL 32256



2012 APR  2  AM 9 37
2012 APR  2  AM 9 37

2012 APR  3  AM 9 38

**S OF JAMES L. BARLOW**

e

PA 19406

 CERTIFIED MAIL™



7010 1670 0001 5049 7558

2012 APR 2 PM 3 41

 SCREENED BY SECURITY

Federal Deposit Insurance Corporation
7777 Baymeadows Way West
Jacksonville, FL 32256

X-RAYED