

**Claimant ID: NS1030300355, Barcode Value: FD00096576, Fund: 10303**

**Federal Deposit Insurance Corporation
as Receiver for
Progress Bank of Florida, Tampa, FL**

**PROOF OF CLAIM**

(SSN: ###-##-1394)

1. SSN/Tax ID No.  *Mango + August Inc. / Francis Joyce*

2. The undersigned  *Michael J. Dempsey Esq*
   <u>(Name of person completing the Proof of Claim)</u>

hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to *Mango + August Inc / Francis Joyce* (the "Claimant") in the sum of
   <u>(Name of Claimant)</u>

4. $ *Unable to be determined at this time / Jury Verdict*

5.  Description of Claim

*See attached Complaint of Francis Joyce for alleged
personal injuries and damages allegedly sustained
on July 16, 2009 on all or part of the property owned by
Progress Bank / FDIC. Also, see Joinder Complaint and Answer
and Amended Answer of Mango + August Inc attached hereto.*

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

6. NAME  *Michael J. Dempsey Esq.*        7. DATE  *4-3-12*
   <u>(Name, Title, and Signature of person completing the Proof of Claim )</u>

8. FIRM  *Marshall, Dennehey Warner, Coleman + Goggin*
   <u>(if applicable)</u>

9. ADDRESS  *620 Freedom Business Center   3rd Floor*
   ( City, State, and ZIP Code)  *King of Prussia, PA   19406*

10. TELEPHONE NUMBER(S)  *610 - 354 - 8498*

The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

**IMPORTANT NOTE:** The bar code at the top of this Proof of Claim is unique to this claim and may not be re-used for other claims which you may have or by other potential claimants. If you have other unrelated claims, you must file a separate Proof of Claim with its own unique bar code. Additional Proof of Claim forms may be found on the FDIC web site or obtained by mail at the respective addresses indicated in the Instructions. Re-use of this Proof of Claim may result in processing delays or the rejection of your claim.

**PRIVACY ACT STATEMENT**

The Federal Deposit Insurance Act (12 U.S.C. §§1819 and 1821) and Executive Order 9397 authorize the collection of this information. The FDIC will use the information to assist in the determination and/or payment of claims against the receivership estate of the failed financial institution. Submitting this information to the FDIC is voluntary. Failure, however, to submit all of the information requested and to complete the form entirely could delay or preclude the administration of claims against the receivership estate of the failed financial institution. The information provided by individuals is protected by the Privacy Act, 5 USC §552a. The information may be furnished to third parties as authorized by law or used according to any of the other routine uses described in the FDIC Insured Financial Institution Liquidation Records (FDIC-30-64-0013) System of Records. A complete copy of this System of Records is available at www.fdic.gov/regulations/laws/rules/2000-4050.html. If you have questions or concerns about the collection or use of the information, you may contact the FDIC's Chief Privacy Officer at Privacy@fdic.gov.

EXHIBIT I (Page 1)



**Federal Deposit Insurance Corporation**
7177 Baymeadows Way W Jacksonville, FL 32256          Division of Resolutions and Receiverships

**February 07, 2012**

BERNARD AUGUST, IND. AND T/A MARISA MANGO REAL ESTATE
C/O MICHAEL J. DEMPSEY, ESQ.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.
620 FREEDOM BUSINESS CENTER, SUITE 300
KING OF PRUSSIA, PA 19406

SUBJECT:      **10303 – Progress Bank of Florida**
                    **Tampa, FL – In Receivership**
                    Closing Date: **October 22, 2010**
                    Claims Bar Date: **January 26, 2011**
                    Submission Deadline: **May 07, 2012**

### NOTICE TO DISCOVERED CLAIMANT TO PRESENT PROOF OF CLAIM

Dear Claimant:

On **October 22, 2010** (the "Closing Date"), the **Florida Office of Financial Regulation** closed **Progress Bank of Florida** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver (the "Receiver").

The Receiver has discovered that you may have a claim against the Failed Institution. If you do not have a claim against the Failed Institution, please disregard this notice.

**Published Notice/Claims Bar Date:** The Receiver previously published a notice in one or more newspapers stating that the Failed Institution was closed and that any claims against the Failed Institution must be filed **on or before January 26, 2011** (the "Claims Bar Date").

**Filing After the Claims Bar Date:** The Claims Bar Date in this matter has passed. Failure to file your claim on or before the Claims Bar Date will result in disallowance by the Receiver, and the disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C)(i). By law, however, the Receiver may consider claims filed after the Claims Bar Date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim (the "late-filed claim exception"). 12 U.S.C. Section 1821(d)(5)(C)(ii).

**How to File Your Claim:** The FDIC's web site and other important contact information you will need to submit your claim is set forth in the Instructions to the Proof of Claim enclosed with this notice.

Claims filed after the Claims Bar Date must be submitted to the FDIC as Receiver of **Progress Bank of Florida** either on line or by mail. If you choose to file your claim via the U.S. mail, it is recommended that you send it by U.S. certified mail or a commercial delivery service that can provide you with a receipt of delivery.



**Federal Deposit Insurance Corporation**
7777 Baymeadows Way W Jacksonville, FL 32256                  Division of Resolutions and Receiverships

Because the Claims Bar Date has passed, you must prove to the Receiver's satisfaction that you did not receive notice of the appointment of the Receiver in time to file a claim before the Claims Bar Date in order for the Receiver to consider your claim. Therefore, you should take the following actions:

- Submit the Proof of Claim in accordance with the enclosed Instructions.
- Provide supporting documentation regarding both your claim and your compliance with the late-filed claim exception.
- Submit the completed Proof of Claim and the supporting documentation to the Receiver **on or before May 07, 2012** (your "Submission Deadline"). Nothing in this letter is intended to imply that the Receiver has extended the Claims Bar Date.

**If you file your claim after your Submission Deadline, the Receiver will disallow your claim.**

**Time for Receiver to Determine Your Claim:** The Receiver will determine within 180 days from the date it receives your claim whether to allow or to disallow your claim.

**If Your Claim is Disallowed or You Do Not Receive a Timely Notice of Disallowance:** Pursuant to 12 U.S.C. Section 1821(d)(6), if the Receiver notifies you of the disallowance of your claim or if you do not receive a notice of disallowance on or before the end of the 180-day period, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before disallowance by the Receiver). Your lawsuit must be filed within 60 days after the date of the notice of disallowance by the Receiver OR within 60 days after the end of the 180-day period, **whichever is earlier**. You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.

**Lawsuits:** If you do not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of your claim will be final and you will have no further rights or remedies with respect to your claim. 12 U.S.C. Section 1821(d)(6)(B)(ii).

**Note to Class Claimants:** By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

If you have any questions about this letter, please contact the undersigned at **904-256-3925.**

<div style="text-align:center">

Sincerely,


CLAIMS AGENT
Claims Department


Enclosures: Proof of Claim, Instruction

</div>



**Federal Deposit Insurance Corporation**

7777 Baymeadows Way W Jacksonville, FL 32256      <u>Division of Resolutions and Receiverships</u>

<div align="center">

**Instructions for filing Form FDIC 7200/19, Proof of Claim,
and Supporting Documentation**

</div>

**INSTRUCTIONS: The following fields must be completed in order for your Proof of Claim (POC) to be considered. (The numbers correspond with those located on the Proof of Claim.)**

1. **SSN/TAX ID NO.** The Claimant's tax identification number (if a company) or his/her Social Security Number (if an individual).
2. **NAME OF PERSON COMPLETING THE PROOF OF CLAIM.** Self-explanatory.
3. **NAME OF THE CLAIMANT.** This is the person or entity actually making the claim. This may be you or another person or entity on whose behalf you are authorized to file the claim.
4. **AMOUNT OF CLAIM.** The dollar amount of the claim.
5. **DESCRIPTION OF CLAIM.** Detailed description of what is being claimed (e.g., the invoice number, type of service being claimed, account number, etc.). Additional information may be attached.
6. **SIGNATURE.** The signature of the person completing the POC. Include your title if you are filing this POC on behalf of the Claimant.
7. **DATE.** Date the form is signed.
8. **FIRM.** If you are filing this POC on behalf of the Claimant, include the name of your company or firm, if applicable.
9. **ADDRESS.** The address (including City, State, and ZIP code) of the individual completing this POC.
10. **TELEPHONE NUMBERS.** Telephone number of the individual completing this POC.

## REQUIRED SUPPORTING DOCUMENTATION

- <u>Claims for Goods Purchased by the Failed Institution</u>: You must enclose a copy of the purchase order or other correspondence from the Failed Institution requesting the goods, a copy of your invoice, and a receipt signed by the Failed Institution (or other evidence) indicating that the goods were received.
- <u>Claims for Services Rendered</u>: You must enclose a copy of the correspondence or signed initial contract sent by the Failed Institution to request your services and an invoice. In the case of law firms (or other professional firms) retained by the Failed Institution, enclose an itemized invoice detailing charges accruing prior to failure. For appraisal services, enclose proof that the appraisal was completed.
- <u>Other Types of Claims</u>: You must enclose a copy of documents that substantiate the nature and amount of the claim. While you may enclose a copy of the complaint that you filed with a court, this alone is not sufficient to establish your claim.

## SUBMITTING YOUR CLAIM

There are two ways to submit your claim:

- E-file via the internet by completing an online form FDIC 7200/19 and attaching supporting documentation. Submitting your claim via the FDIC web site is convenient, secure, and inexpensive, and will also help to expedite the handling of your claim. It is highly recommended. Please go to: https://www2.fdic.gov/NDCWeb/
- Via mail to the following address: **7777 Baymeadows Way W Jacksonville, FL 32256** If you choose this option, we recommend you send it by U.S. certified mail or a commercial service that can provide you with a receipt of delivery.

**NOTE:** If you choose to file by mail, it is very important that the Proof of Claim be the top document of your mailing. The bar code allows for the automated creation of your claim file when the Proof of Claim is read or scanned into our system. There is no need for a cover letter.

<div align="center">

Page down to access form FDIC 7200/19

</div>

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## JUNE 2011
E-Filing Number: 1106006793

**000031**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>FRANCES JOYCE | **DEFENDANT'S NAME**<br>RICHARD DEVASTEY |
| **PLAINTIFF'S ADDRESS**<br>6650 DICKS AVENUE<br>PHILADELPHIA PA 19142 | **DEFENDANT'S ADDRESS**<br>5601 CHESTER AVENUE<br>PHILADELPHIA PA 19143 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>CITY OF PHILADELPHIA, C/O LAW DEPARTMENT |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1515 ARCH ST., 14TH FLOOR<br>PHILADELPHIA PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>PROGRESS BANK OF FLORIDA C/O FDIC AS RECEIVER<br>PROGRESS BANK |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>7777 BAYMEADOWS WAY WEST<br>JACKSONVILLE FL 32256 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>JUN 06 2011<br><br>**S. GARRETT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   FRANCES JOYCE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>LEE D. ROSENFELD | ADDRESS<br>MESSA & ASSOCIATES PC<br>123 SOUTH 22ND STREET<br>PHILADELPHIA PA 19103 |
|---|---|
| **PHONE NUMBER**<br>(215)568-3500    **FAX NUMBER**<br>(215)568-3501 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>76081 | **E-MAIL ADDRESS**<br>ldr@messalaw.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*LEE ROSENFELD* | **DATE SUBMITTED**<br>Monday, June 06, 2011, 08:50 am |

FINAL COPY (Approved by the Prothonotary Clerk)

EXHIBIT I (Page 5)

## COMPLETE LIST OF DEFENDANTS:

1. MARY GLEASON
   66 SPRINGTON ROAD
   UPPER DARBY PA 19082
2. THOMAS GLEASON
   66 SPRINGTON ROAD
   UPPER DARBY PA 19082
3. MARY CROOKS
   66 DICKS AVENUE
   PHILADELPHIA PA 19142
4. JEFFREY CROOKS
   6708 DICKS AVENUE
   PHILADELPHIA PA 19142
5. PROGRESS BANK OF FLORIDA C/O FDIC AS RECEIVER PROGRESS BANK
   7777 BAYMEADOWS WAY WEST
   JACKSONVILLE FL 32256
6. CITY OF PHILADELPHIA, C/O LAW DEPARTMENT
   1515 ARCH ST., 14TH FLOOR
   PHILADELPHIA PA 19102
7. RICHARD DEVASTEY
   5601 CHESTER AVENUE
   PHILADELPHIA PA 19143

EXHIBIT I (Page 6)

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. No.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pa. 19103
(215) 568-3500 / Fax: (215) 568-3501

**This is a major case.**

**Jury Trial Demanded**

Filed and attested by
PROTHONOTARY
06 JUN 2011 08:45 am
M. GARRETT

**Attorneys for Plaintiff**

| | |
|---|---|
| FRANCES JOYCE | : |
|         Plaintiff | : |
| | : |
|    v. | : |
| | : |
| RICHARD DEVASTEY | : |
| 5601 Chester Avenue | : |
| Philadelphia, PA19143 | : |
|     and | : |
| CITY OF PHILADELPHIA | : |
| C/O LAW DEPARTMENT | : |
| 14TH Floor | : |
| 1515 Arch Street | : |
| Philadelphia, Pennsylvania 19102 | : |
|     and | : |
| PROGRESS BANK OF FLORIDA | : |
| c/o FDIC AS Receiver for Progress | : |
| Bank of Florida | : |
| 7777 Baymeadows Way West | : |
| Jacksonville, FL 32256 | : |
|     and | : |
| JEFFREY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|     and | : |
| MARY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|     and | : |
| THOMAS GLEASON, JR. | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|     and | : |
| MARY GLEASON | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|               Defendants | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

June Term, 2011

No: *000031*

Case ID: 110600031

EXHIBIT I (Page 7)

**"NOTICE"**

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

<div align="center">

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-6333
TTY (215) 451-6197

</div>

**"AVISO"**

"Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

<div align="center">

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Philadelphia, PA  19107
(215) 238-6333
TTY (215) 451-6197

</div>

Case ID: 110600031

EXHIBIT I (Page 8)

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

**This is a Major Case.**

**Jury Trial Demanded.**

**Attorneys for Plaintiff**

|  |  |
|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA 19142<br>          Plaintiff<br>    v.<br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>    and<br>PROGRESS BANK OF FLORIDA<br>C/O FDIC as RECEIVER for PROGRESS<br>BANK OF FLORIDA<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>    and<br>CITY OF PHILADELPHIA<br>Law Department - 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>THOMAS GLEASON, JR<br>66 Springton Road<br>Upper Darby, PA 19082<br>    and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>June Term, 2011<br>No. |

Case ID: 110600031

EXHIBIT I (Page 9)

Defendants                    :

_____

## CIVIL ACTION - COMPLAINT

Case ID: 110600031

EXHIBIT I (Page 10)

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a Major Case.

Jury Trial Demanded.

Attorneys for Plaintiff

---

FRANCIS JOYCE
6650 Dicks Avenue
Philadelphia, PA 19142
             Plaintiff
    v.
RICHARD DEVASTEY
5601 Chester Avenue
Philadelphia, PA 19143
    and
PROGRESS BANK OF FLORIDA
C/O FDIC as RECEIVER for PROGRESS
BANK OF FLORIDA
7777 Baymeadows Way West
Jacksonville, FL 32256
    and
CITY OF PHILADELPHIA
Law Department - 14th Floor
1515 Arch Street
Philadelphia, PA 19102
    and
JEFFREY CROOKS
6708 Dicks Avenue
Philadelphia, PA 19142
    and
MARY CROOKS
6708 Dicks Avenue
Philadelphia, PA 19142
    and
THOMAS GLEASON, JR
66 Springton Road
Upper Darby, PA 19082
    and
MARY GLEASON
66 Springton Road
Upper Darby, PA 19082

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

June Term, 2011
No.

Case ID: 110600031

EXHIBIT I (Page 11)

Defendants                :

_____

## CIVIL ACTION - COMPLAINT

1.      Plaintiff Francis Joyce is an adult individual residing at the above captioned

address.

2.      Defendant Richard Devastey is an adult individual residing at the above captioned

address.

3.      Defendant Progress Bank of Florida (hereafter "Progress Bank") is a corporation

organized and existing under the laws of the State of Florida which regularly conducts business

at the above captioned address.

4.      Defendant, City of Philadelphia, is a municipal corporation organized as a City of

the First Class under the Act of February 2, 1954, P.L., Sec 1; 53 P.S., 16251, as amended, which

maintains an office at the above captioned address.

5.      Defendant Jeffrey Crooks is an adult individual residing at the above captioned

address.

6.      Defendant Mary Crooks is an adult individual residing at the above captioned

address.

7.      Defendant Thomas Gleason, Jr. is an adult individual residing at the above

captioned address.

8.      Defendant Mary Gleason is an adult individual residing at the above captioned

address.

9.      At all times relevant hereto, Defendants acted or failed to act by and through their

authorized agents, servants, workmen and/or employees who were then and there acting in the

Case ID: 110600031

EXHIBIT I (Page 12)

course and scope of their employment and/or agency.

10.    On or about July 16, 2009, Defendant Richard Devastey owned, operated, maintained and/or controlled the real property of 6714 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

11.    At the above mentioned time and place, Defendant Progress Bank owned, operated, maintained and/or controlled the real property of 6712 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

12.    At the above mentioned time and place, Defendant City of Philadelphia had the legal responsibility to maintain the abutting sidewalks of 6712 Dicks Avenue Philadelphia, PA and 6714 Dicks Avenue Philadelphia, PA.

13.    At the above mentioned time and place, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142 and which had vicious propensities to attack human beings without provocation.

14.    On July 16, 2009, Plaintiff, Francis Joyce, was a lawful pedestrian along the sidewalk of Dicks Avenue, Philadelphia, PA when he was suddenly attacked by an at large dog owned and/or controlled by Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason.

15.    As a result of being attacked, Plaintiff Francis Joyce attempted to move away from said dog and was caused to trip and fall due to defective concrete upon the sidewalks abutting 6712 and 6714 Dicks Avenue Philadelphia, PA 19142, thereby causing him the injuries and damages more fully set forth at length below.

Case ID: 110600031

EXHIBIT I (Page 13)

## COUNT I
### Francis Joyce v. Richard Devastey

Plaintiff incorporates herein by reference paragraphs 1 through 15 above as fully as if set forth at length below.

16.     At the above mentioned place and time, it was a duty of the Defendant Richard Devastey to keep and maintain his premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

17.     At the above mentioned place and time, Defendant Richard Devastey did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

18.     Defendant knew or should have known of the existence of said dangerous condition.

19.     The negligence of Defendant Richard Devastey included the following:

   a)     failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

   b)     failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

   c)     failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)     failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)     allowing said defect to exist on the premises;

Case ID: 110600031

EXHIBIT I (Page 14)

f)    failing to provide appropriate warnings of said dangerous condition;

g)    failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

20.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

21.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

22.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

23.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

24.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT I (Page 15)

## COUNT II

### Francis Joyce v. Progress Bank

Plaintiff incorporates herein by reference paragraphs 1 through 24 above as fully as if set forth at length below.

25.     At the above mentioned place and time, it was a duty of the Defendant Progress Bank to keep and maintain its premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

26.     At the above mentioned place and time, Defendant Progress Bank did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

27.     Defendant knew or should have known of the existence of said dangerous condition.

28.     The negligence of Defendant Progress Bank included the following:

a)     failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

b)     failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

c)     failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

d)     failing to provide a safe area of passage for the plaintiff and other lawful patrons;

e)     allowing said defect to exist on the premises;

Case ID: 110600031

EXHIBIT I (Page 16)

f) failing to provide appropriate warnings of said dangerous condition;

g) failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

29. As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

30. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

31. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

32. As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

33. As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT I (Page 17)

## COUNT III

### <u>Francis Joyce v. City of Philadelphia</u>

Plaintiff incorporates herein by reference paragraphs 1 through 33 above as fully as if set forth at length below.

34.     At the above mentioned place and time, it was a duty of the Defendant City of Philadelphia to keep and maintain the sidewalks of 6712 and 6714 Dicks Avenue in a reasonable and safe condition for pedestrians.

35.     At the above mentioned place and time, Defendant City of Philadelphia did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

36.     Defendant had actual and/or constructive notice of said dangerous condition.

37.     The negligence of Defendant City of Philadelphia included the following:

      a)      failing to maintain said sidewalks in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions;

      b)      failing to warn the plaintiff of said defective and dangerous condition on the sidewalks, about which the defendants knew, or in the exercise or reasonable care, should have known;

      c)      failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

      d)      failing to provide a safe area of passage for the plaintiff and other lawful patrons;

      e)      allowing said defects to exist on the sidewalks;

      f)      failing to provide appropriate warnings of said dangerous condition;

      g)      failing to inspect the aforesaid location and ascertain the hazardous and

Case ID: 110600031

EXHIBIT I (Page 18)

defective condition which existed;

38.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

39.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

40.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

41.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

42.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT I (Page 19)

## COUNT IV

### Francis Joyce v. Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason

Plaintiff incorporates herein by reference paragraphs 1 through 42 above as fully as if set forth at length below.

43.     At the above mentioned place and time, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142.

44.     Defendants knew or should have known that said dog had a propensity of attacking human beings without provocation and/or failed to properly leash it or take other precautions to prevent the attack upon Plaintiff Francis Joyce.

45.     The negligence of Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason included, but is not limited to, the following:

    a)     allowing the dog to be at large, in violation of the City of Philadelphia's animal ordinances;

    b)     failing to exercise reasonable care in securing the dog;

    c)     failing to properly control the dog;

    d)     failing to take reasonable precaution to protect pedestrians from the dog;

    e)     failing to provide pedestrians with appropriate warnings; and

    f)     allowing the dog to attack Plaintiff Francis Joyce on the sidewalk of Dicks Avenue, Philadelphia, PA.

46.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

47.     As a direct and proximate result of the aforesaid accident, Plaintiff,

Case ID: 110600031

EXHIBIT I (Page 20)

Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

      48.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

      49.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

      50.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

      WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Respectfully submitted,
**MESSA & ASSOCIATES, P.C.**

/s/ Lee D. Rosenfeld

_____

Lee D. Rosenfeld
Attorney for Plaintiff

Dated:   June 6, 2011

Case ID: 110600031

EXHIBIT I (Page 21)

## VERIFICATION

I, _FRANCES Joyce_, Plaintiff herein makes this Verification and states that the statements made in the foregoing are true and correct to the best of his/her knowledge, information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_FRANCES Joyce_

Dated: _6-6-11_

Case ID: 110600031

EXHIBIT I (Page 22)

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN
BY:    MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA 19406
(610) 354-8498
(610) 354-8299 (FAX)

Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| MANGO AND AUGUST, INC. (Incorrectly | : | |
| Identified as Bernard August, Individually | : | |
| And t/a Marisa Mango Real Estate) | : | |
| Additional Defendants | : | NO. 0031 |

## STIPULATION

AND NOW, this 30ᵀᴴ day of _January_ 2012, it is hereby AGREED and

STIPULATED by and between the below listed counsel on behalf of Defendant, Richard

Devastey and Additional Defendant, Mango & August, Inc. (Incorrectly identified as Bernard

August, Individually and t/a Marisa Mango Real Estate) as follows:

    1.    The caption and all references in the Joinder Complaint referring to Additional

Defendant as Bernard August, Individually and t/a Marisa Mango Real Estate, shall be amended

EXHIBIT I (Page 23)

Case ID: 110600031
Control No.: 12020504

to delete that Additional Defendant, and, in its place, to substitute the identity of the Additional Defendant as Mango & August, Inc.;

2.      The previously identified Additional Defendant, Bernard August, individually and t/a Marisa Mango Real Estate, is dismissed from the Joinder Complaint;

3.      All references to "Bernard August, individually and t/a Marisa Mango Real Estate" shall now be interpreted in the pleadings to refer to "Mango and August, Inc."

4.      The amendment to the caption and Joinder Complaint referred to in this Stipulation relates back to the time of the filing of the Joinder Complaint.

5.      Paragraph 8(d) of the Joinder Complaint is Dismissed by agreement.

6.      Paragraph 9 of the Joinder Complaint is amended to read as follows: "If it is proven at trial or otherwise judicially determined that the Plaintiff suffered damages as described in the Plaintiff's Complaint, said allegations being specifically denied, Richard Devastey avers that the Plaintiff's damages were the result of the actions, omissions, carelessness, negligence, breach and negligent omissions of Additional Defendant, Mango and August, Inc. and that Additional Defendant is liable over to Defendant, Richard Devastey, for contribution and/or indemnity to Plaintiff's cause of action." The original Paragraph 9 of the Joinder Complaint is Dismissed and substituted with the above-noted Paragraph 9.

7.      The "Wherefore Clause" of the Joinder Complaint is amended to read as follows: "Wherefore, Defendant Richard Devastey, respectfully requests that judgment be entered in his favor and against Plaintiff. In the alternative, in the event that judgment is entered in favor of the Plaintiff, Defendant, Richard Devastey, respectfully requests that Additional Defendant, Mango and August, Inc. be held liable over to Defendant, Richard Devastey, for contribution and/or

EXHIBIT I (Page 24)

Case ID: 110600031
Control No.: 12020504

indemnity to Plaintiff's cause of action".   The original Wherefore Clause in the Joinder

Complaint is Dismissed and is substituted with the above-noted "Wherefore Clause".


_____
SUSAN J. WIENER, ESQUIRE
Attorney for Richard Devastey

_____
MICHAEL J. DEMPSEY, ESQUIRE
Attorney for Mango & August, Inc.


**APPROVED BY THE COURT:**


_____
                    J.


EXHIBIT I (Page 25)

Case ID: 110600031
Control No.: 12020504

01/04/2012  15:20     2157267254                                          PAGE  01/16

Law Offices of James L. Barlow
By: Susan J. Wiener, Esquire
Attorney I.D. No.: 65301
900 E. 8th Avenue, Suite 301
King of Prussia PA 19406
(610) 382-8100

Attorney for Defendant
Richard Devasety

FRANCES JOYCE                                   :    COURT OF COMMON PLEAS
                                                :    PHILADELPHIA COUNTY
                                                :
                    Plaintiff,                  :
                                                :
            v.                                  :    JUNE TERM 2011
                                                :
                                                :
RICHARD DEVASTEY                                :
AND                                             :
JEFFREY CROOKS                                  :
AND                                             :
MARY CROOKS                                     :
AND                                             :
THOMAS GLEASON, JR.                             :
AND                                             :
MARY GLEASON                                    :
AND                                             :
PROGRESS BANK OF FLORIDA, C/O FDIC              :
AS RECEIVER PROGRESS BANK                       :
AND                                             :
CITY OF PHILADELPHIA                            :
                                                :
                    Defendant.                  :    NO. 0031
                                                :
            v.                                  :
BERNARD AUGUST, indiv. and t/a MARISA           :
MANGO REAL ESTATE                               :
5601 Chester Avenue                             :
Philadelphia, PA 19143                          :
                    Additional Defendant        :

## NOTICE TO DEFEND

        You have been sued in court. If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this Complaint and notice
are served, by entering a written appearance personally or by an attorney and filing in writing

**EXHIBIT "A"**

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 26)

01/04/2012  14:57   2157267254                                      PAGE  05/09

Law Offices of James L. Barlow                    Attorney for Defendant,
By: Susan J. Wiener, Esquire                      Richard Devastey
Attorney I.D. No.: 65301
900 E. 8th Avenue, Suite 301
King of Prussia PA 19406
(610) 382-8100

FRANCES JOYCE                          :   COURT OF COMMON PLEAS
                                       :   PHILADELPHIA COUNTY
                                       :
                 Plaintiff,            :
                                       :
           v.                          :   JUNE TERM 2011
                                       :
RICHARD DEVASTEY                       :
AND                                    :
JEFFREY CROOKS                         :
AND                                    :
MARY CROOKS                            :
AND                                    :
THOMAS GLEASON, JR.                    :
AND                                    :
MARY GLEASON                           :
AND                                    :
PROGRESS BANK OF FLORIDA, C/O FDIC AS  :
RECEIVER PROGRESS BANK                 :
AND                                    :
CITY OF PHILADELPHIA                   :
                                       :
                 Defendant.            :   NO. 0031
                                       :
           v.                          :
                                       :
BERNARD AUGUST, indiv. and t/a MARISA  :
MANGO REAL ESTATE                      :
                 Additional Defendant  :
                                       :

## JOINDER COMPLAINT OF DEFENDANT RICHARD DEVASTEY AGAINST BERNARD AUGUST INDIV. AND T/A MARISA MANGO REAL ESTATE

EXHIBIT I (Page 27)

Case ID: 110600031
Control No.: 12022744

01/04/2012  15:02   2157267254                                    PAGE   01/07

## CERTIFICATE OF SERVICE

I hereby certify that on this __19__ day of December, 2011 I served a true and

correct copy of the foregoing  Joinder Complaint Against Bernard August by first-class mail,

postage prepaid, upon all by first-class mail, postage prepaid, upon all attorneys of record,

addressed as follows: Lee D. Rosenfeld. Esquire

> Messa & Associates, PC
> 123 South 22nd Street
> Philadelphia PA  19103
> ATTORNEY FOR PLAINTIFF FRANCES JOYCE
> Jeffrey Crooks
> 708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
> UNREPRESENTED PARTY
>
> Mary Crooks
> 6708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
> UNREPRESENTED PARTY
>
> Thomas Gleason, Jr.
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
> JR., UNREPRESENTED PARTY
>
> Progress Bank of Florida
> c/o FDIC as Receiver Progress Bank
> 7777 Baymeadows Way West
> Jacksonville FL 32256
> ATTORNEY FOR CO-DEFENDANT PROGRESS BANK OF
> FLORIDA, C/O FDIC AS RECEIVER PROGRESS BANK,
> UNREPRESENTED PARTY
>
> Mary Gleason
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
> UNREPRESENTED PARTY

Case ID: 110600031

Control No.: 12022744

EXHIBIT I (Page 28)

Pursuant to Rule 2252 of the Pennsylvania Rules of Civil Procedure, defendant Richard Devastey hereby brings this Joinder Complaint against additional Defendant, Bernard August, indiv. and t/a Marisa Mango Real Estate, and in support thereof avers as follows:

1.      On June 6, 2011, the plaintiff, Frances Joyce, filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania against Defendant, Richard Devastey, and other parties.  Without admitting the truth of the within allegations, the plaintiff's Complaint is attached hereto and marked Exhibit "A".

2.      The defendant, Richard Devastey, was served with the Complaint on or about October 29, 2011.

3.      In the Complaint, plaintiff alleges that Defendant, Richard Devastey, failed to maintain the sidewalk of 6714 Dicks Avenue, Philadelphia, PA, in a safe condition, causing the alleged personal injuries.  (Exhibit "A").

4.      Attached as Exhibit "B" is a true and correct copy of Defendant, Richard Devastey's Answer to the Complaint denying all averments of negligence and raising as an affirmative defense all the protections applicable to a landlord out of possession.

5.      Without admitting the truth thereof, Defendant, Richard Devastey, incorporates by reference the allegations of the Complaint as though same were fully set forth at length herein.

6.      Additional Defendant, Bernard August, individually and t/a Marisa Mango Real Estate, has a principal place of business at 5601 Chester Avenue, Philadelphia, PA 19143.

7.      At all material times, Additional Defendant, Bernard August, individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to

Case ID: 110600031

EXHIBIT I (Page 29)

Case ID: 110600031
Control No.: 12022744

manage, maintain, inspect, repair and otherwise be responsible for the real property located at

6714 Dicks Avenue, Philadelphia, PA, where the alleged accident occurred.

    8.    The damages suffered by Plaintiff were proximately caused by the negligence,

carelessness and/or negligent omissions of Bernard August, individually and t/a Marisa Mango

Real Estate, in any or all of the following respects:

    a.    Failing to maintain the said real property in a safe manner which would
protect lawful patrons such as the plaintiff from any dangerous conditions on the
premises and sidewalk;

    b.    Failing to inspect the said real property to discovery and repair any
dangerous conditions on the premises and sidewalk;

    c.    Failing to report and/or warn the Defendant, Richard Devastey, and the
plaintiff of any dangerous conditions on the premises and sidewalk that needed to
be repaired;

    d.    Failing to take all actions necessary to protect the plaintiff from any
dangerous conditions on the premises and sidewalk

    9.    If it is proven at trial or otherwise judicially determined that the Plaintiff suffered

damages as described in the Plaintiff's Complaint, said allegations being specifically denied,

Richard Devastey avers that the Plaintiff's damages were the result of the actions, omissions,

carelessness, negligence, breach or warranty, and negligent omissions of Additional Defendant,

Bernard August, indiv. and t/a Marisa Mango Real Estate, and that Additional Defendant is

solely liable to the plaintiff, or liable over to Defendant, Richard Devastey, and/or jointly or

severally liable on plaintiff's cause of action.

    WHEREFORE, Defendant Richard Devastey, respectfully requests that judgment be

entered in his favor and against Plaintiff. In the alternative, in the event that judgment is entered

in favor of the Plaintiff, Defendant, Richard Devastey, respectfully requests that Additional

Defendant, Bernard August, indiv. and t/a Marisa Mango Real Estate, be held liable to Plaintiff,

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 30)

liable over to Defendant Richard Devastey  and/or jointly and/or severally liable over to

Defendant Richard Devastey, and further liable to Defendant Richard Devastey for indemnity

and/or contribution and such other relief as deemed to be just and appropriate under the

circumstances.

                                        LAW OFFICES OF JAMES L. BARLOW

                                        _____
                                        SUSAN J. WIENER, ESQUIRE
                                        Attorney for Defendant
                                        Richard Devastey

                                                            Case ID: 110600031

                                                            Case ID: 110600031
EXHIBIT I (Page 31)                    Control No.: 12022744

## VERIFICATION

I, Susan Wiener, hereby verify that I am counsel for Defendant, Richard Devastey, in the above-referenced case.  The undersigned verifies that she has read the within document and that the same is true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements set forth in said document are made subject to the penalties of 18 Pa. Cons. Stat. Ann. §4904 relating to unsworn falsification to authorities.

_____
SUSAN WIENER, ESQUIRE

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 32)

## CERTIFICATE OF SERVICE

I hereby certify that on this __/9__, day of December, 2011 I served a true and correct copy of the foregoing  Joinder Complaint Against Bernard August by first-class mail, postage prepaid, upon all by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows: Lee D. Rosenfeld, Esquire

> Messa & Associates, PC
> 123 South 22nd Street
> Philadelphia PA  19103
> ATTORNEY FOR PLAINTIFF FRANCES JOYCE
> Jeffrey Crooks
> 708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
> UNREPRESENTED PARTY
>
> Mary Crooks
> 6708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
> UNREPRESENTED PARTY
>
> Thomas Gleason, Jr.
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
> JR., UNREPRESENTED PARTY
>
> Progress Bank of Florida
> c/o FDIC as Receiver Progress Bank
> 7777 Baymeadows Way West
> Jacksonville FL 32256
> ATTORNEY FOR CO-DEFENDANT PROGRESS BANK OF
> FLORIDA, C/O FDIC AS RECEIVER PROGRESS BANK,
> UNREPRESENTED PARTY
>
> Mary Gleason
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
> UNREPRESENTED PARTY

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 33)

Pauline J. Manos, Esquire
1515 Arch Street
14th Floor
Philadelphia PA 19102
ATTORNEY FOR CO-DEFENDANT CITY OF
PHILADELPHIA


Dated: December ___19___, 2011          _____
                                         SUSAN J. WIENER, ESQUIRE


Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 34)

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN
BY:    MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA  19406
(610) 354-8498
(610) 354-8299 (FAX)

Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| v. | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
| Additional Defendants | : | NO. 0031 |

<u>ANSWER OF DEFENDANT, MANGO AND AUGUST, INC.
(INCORRECT IDENTIFIED AS BERNARD AUGUST,
INDIVIDUALLY AND T/A MARISA MANGO REAL ESTATE)
TO JOINDER COMPLAINT OF DEFENDANT, RICHARD DEVASTEY</u>

1. Admitted in part; denied in part.  It is admitted that Plaintiff, Frances Joyce, filed a

Complaint against Defendant, Richard Devastey and other parties.   Answering Additional

Defendant denies any and all liability to any parties in Plaintiff's Complaint. By way of further

Answer, Answering Additional Defendant incorporates herein by reference, his Answer to the

Joinder Complaint, along with New Matter, as fully as though the same were herein set forth at

length.



EXHIBIT "B"

EXHIBIT 1 (Page 33)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

2. Denied. After reasonable investigation, Answering Defendants Additional Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, must deny same.

3. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations in the Complaint speak for themselves and are addressed to parties other than Answering Defendants Additional Defendant herein, and, therefore, this allegation requires no response from Answering Additional Defendant.

4. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the Answer by Richard Devastey to the Complaint speaks for itself and is addressed to parties other than Answering Additional Defendant herein, and, therefore, no response is required from Answering Additional Defendant herein.

5. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations of the Complaint are addressed to parties other than Answering Additional Defendant and, therefore, no response is required from Answering Additional Defendant herein. Further, Answering Additional Defendant denies any allegations in the Complaint as against Answering Additional Defendant and denies any and all liability to Richard Devastey or any other party, including Plaintiff, Frances Joyce.

6. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Answering Additional Defendant, Bernard August, trades as Marisa Mango Real Estate herein. To the contrary, Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate is incorrectly identified in the Joinder Complaint of Richard Devastey. The correct identification of the entity is Mango and August, Inc. and not Richard Devastey, Individually and t/a Marisa Mango Real Estate.

2

EXHIBIT I (Page 36)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

7. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Additional Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to manage, maintain, inspect, repair and otherwise be responsible for the property at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, it is denied that Additional Defendant, Mango and August, Inc., had a verbal or other contract with Defendant, Richard Devastey to manage, maintain, inspect, repair or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, these allegations are conclusions of law to which no responsive pleading is required.

8. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, by Stipulation between the parties, former Additional Defendant Bernard August, Individually and t/a Marisa Mango Real Estate has been dismissed from this lawsuit and is substituted with Additional Defendant Mango and August, Inc  Further, to the extent that any of these averments are deemed factual, the averments are denied pursuant to Pennsylvania Rule of Civil Procedure 1029(e).  Additionally, all allegations of negligence, carelessness and/or negligent omissions on the part of Additional Defendant are specifically denied herein. Further, it is denied that Additional Defendant failed to maintain the said real property in a safe manner and further deny that Additional Defendant failed to inspect the said real property or repair any alleged dangerous conditions on the premises and sidewalk.  It is further denied that Additional Defendant failed to report and/or warn Defendant, Devastey and Plaintiff of any alleged dangerous conditions on the premises and sidewalk.  By Stipulation between the parties, Paragraph 8(d) has been dismissed.  Lastly, all allegations that the alleged

3

damages sustained or suffered by Plaintiff were caused by any negligence, carelessness, or negligent omissions of Additional Defendant are denied.

9. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, these averments are denied pursuant to Pa. R.C.P. 1029(e). Further, Additional Defendant denies that Plaintiff's alleged damages were caused in any way by the actions, omissions, carelessness, negligence, breach, or negligent omissions of Answering Additional Defendant herein. Further, Additional Defendant denies that it is liable over to Defendant, Richard Devastey, to Plaintiff's cause of action. By way of Stipulation by the parties, the allegation that Addition Defendant is solely liable to the Plaintiff or jointly or severally liable on Plaintiff's cause of action has been withdrawn and dismissed

WHEREFORE, Additional Defendant, Mango and August, Inc. (Incorrectly previously identified as Bernard August, Individually and t/a Marisa Mango Real Estate), respectfully requests judgment in its favor and against Richard Devastey and against Plaintiff and all other parties herein. Additionally, Answering Additional Defendant respectfully requests that the Joinder Complaint against Additional Defendant be denied and dismissed in its entirety with counsel fees and costs awarded to Answering Additional Defendant. Further, Answering Additional Defendant respectfully requests judgment that it is not liable over to Defendant, Richard Devastey, for contribution or indemnity to Plaintiff's cause of action

## NEW MATTER

1. Upon information and belief, Plaintiff's claims or certain of them are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

2. Upon information and belief, Plaintiff's claims fail to state a cause of action against Additional Defendant upon which relief may be granted.

4

EXHIBIT I (Page 38)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

3.     Inasmuch as Pennsylvania Rule of Civil Procedure 1032 provides that a party waives all defenses not presented by way of Answer, Additional Defendant, upon advice of counsel, hereby asserts all affirmative defense not otherwise enumerated herein. As set forth in the Pennsylvania Rules of Civil Procedure 1030, the said affirmative defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, et al. The said affirmative defenses are subject to demonstration during the discovery process and proof at the time of trial.

4.     Upon information and belief, the claims and/or injuries and damages alleged by Plaintiff and by Defendant, Richard Devastey, in his Joinder Complaint, are due solely to the conduct of others including entities, individuals and/or parties over whom Answering Additional Defendant had no legal responsibility or control.

5.     Upon information and belief, Plaintiff's claims and the claims of Defendant, Richard Devastey, are barred and/or limited by the Doctrine of Release and Accord and Satisfaction.

6.     There is and was no written contract between Answering Additional Defendant and Richard Devastey to manage, maintain, inspect, repair, or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

7.     Additional Defendant's Joinder Complaint fails to state a cause of action against Additional Defendant upon which relief may be granted.

8.     There is no verbal contract between Defendant, Richard Devastey, and the Answering Additional Defendant to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. The Joinder Complaint of Defendant, Richard Devastey, fails to state a cause of action against Additional

5

EXHIBIT I (Page 39)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

Defendant in that it fails to state the date of the purported Contract, the terms for the purported Contract, and the consideration for same.

9.    Plaintiffs alleged injuries and damages were not caused by any negligence, carelessness, acts, omissions or failure to act on the part of Answering Additional Defendant herein.

10.    Answering Additional Defendant denies that it in any way breached any agreement, verbal or otherwise, to or between Richard Devastey and Answering Defendants Additional Defendant which in any way caused injuries or damages to Plaintiff or Defendant, Richard Devastey, or any other party herein.

11.    Answering Additional Defendant denies that it owed any duty of care to Defendant, Richard Devastey, or to Plaintiff or any other party herein.

12.    Answering Additional Defendant verbally agreed with Defendant Richard Devastey to assist him in renting the property and to collect rents and to notify him of complaints by tenants relative to the property at 6714 Dicks Avenue, Philadelphia, PA but did not agree, verbally or otherwise, to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

13.    Richard Devastey has failed to produce any written Contract between him and Answering Additional Defendant and, therefore, his claim for breach of contract must be dismissed.

14.    As the owner of the property at 6714 Dicks Avenue, Philadelphia, PA, on the date of the alleged incident, Richard Devastey is responsible and liable for the management, maintenance, inspection, and repair of any dangerous and/or defective conditions on the property, including the sidewalk therein.

6

EXHIBIT I (Page 40)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

15.     As owner of the property at 6714 Dicks Avenue, Philadelphia, PA on the date of the alleged incident, Richard Devastey's duty to manage, maintain, inspect, repair and otherwise be responsible for said real property, is a non-delegable duty and, therefore, Richard Devastey remains responsible and liable for the management, maintenance, inspection, repair and responsibility for the said property.

16.     Upon information and belief, purported Contracts and Agreements relative to the management, maintenance, inspection, repair and responsibility for real property, must be in writing.   The alleged Agreement between Richard Devastey and Answering Additional Defendant may be subject to the Statute of Frauds and cannot form the basis of any alleged breach by Answering Additional Defendant for failure to produce a written Contract with specific terms of the purported Agreement, including the date, terms and consideration for same.

17.     To the extent that there was any dangerous or defective conditions on the premises and sidewalk of Richard Devastey's real property located at 6714 Dicks Avenue, Philadelphia, PA on the alleged date of the incident, said conditions were caused by Richard Devastey in failing to manage, maintain, inspect, repair or otherwise be responsible for the said real property.

18.     Richard Devastey is not entitled to any protection against liability on a theory of owner/landlord out of possession.

19.     Answering Additional Defendant is not liable to Richard Devastey for indemnity or contribution and is not liable over to Richard Devastey herein.

20.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

7

EXHIBIT I (Page 41)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

21.     To the extent that Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence and/or the negligence of others named in Plaintiff's Complaint.

22.     To the extent that Plaintiff suffered injuries and damages as alleged, the injuries and damages were caused by and the result of Plaintiff's failure to observe where he was walking and/or by the alleged dog chasing him and not by any dangerous or defective condition of the sidewalk at 6714 Dicks Avenue, Philadelphia, PA.

23.     To the extent that any dangerous or defective conditions existed on the property at 6714 dicks Avenue, Philadelphia, PA on the date alleged, which is denied, said conditions were open and obvious to Plaintiff Joyce and therefore any recovery by him is barred or reduced by the Comparative Negligence Act.

24.     Upon information and belief, Plaintiff, Joyce, may have failed to mitigate his damages.

25.     To the extent that Plaintiff, Joyce, sustained injuries or damages as alleged in his Complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason as alleged in Count IV of Plaintiff Joyce's Complaint, including Paragraphs 43 through 50, inclusive.

26.     To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Progress bank and City of Philadelphia as alleged in Counts II and III of Plaintiff's Complaint.

8

EXHIBIT I (Page 42)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

27.     To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendant, Richard Devastey, as alleged in Count I of Plaintiff's Complaint.

**WHEREFORE,** Answering Additional Defendant respectfully requests that judgment be entered in its favor and against Defendant, Richard Devastey, and against Plaintiff and all other parties herein. Further, Answering Additional Defendant respectfully requests judgment in its favor and against Defendant, Richard Devastey, relative to his claim against Answering Additional Defendant herein.  Further, Answering Additional Defendant respectfully requests judgment in its favor that it is not liable to Richard Devastey for indemnity or contribution to Plaintiff's cause of action.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: *Michael J. Dempsey, Esquire*
MICHAEL J. DEMPSEY, ESQUIRE

Date: January 26, 2012

26/1854330.v1

9

EXHIBIT I (Page 43)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

## <u>VERIFICATION</u>

Bernard August being duly sworn according to law deposes and says that he is

_____ of Defendant Mango and August, Inc.,  a defendant in the

above captioned matter,  and that the facts set forth in the foregoing Answer and New Matter to

Joinder Complaint are true and correct to the best of his knowledge, information, and belief.  This

verification is subject to 18 Pa.C.S.  §4904 which provides for certain penalties for making false

statements.

MANGO AND AUGUST, INC.


By:    _____

BERNARD AUGUST


DATE:  _____


**10**

EXHIBIT I (Page 44)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

## CERTIFICATE OF SERVICE

I, MICHAEL J. DEMPSEY, hereby certify that I electronically filed, on the date indicated, Additional Defendant Mango and August, Inc.'s (Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate) Answer and New Matter to Joinder Complaint of Richard Devastey, and will be served as follows:

1.    Electronically by the Court, in accordance with Pa. Pa. R.C.P. 205.4(G); and can be viewed by counsel; or

2.    In accordance with Pa. R.C.P. 440 via US. First Class Mail upon all parties not served electronically.

*Michael J. Dempsey*
Michel J. Dempsey, Esquire
Attorney for Defendant Mango and August, Inc.(Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate)

Date: January 26, 2012

11

EXHIBIT I (Page 45)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOOGIN**
BY:   MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA  19406
(610) 354-8498
(610) 354-8299 (FAX)

Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| v. | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
| Additional Defendants | : | NO.  0031 |

<u>NOTICE TO PLEAD</u>

To:     ALL PARTIES          DATE:  January  26, 2012

You are hereby notified to plead to the enclosed  New Matter within twenty (20) days

from service hereof or a Default Judgment may be entered against you.


BY:   *Michael J. Dempsey*
MICHAEL J. DEMPSEY, ESQ.


EXHIBIT I (Page 46)

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
     Lee D. Rosenfeld, Esquire
Attorney J.D. No.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pa. 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a major case.

Jury Trial Demanded



Attorneys for Plaintiff

| | |
|---|---|
| FRANCES JOYCE | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| RICHARD DEVASTEY | : |
| 5601 Chester Avenue | : |
| Philadelphia, PA19143 | : |
| and | : |
| CITY OF PHILADELPHIA | : |
| C/O LAW DEPARTMENT | : |
| 14TH Floor | : |
| 1515 Arch Street | : |
| Philadelphia, Pennsylvania 19102 | : |
| and | : |
| PROGRESS BANK OF FLORIDA | : |
| c/o FDIC AS Receiver for Progress | : |
| Bank of Florida | : |
| 7777 Baymeadows Way West | : |
| Jacksonville, FL 32256 | : |
| and | : |
| JEFFREY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
| and | : |
| MARY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
| and | : |
| THOMAS GLEASON, JR. | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
| and | : |
| MARY GLEASON | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
| Defendants | |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

June Term, 2011

No:



EXHIBIT
"C"

Case ID: 11060003 ¹

EXHIBIT I (Page 47)

Case ID: 110600031
Control No.: 12022744

01/04/2012  15:02    2157267254

**"NOTICE"**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

**"AVISO"**

"Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de 'o fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DUEÑO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Información Legal
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 110600031

EXHIBIT I (Page 48)

Case ID: 110600031
Control No.: 12022744

01/04/2012  15:02   2157267254

. . .

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a Major Case.

Jury Trial Demanded.

Attorneys for Plaintiff

---

FRANCIS JOYCE
6650 Dicks Avenue
Philadelphia, PA 19142
                    Plaintiff
        v.
RICHARD DEVASTEY
5601 Chester Avenue
Philadelphia, PA 19143
        and
PROGRESS BANK OF FLORIDA
C/O FDIC as RECEIVER for PROGRESS
BANK OF FLORIDA
7777 Baymeadows Way West
Jacksonville, FL 32256
        and
CITY OF PHILADELPHIA
Law Department - 14th Floor
1515 Arch Street
Philadelphia, PA 19102
        and
JEFFREY CROOKS
6708 Dicks Avenue
Philadelphia, PA 19142
        and
MARY CROOKS
6708 Dicks Avenue
Philadelphia, PA 19142
        and
THOMAS GLEASON, JR
66 Springton Road
Upper Darby, PA 19082
        and
MARY GLEASON
66 Springton Road
Upper Darby, PA 19082

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

June Term, 2011
No.

Case ID: 110600031

EXHIBIT I (Page 49)

Case ID: 110600031
Control No.: 12022744

Defendants                    :

## CIVIL ACTION - COMPLAINT

Case ID: 110600031

EXHIBIT I (Page 50)

Case ID: 110600031
Control No.: 12022744

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a Major Case.

Jury Trial Demanded.

Attorneys for Plaintiff

| | |
|---|---|
| FRANCIS JOYCE<br>6650 Dicks Avenue<br>Philadelphia, PA 19142<br>           Plaintiff<br>    v.<br>RICHARD DEVASTEY<br>5601 Chester Avenue<br>Philadelphia, PA 19143<br>    and<br>PROGRESS BANK OF FLORIDA<br>C/O FDIC as RECEIVER for PROGRESS<br>BANK OF FLORIDA<br>7777 Baymeadows Way West<br>Jacksonville, FL 32256<br>    and<br>CITY OF PHILADELPHIA<br>Law Department - 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>    and<br>JEFFREY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>MARY CROOKS<br>6708 Dicks Avenue<br>Philadelphia, PA 19142<br>    and<br>THOMAS GLEASON, JR.<br>66 Springton Road<br>Upper Darby. PA 19082<br>    and<br>MARY GLEASON<br>66 Springton Road<br>Upper Darby, PA 19082 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>June Term, 2011<br>No. |

Case ID: 110600031

EXHIBIT I (Page 51)

Case ID: 110600031
Control No.: 12022744

Defendants                    :

## CIVIL ACTION - COMPLAINT

1.      Plaintiff Francis Joyce is an adult individual residing at the above captioned address.

2.      Defendant Richard Devastey is an adult individual residing at the above captioned address.

3.      Defendant Progress Bank of Florida (hereafter "Progress Bank") is a corporation organized and existing under the laws of the State of Florida which regularly conducts business at the above captioned address.

4.      Defendant, City of Philadelphia, is a municipal corporation organized as a City of the First Class under the Act of February 2, 1954, P.L., Sec 1; 53 P.S., 16251, as amended, which maintains an office at the above captioned address.

5.      Defendant Jeffrey Crooks is an adult individual residing at the above captioned address.

6.      Defendant Mary Crooks is an adult individual residing at the above captioned address.

7.      Defendant Thomas Gleason, Jr. is an adult individual residing at the above captioned address.

8.      Defendant Mary Gleason is an adult individual residing at the above captioned address.

9.      At all times relevant hereto, Defendants acted or failed to act by and through their authorized agents, servants, workmen and/or employees who were then and there acting in the

Case ID: 110600031

Case ID: 110600031

Case ID: 110600031

EXHIBIT I (Page 52)

Case ID: 110600031
Control No.: 12022744

course and scope of their employment and/or agency.

10.    On or about July 16, 2009, Defendant Richard Devastey owned, operated, maintained and/or controlled the real property of 6714 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

11.    At the above mentioned time and place, Defendant Progress Bank owned, operated, maintained and/or controlled the real property of 6712 Dicks Avenue Philadelphia, PA, including, but not limited to, its abutting pavements and sidewalks.

12.    At the above mentioned time and place, Defendant City of Philadelphia had the legal responsibility to maintain the abutting sidewalks of 6712 Dicks Avenue Philadelphia, PA and 6714 Dicks Avenue Philadelphia, PA.

13.    At the above mentioned time and place, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142 and which had vicious propensities to attack human beings without provocation.

14.    On July 16, 2009, Plaintiff, Francis Joyce, was a lawful pedestrian along the sidewalk of Dicks Avenue, Philadelphia, PA when he was suddenly attacked by an at large dog owned and/or controlled by Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason.

15.    As a result of being attacked, Plaintiff Francis Joyce attempted to move away from said dog and was caused to trip and fall due to defective concrete upon the sidewalks abutting 6712 and 6714 Dicks Avenue Philadelphia, PA 19142, thereby causing him the injuries and damages more fully set forth at length below.

Case ID: 110600031
Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 53)

## COUNT 1
### Francis Joyce v. Richard Devastey

Plaintiff incorporates herein by reference paragraphs 1 through 15 above as fully as if set forth at length below.

16.    At the above mentioned place and time, it was a duty of the Defendant Richard Devastey to keep and maintain his premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

17.    At the above mentioned place and time, Defendant Richard Devastey did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

18.    Defendant knew or should have known of the existence of said dangerous condition.

19.    The negligence of Defendant Richard Devastey included the following:

   a)    failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

   b)    failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise of reasonable care, should have known;

   c)    failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)    failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)    allowing said defect to exist on the premises;

Case ID: 110600031

EXHIBIT I (Page 54)

Case ID: 110600031
Control No.: 12022744

    f)     failing to provide appropriate warnings of said dangerous condition;

    g)     failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

20.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

21.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

22.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

23.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

24.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

## COUNT II

### Francis Joyce v. Progress Bank

Plaintiff incorporates herein by reference paragraphs 1 through 24 above as fully as if set forth at length below.

25.   At the above mentioned place and time, it was a duty of the Defendant Progress Bank to keep and maintain its premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

26.   At the above mentioned place and time, Defendant Progress Bank did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

27.   Defendant knew or should have known of the existence of said dangerous condition.

28.   The negligence of Defendant Progress Bank included the following:

    a)   failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

    b)   failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise of reasonable care, should have known;

    c)   failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

    d)   failing to provide a safe area of passage for the plaintiff and other lawful patrons;

    e)   allowing said defect to exist on the premises;

Case ID: 110600031

EXHIBIT I (Page 56)

Case ID: 110600031
Control No.: 12022744

\

f)      failing to provide appropriate warnings of said dangerous condition;

g)      failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

29.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

30.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

31.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

32.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

33.     As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT I (Page 57)

Case ID: 110600031
Control No.: 12022744

## COUNT III

### Francis Joyce v. City of Philadelphia

Plaintiff incorporates herein by reference paragraphs 1 through 33 above as fully as if set forth at length below.

34.    At the above mentioned place and time, it was a duty of the Defendant City of Philadelphia to keep and maintain the sidewalks of 6712 and 6714 Dicks Avenue in a reasonable and safe condition for pedestrians.

35.    At the above mentioned place and time, Defendant City of Philadelphia did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

36.    Defendant had actual and/or constructive notice of said dangerous condition.

37.    The negligence of Defendant City of Philadelphia included the following:

    a)    failing to maintain said sidewalks in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions;

    b)    failing to warn the plaintiff of said defective and dangerous condition on the sidewalks, about which the defendants knew, or in the exercise or reasonable care, should have known;

    c)    failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

    d)    failing to provide a safe area of passage for the plaintiff and other lawful patrons;

    e)    allowing said defects to exist on the sidewalks;

    f)    failing to provide appropriate warnings of said dangerous condition;

    g)    failing to inspect the aforesaid location and ascertain the hazardous and

Case ID: 110600031

EXHIBIT I (Page 58)

Case ID: 110600031
Control No.: 12022744

defective condition which existed;

38.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

39.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

40.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

41.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

42.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

EXHIBIT I (Page 59)

Case ID: 110600031
Control No.: 12022744

## COUNT IV

**Francis Joyce v. Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason**

Plaintiff incorporates herein by reference paragraphs 1 through 42 above as fully as if set forth at length below.

43.     At the above mentioned place and time, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142.

44.     Defendants knew or should have known that said dog had a propensity of attacking human beings without provocation and/or failed to properly leash it or take other precautions to prevent the attack upon Plaintiff Francis Joyce.

45.     The negligence of Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason included, but is not limited to, the following:

       a)    allowing the dog to be at large, in violation of the City of Philadelphia's animal ordinances;

       b)    failing to exercise reasonable care in securing the dog;

       c)    failing to properly control the dog;

       d)    failing to take reasonable precaution to protect pedestrians from the dog;

       e)    failing to provide pedestrians with appropriate warnings; and

       f)    allowing the dog to attack Plaintiff Francis Joyce on the sidewalk of Dicks Avenue, Philadelphia, PA.

46.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corroolive surgery and various other ills and injuries.

47.     As a direct and proximate result of the aforesaid accident, Plaintiff,

Case ID: 110600031

EXHIBIT I (Page 60)

Case ID: 110600031

Control No.: 12022744

Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

48.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

49.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

50.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Respectfully submitted,
MESSA & ASSOCIATES, P.C.

/s/ Lee D. Rosenfeld

Lee D. Rosenfeld
Attorney for Plaintiff

Dated:___June 6, 2011

Case ID: 110600031

EXHIBIT I (Page 61)

Case ID: 110600031
Control No.: 12022744

## VERIFICATION

I, FRANCES Joyce                    , Plaintiff herein makes this Verification and states

that the statements made in the foregoing are true and correct to the best of his/her knowledge,

information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of

18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

FRANCES Joyce

Dated: 6-6-11 .

Case I.D: 110600031

Case ID: 110600031
Control No.: 12022744

EXHIBIT I (Page 62)

TO:  Plaintiff and Defendants
YOU ARE HEREBY NOTIFIED TO
FILE A WRITTEN RESPONSE TO THE
ENCLOSED  NEW MATTER
WITHIN 20 DAYS FROM SERVICE
HEREOF OR JUDGMENT MAY BE
ENTERED  AGAINST YOU.

_____
ATTORNEY FOR ADDITIONAL DEFENDANT

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN**
BY:   MICHAEL J. DEMPSEY, ESQUIRE
IDENTIFICATION NO.: 34454
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
(610) 354-8498 (610) 354-8299 (FAX)
Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
| Additional Defendants | : | NO.  0031 |

**AMENDED ANSWER, NEW MATTER AND NEW CROSSCLAIMS OF ADDITIONAL
DEFENDANT, MANGO AND AUGUST, INC.
(INCORRECT IDENTIFIED AS BERNARD AUGUST,
INDIVIDUALLY AND T/A MARISA MANGO REAL ESTATE)
TO JOINDER COMPLAINT OF DEFENDANT, RICHARD DEVASTEY**



EXHIBIT "D"

EXHIBIT I (Page 63)

Case ID: 110600031
Control No.: 12022744

1. Admitted in part; denied in part. It is admitted that Plaintiff, Frances Joyce, filed a Complaint against Defendant, Richard Devastey and other parties. Answering Additional Defendant denies any and all liability to any parties in Plaintiff's Complaint. By way of further Answer, Answering Additional Defendant incorporates herein by reference, his Answer to the Joinder Complaint, along with New Matter, as fully as though the same were herein set forth at length.

2. Denied. After reasonable investigation, Answering Defendants Additional Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, must deny same.

3. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations in the Complaint speak for themselves and are addressed to parties other than Answering Defendants Additional Defendant herein, and, therefore, this allegation requires no response from Answering Additional Defendant.

4. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the Answer by Richard Devastey to the Complaint speaks for itself and is addressed to parties other than Answering Additional Defendant herein, and, therefore, no response is required from Answering Additional Defendant herein.

5. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations of the Complaint are addressed to parties other than Answering Additional Defendant and, therefore, no response is required from Answering Additional Defendant herein. Further, Answering Additional Defendant denies any allegations in the Complaint as against Answering Additional Defendant and denies any and all liability to Richard Devastey or any other party, including Plaintiff, Frances Joyce.

EXHIBIT I (Page 64)

Case ID: 110600031
Control No.: 12022744

6. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Answering Additional Defendant, Bernard August, trades as Marisa Mango Real Estate herein. To the contrary, Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate is incorrectly identified in the Joinder Complaint of Richard Devastey. The correct identification of the entity is Mango and August, Inc. and not Richard Devastey, Individually and t/a Marisa Mango Real Estate.

7. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Additional Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to manage, maintain, inspect, repair and otherwise be responsible for the property at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, it is denied that Additional Defendant, Mango and August, Inc., had a verbal or other contract with Defendant, Richard Devastey to manage, maintain, inspect, repair or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, these allegations are conclusions of law to which no responsive pleading is required.

8. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, by Stipulation between the parties, former Additional Defendant Bernard August, Individually and t/a Marisa Mango Real Estate has been dismissed from this lawsuit and is substituted with Additional Defendant Mango and August, Inc Further, to the extent that any of these averments are deemed factual, the averments are denied pursuant to Pennsylvania Rule of Civil Procedure 1029(e). Additionally, all allegations of negligence, carelessness and/or negligent omissions on the part of Additional Defendant are specifically denied herein. Further, it is denied that Additional Defendant failed to maintain the said real

3

EXHIBIT I (Page 65)

Case ID: 110600031
Control No.: 12022744

property in a safe manner and further deny that Additional Defendant failed to inspect the said real property or repair any alleged dangerous conditions on the premises and sidewalk. It is further denied that Additional Defendant failed to report and/or warn Defendant, Devastey and Plaintiff of any alleged dangerous conditions on the premises and sidewalk. By Stipulation between the parties, Paragraph 8(d) has been dismissed. Lastly, all allegations that the alleged damages sustained or suffered by Plaintiff were caused by any negligence, carelessness, or negligent omissions of Additional Defendant are denied.

9. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, these averments are denied pursuant to Pa. R.C.P. 1029(e). Further, Additional Defendant denies that Plaintiff's alleged damages were caused in any way by the actions, omissions, carelessness, negligence, breach, or negligent omissions of Answering Additional Defendant herein. Further, Additional Defendant denies that it is liable over to Defendant, Richard Devastey, to Plaintiff's cause of action. By way of Stipulation by the parties, the allegation that Addition Defendant is solely liable to the Plaintiff or jointly or severally liable on Plaintiff's cause of action has been withdrawn and dismissed

**WHEREFORE,** Additional Defendant, Mango and August, Inc. (Incorrectly previously identified as Bernard August, Individually and t/a Marisa Mango Real Estate), respectfully requests judgment in its favor and against Richard Devastey and against Plaintiff and all other parties herein. Additionally, Answering Additional Defendant respectfully requests that the Joinder Complaint against Additional Defendant be denied and dismissed in its entirety with counsel fees and costs awarded to Answering Additional Defendant. Further, Answering Additional Defendant respectfully requests judgment that it is not liable over to Defendant, Richard Devastey, for contribution or indemnity to Plaintiff's cause of action

EXHIBIT I (Page 66)

Case ID: 110600031
Control No.: 12022744

## NEW MATTER

1.      Upon information and belief, Plaintiff's claims or certain of them are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

2.      Upon information and belief, Plaintiff's claims fail to state a cause of action against Additional Defendant upon which relief may be granted.

3.      Inasmuch as Pennsylvania Rule of Civil Procedure 1032 provides that a party waives all defenses not presented by way of Answer, Additional Defendant, upon advice of counsel,  hereby asserts all affirmative defense not otherwise enumerated herein.  As set forth in the Pennsylvania Rules of Civil Procedure 1030, the said affirmative defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, et al.  The said affirmative defenses are subject to demonstration during the discovery process and proof at the time of trial.

4.      Upon information and belief, the claims and/or injuries and damages alleged by Plaintiff and by Defendant, Richard Devastey, in his Joinder Complaint, are due solely to the conduct of others including entities, individuals and/or parties over whom Answering Additional Defendant had no legal responsibility or control.

5.      Upon information and belief, Plaintiff's claims and the claims of Defendant, Richard Devastey, are barred and/or  limited by the Doctrine of Release and Accord and Satisfaction.

6.      There is and was no written contract between Answering Additional Defendant and Richard Devastey to manage, maintain, inspect, repair, or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

7.      Additional Defendant's Joinder Complaint fails to state a cause of action against Additional Defendant upon which relief may be granted.

EXHIBIT I (Page 67)

Case ID: 110600031

Control No.: 12022744

8.   There is no verbal contract between Defendant, Richard Devastey, and the Answering Additional Defendant to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. The Joinder Complaint of Defendant, Richard Devastey, fails to state a cause of action against Additional Defendant in that it fails to state the date of the purported Contract, the terms for the purported Contract, and the consideration for same.

9.   Plaintiffs alleged injuries and damages were not caused by any negligence, carelessness, acts, omissions or failure to act on the part of Answering Additional Defendant herein.

10.   Answering Additional Defendant denies that it in any way breached any agreement, verbal or otherwise, to or between Richard Devastey and Answering Defendants Additional Defendant which in any way caused injuries or damages to Plaintiff or Defendant, Richard Devastey, or any other party herein.

11.   Answering Additional Defendant denies that it owed any duty of care to Defendant, Richard Devastey, or to Plaintiff or any other party herein.

12.   Answering Additional Defendant verbally agreed with Defendant Richard Devastey to assist him in renting the property and to collect rents and to notify him of complaints by tenants relative to the property at 6714 Dicks Avenue, Philadelphia, PA but did not agree, verbally or otherwise, to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

13.   Richard Devastey has failed to produce any written Contract between him and Answering Additional Defendant and, therefore, his claim for breach of contract must be dismissed.

6

EXHIBIT I (Page 68)

Case ID: 110600031
Control No.: 12022744

14.     As the owner of the property at 6714 Dicks Avenue, Philadelphia, PA, on the date of the alleged incident, Richard Devastey is responsible and liable for the management, maintenance, inspection, and repair of any dangerous and/or defective conditions on the property, including the sidewalk therein.

15.     As owner of the property at 6714 Dicks Avenue, Philadelphia, PA on the date of the alleged incident, Richard Devastey's duty to manage, maintain, inspect, repair and otherwise be responsible for said real property, is a non-delegable duty and, therefore, Richard Devastey remains responsible and liable for the management, maintenance, inspection, repair and responsibility for the said property.

16.     Upon information and belief, purported Contracts and Agreements relative to the management, maintenance, inspection, repair and responsibility for real property, must be in writing.   The alleged Agreement between Richard Devastey and Answering Additional Defendant may be subject to the Statute of Frauds and cannot form the basis of any alleged breach by Answering Additional Defendant for failure to produce a written Contract with specific terms of the purported Agreement, including the date, terms and consideration for same.

17.     To the extent that there was any dangerous or defective conditions on the premises and sidewalk of Richard Devastey's real property located at 6714 Dicks Avenue, Philadelphia, PA on the alleged date of the incident, said conditions were caused by Richard Devastey in failing to manage, maintain, inspect, repair or otherwise be responsible for the said real property.

18.     Richard Devastey is not entitled to any protection against liability on a theory of owner/landlord out of possession.

7

EXHIBIT I (Page 69)

Case ID: 110600031
Control No.: 12022744

19.     Answering Additional Defendant is not liable to Richard Devastey for indemnity or contribution and is not liable over to Richard Devastey herein.

20.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

21.     To the extent that Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence and/or the negligence of others named in Plaintiff's Complaint.

22.     To the extent that Plaintiff suffered injuries and damages as alleged, the injuries and damages were caused by and the result of Plaintiff's failure to observe where he was walking and/or by the alleged dog chasing him and not by any dangerous or defective condition of the sidewalk at 6714 Dicks Avenue, Philadelphia, PA.

23.     To the extent that any dangerous or defective conditions existed on the property at 6714 dicks Avenue, Philadelphia, PA on the date alleged, which is denied, said conditions were open and obvious to Plaintiff Joyce and therefore any recovery by him is barred or reduced by the Comparative Negligence Act.

24.     Upon information and belief, Plaintiff, Joyce, may have failed to mitigate his damages.

25.     To the extent that Plaintiff, Joyce, sustained injuries or damages as alleged in his Complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason as alleged in Count IV of Plaintiff Joyce's Complaint, including Paragraphs 43 through 50, inclusive.

EXHIBIT I (Page 70)

Case ID: 110600031
Control No.: 12022744

26.     To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Progress bank and City of Philadelphia as alleged in Counts II and III of Plaintiff's Complaint.

27.     To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendant, Richard Devastey, as alleged in Count I of Plaintiff's Complaint.

**WHEREFORE,** Answering Additional Defendant respectfully requests that judgment be entered in its favor and against Defendant, Richard Devastey, and against Plaintiff and all other parties herein. Further, Answering Additional Defendant respectfully requests judgment in its favor and against Defendant, Richard Devastey, relative to his claim against Answering Additional Defendant herein. Further, Answering Additional Defendant respectfully requests judgment in its favor that it is not liable to Richard Devastey for indemnity or contribution to Plaintiff's cause of action.

**NEW MATTER IN THE NATURE OF CROSSCLAIMS AGAINST DEFENDANTS, RICHARD DEVASTEY, JEFFREY CROOKS, MARY CROOKS, THOMAS GLEASON, JR., MARY GLEASON, PROGRESS BANK OF FLORIDA AND FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER AND SUCCESSOR TO DEFENDANT, PROGRESS BANK OF FLORIDA AND CITY OF PHILADELPHIA**

28.     Answering Additional Defendant incorporates herein by reference all paragraphs of Plaintiff's Complaint, Joinder Complaint, and Answering Additional Defendant's Amended Answer, New Matter and New Matter Crossclaims as fully as though the same were herein set forth at length.

29.     Answering Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and t/a Marisa Mango Real Estate), denies any and all liability to

Case ID: 110600031
Control No.: 12022744

Plaintiff and to any and all parties named in Plaintiff's civil action and in the Joinder Complaint

by Defendant, Richard Devastey. Further, although Answering Additional Defendant denies

liability on the part of all of the Defendants in this matter, nonetheless, if, and only if, the

allegations in Plaintiff's Complaint and/or the Joinder Complaint, or certain of them, are true and

proven, then it is averred that the conditions complained of were caused solely or in part by the

negligence, carelessness, acts, omissions and/or other tortious conduct on the part of Defendants,

Richard Devastey, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr., Mary Gleason, Progress

Bank of Florida/Federal Deposition Insurance Corporation as Receiver and Successor to

Progress Bank of Florida, and City of Philadelphia, and from the said Defendants, Additional

Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and

t/a Marisa Mango Real Estate), demand indemnity and contribution, together with reasonable

counsel fees and costs.

<div style="margin-left:auto">

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN


By:_____

     MICHAEL J. DEMPSEY, ESQUIRE
     Attorney for Additional Defendant
     Mango & August, Inc.
     (Incorrectly identified as Bernard August Indv.
     And t/a Marisa Mango Real Estate)

</div>

Date:

26/1884248.v1

<div style="text-align:center">10</div>

EXHIBIT I (Page 72)

Case ID: 110600031
Control No.: 12022744

## VERIFICATION

Michael J. Dempsey, Esquire, Attorney for Additional Defendant, being duly sworn according to law deposes and says that the facts set forth in the foregoing Amended Answer, New Matter and New Matter Crossclaims of Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August, Indv. and t/a Marisa Mango Real Estate) to Joinder Complaint are true and correct to the best of his knowledge, information, and belief. This verification is subject to 18 Pa.C.S. §4904 which provides for certain penalties for making false statements.

_____
MICHAEL J. DEMPSEY, ESQUIRE

DATE: _____

Case ID: 110600031

Control No.: 12022744

## CERTIFICATE OF SERVICE

I, MICHAEL J. DEMPSEY, hereby certify that I electronically filed, on the date indicated, Additional Defendant Mango and August, Inc.'s (Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate) Amended Answer, New Matter and New Matter Crossclaims to Joinder Complaint of Richard Devastey, and will be served as follows:

      1.     Electronically by the Court, in accordance with Pa. Pa. R.C.P. 205.4(G); and can be viewed by counsel; or

      2.     In accordance with Pa. R.C.P. 440 via US. First Class Mail upon all parties not served electronically.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


BY:_____

          Michel J. Dempsey, Esquire
          Attorney for Defendant Mango and August,
          Inc.(Incorrectly identified as Bernard
          August, Individually and t/a Marisa Mango
          Real Estate)


DATED:

EXHIBIT I (Page 74)

Case ID: 110600031
Control No.: 12022744














# First Class Mail

7008 1140 0000 7593 3734

2011 JUN 13  PM 3 59

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103

TO: Progress Bank of Florida
c/o FDIC as Receiver for Progress Bank of Florida
7777 Baymeadows Way West
Jacksonville, FL 32256

EXHIBIT I (Page 75)