### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS JOYCE | : | CIVIL ACTION |
| v. | : | |
| RICHARD DEVASTEY, et al | : | Case No.: 2:12-cv-00834-LS |

### ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Motion to Dismiss of Defendant FDIC, as Receiver for Progress Bank of Florida, and the response of Co-Defendant, Mango and August, Inc., it is hereby ORDERED and DECREED that the Motion is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS JOYCE | : | CIVIL ACTION |
| v. | : | |
| RICHARD DEVASTEY, et al | : | Case No.: 2:12-cv-00834-LS |

### RESPONSE OF DEFENDANT, MANGO AND AUGUST, INC. IN OPPOSITION TO MOTION TO DISMISS BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR PROGRESS BANK OF FLORIDA

Defendant, Mango and August, Inc., by and through its attorneys, Marshall, Dennehey, Warner, Coleman and Goggin, respectfully responds in opposition to Defendant, FDIC's Motion to Dismiss and requests that this Honorable Court deny Defendant, FDIC's Motion to Dismiss. In support of its opposition to Defendant, FDIC's Motion to Dismiss, Defendant Mango and August, Inc. relies upon its Memorandum of Law in Opposition to FDIC's Motion to Dismiss, which is submitted herein.

                         MARSHALL, DENNEHEY, WARNER,
                         COLEMAN & GOGGIN


                BY:   *Michael J. Dempsey, Esquire*
                      MICHAEL J. DEMPSEY, ESQUIRE
                      Marshall, Dennehey, Warner, Coleman & Goggin
                      620 Freedom Business Center, Suite 300
                      King of Prussia, PA 19406
                      610-354-8498
                      ATTORNEY FOR DEFENDANT
                      Mango and August, Inc. (Also identified as Bernard August Individually and t/a Marisa Mango Real Estate)

Dated: September 19, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS JOYCE | : | CIVIL ACTION |
| v. | : | |
| RICHARD DEVASTEY, et al | : | Case No.: 2:12-cv-00834-LS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MANGO AND AUGUST, INC.'S(ALSO IDENTIFIED AS BERNARD AUGUST, INDIVIDUALLY ANDT/A MARISA MANGO REAL ESTATE) OPPOSITION TO DEFENDANT, FDIC'S MOTION TO DISMISS**

Defendant, Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate), by and through its counsel, responds hereto to Co-Defendant, FDIC's Motion to Dismiss all claims against it pursuant to 12 U.S.C. §12(b)(1) and (6) and hereby requests that the Motion to Dismiss be denied and dismissed.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On or about June 6, 2011, Plaintiff, Francis Joyce, filed a Complaint in the Court of Common Pleas of Philadelphia County against the following Defendants: Richard Devastey ("Devastey"); City of Philadelphia; Progress Bank of Florida ("Progress Bank"); Jeffrey Crooks; Mary Crooks; Thomas Gleason and Mary Gleason.  The Complaint seeks damages against Defendants relative to an alleged personal injury that occurred on July 16, 2009.  Thereafter, on December 21, 2011, Devastey filed a Joinder Complaint against Responding Defendant, Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate). See attached Docket Entries marked as Exhibit "D").  That Joinder Complaint was served upon Responding Defendant, Mango and August, Inc. on January 8, 2012.  Accordingly, Responding Defendant, Mango and August, Inc. had no notice whatsoever of any claim made against it until January 8, 2012, a year after the Claims Bar Date of January 26, 2011 and 14 months after the

appointment of the Receiver.  Thus, there was no way that Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Maris Mango Real Estate) could have been on notice of a potential claim against Progress Bank for indemnity and contribution prior to the Claims Bar Date.  It had no way of knowing about the claim until the Joinder Complaint was served on it on January 8, 2012.  Responding Defendant, Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate)   and Defendants, Devastey and City of Philadelphia have asserted crossclaims against Progress Bank of Florida/FDIC as Receiver for Progress Bank of Florida.

On October 20, 2010, Progress Bank was declared insolvent by the State of Florida, Office of Financial Regulation.  Thereafter a Claims Bar Date of January 26, 2011 was set for all claims against FDIC as Receiver for Progress Bank.   As noted above, the Joinder Complaint adding Responding Defendant, Mango and August, Inc. as an Additional Defendant was not filed until December 21, 2011, 11 months after the bar date for all claims against FDIC as Receiver for Progress Bank.   Similarly, Responding Defendant, Mango and August, Inc. had no notice of the Claims Bar Date or the appointment of FDIC as Receiver for Progress Bank until after the Joinder Complaint was served upon Responding Defendant on January 8, 2012 naming it as an Additional Defendant.

Thereafter, on February 7, 2012, FDIC, as Receiver for Progress Bank, sent a Notice to Additional Defendant, Mango and August, Inc. notifying it to submit a properly completed Proof of Claim form with supporting documentation to the Receiver on or before May 7, 2012.   Responding Defendant properly submitted its Proof of Claim form, and supporting documentation, attached hereto as Exhibit "A" to FDIC on April 4, 2012, in advance of its May 7, 2012 submission deadline.  Responding Defendant attached the original Complaint by Francis Joyce along with the Joinder

Complaint filed against Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate) and other pleadings filed in the matter.  Importantly, the documentation submitted to the Receiver on April 4, 2012 included time-stamped pleadings, including the Joinder Complaint against Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate)  showing that Responding Defendant, Mango and August, Inc. was not joined as an Additional Defendant until December 21, 2011, ten (10) months after the Claims Bar Date had expired and 14 months after the appointment of FDIC as Receiver.  Indeed, FDIC, in its Memorandum of Law In Support of Its Motion To Dismiss, clearly identifies December 21, 2011 as the date that Mango and August, Inc. was joined as an Additional Defendant, which date occurred well after the appointment of the Receiver and the Claims Bar Date.

Clearly, Responding Defendant could not have known of the Appointment of the Receiver on October 20, 2010 or the Claims Bar Date on January 26, 2011 until after Responding Defendant was served with the Joinder Complaint on January 8, 2012.  Nonetheless, on August 15, 2012, Mango and August, Inc.  (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate) received notice from FDIC rejecting its claim for failure to establish that it did not have notice of the appointment of the Receiver in time to file a claim by the bar date.  As stated above, Responding Defendant, Mango and August, Inc. (Also identified as Bernard August, Individually and t/a Marisa Mango Real Estate) could not have had notice of the appointment of the Receiver and Claims Bar Date in this matter before the bar date since Responding Defendant was not made a party in this action until ten (10) months after the expiration of the Claims Bar Date.

After receiving the Notice of Disallowance of the Claim by Mango and August, Inc. (Also identified by Plaintiff as Bernard August, Individually and t/a Marisa Mango Real Estate),

Responding Defendant's counsel forwarded correspondence dated August 23, 2012 to FDIC seeking its reconsideration of the disallowance of its claim.  Attached hereto as marked as Exhibit "B" is a copy of correspondence dated August 23, 2012 addressed to FDIC seeking reconsideration of FDIC's disallowance of the claim by Mango and August, Inc. (Also identified by Plaintiff as Bernard August, Individually and t/a Marisa Mango Real Estate).   Further, on September 11, 2012, counsel for Responding Defendant forwarded correspondence to FDIC requesting administrative agency review/administrative hearing relative to FDIC's disallowance of Responding Defendant's claim.  The request for administrative agency review/administrative hearing was made pursuant to 12 U.S.C. §1821 including, but not limited to, §1821(d)(6) and §1821(d)(7).  Attached hereto and marked as Exhibit "C" is a copy of correspondence from Responding Defendant's counsel to Suzanne Janolino at FDIC requesting Administrative Agency Review/administrative hearing.

      In short, federal law provides that the Receiver may consider claims filed after the Claims Bar Date if the claimant did not receive notice of the appointment of the Receiver in time to file a claim and the claim is filed in time to permit payment of the claim.  12 U.S.C. §1821(d)(5)(C).  Clearly, Responding Defendant did not receive notice or have knowledge of the appointment of the Receiver in time to file its claim by the Claims Bar Date.  Indeed, Responding Defendant did not have notice of any claim against it until it was served with the Joinder Complaint on January 8, 2012.  Hence, it could not have had notice of the appointment of the Receiver (on October 20, 2010) nor could it have had notice of the Claims Bar Date (on January 26, 2011).  FDIC, in its Memorandum of Law in Support of Its Motion to Dismiss acknowledges same.   In its Memorandum of Law in support of its Motion to Dismiss, FDIC averred that Responding Defendant was not named as a Defendant in this litigation until a Joinder Complaint was filed on December 21, 2011 (11 months after the Claims Bar Date and 14 months after the appointment of

the Receiver, FDIC).  These facts and dates were contained in the time-stamped copies of pleadings provided by Responding Defendant to FDIC along with its timely proof of claim on April 4, 2012.

Moreover, pursuant to 12 U.S.C. §1821, including, but not limited to §1821(d)(6) and (d)(7), on August 13, 2012, Responding Defendant requested reconsideration and on September 11, 2012 requested a review/administrative review including an administrative hearing regarding FDIC's disallowance of Responding Defendant's claim.   Accordingly, FDIC's Motion to Dismiss is premature in that the administrative process established under 12 U.S.C. §1821, et seq. has not been exhausted.

Responding Defendant respectfully requests that this Honorable Court deny and dismiss FDIC's Motion to Dismiss for the following reasons:

1. Responding Defendant properly and timely filed its Proof of Claim to FDIC on April 4, 2012 with time-stamped documentation establishing that Responding Defendant had no notice of the appointment of the Receiver or of the Claims Bar Date prior to January 26, 2011.  Indeed, Responding Defendant did not have knowledge of a claim against it until it was served with the Joinder Complaint on January 8, 2012 and, thus, had no knowledge of its potential crossclaim against FDIC/Progress Bank until after it was served with the Joinder Complaint.

2. The administrative procedure or process established under 12 U.S.C. §1821 has not been exhausted.  Responding Defendant has requested Reconsideration and Agency Review/Administrative Hearing from FDIC.

3. FDIC's disallowance of Responding Defendant's Proof of Claim was improper since Responding Defendant could not have had notice of the appointment of the Receiver or of the Claims Bar Date of January 26, 2011 since Responding

Defendant did not have notice of a claim against it until its receipt of a Joinder Complaint on January 8, 2012. Responding Defendant then promptly filed its Proof of Claim with FDIC on April 4, 2012 relative to its crossclaim against FDIC/Progress Bank.

## II. ARGUMENT

### A. FDIC's Disallowance Of Claim By Responding Defendant Is Improper Since Claimant Did Establish That It Did Not Receive Notice Of The Appointment Of The Receiver In Time To File A Claim Before The Claims Bar Date.

Responding Defendant had no notice of any claim against it until it was served with the Joinder Complaint on January 8, 2012. Accordingly, since Responding Defendant had no knowledge of any claim against it until that date, Responding Defendant was not on notice that it had any potential claim against FDIC until that date, which was fifteen (15) months after the appointment of a Receiver and twelve (12) months after the Claims Bar date. In its Memorandum of Law in support of its Motion to Dismiss, FDIC acknowledges same in stating that the Joinder Complaint against Responding Defendant was not filed until December 21, 2011.

After receiving its first notice from FDIC on February 7, 2012 concerning Responding Defendant filing a Proof of Claim, Responding Defendant promptly and timely filed its Proof of Claim along with documentation including time-stamped copies of pleadings (including the Joinder Complaint against it) which established that Responding Defendant did not and could not have had notice of the appointment of the Receiver in time to file a Proof of Claim before the Claims Bar date. Accordingly, FDIC's disallowance of Responding Defendant's claim was improper and constituted an abuse of discretion.

Respectfully, Responding Defendant requests that this Honorable Court deny and dismiss FDIC's Motion to Dismiss since FDIC's disallowance of Responding Defendant's Proof of

Claim was improper and because the administrative claims process established under 12 U.S.C. §1821, et seq. has not been completed or exhausted. Accordingly, this Honorable Court does not lack subject matter jurisdiction over the claims against FDIC in this matter.

### B. FDIC's Motion To Dismiss Should Be Denied Because The Administrative Process Has Not Been Exhausted Pursuant to 12 U.S.C. §1821, et seq.

Pursuant to 12 U.S.C. §1821(d)(5)(C)(ii), a claim filed after the Claims Bar Date may be considered by the Receiver if (1) the Claimant did not receive notice of the appointment of the Receiver in time to file such claim before such date; and … In the instant matter, as stated above, Responding Defendant provided its timely proof of claim to FDIC on April 4, 2012 along with time-stamped copies of pertinent pleadings including original Complaint and Joinder Complaint showing that Responding Defendant could not have had knowledge regarding the Appointment of the Receiver or the Claims Bar Date prior to January 26, 2012. The time-stamped pleadings established that Responding Defendant could not have had notice of the appointment of the Receiver or the Claims Bar Date since the Joinder Complaint naming Responding Defendant as a party was not filed until December 21, 2011, eleven (11) months after the Bar Date had expired.

Accordingly, FDIC improperly disallowed Responding Defendant's claim as untimely filed. This improper disallowance of the claim means that the administrative claims process has not been exhausted and should still proceed. Moreover, on August 23, 2012 and September 11, 2012, respectively, Responding Defendant requested reconsideration of the disallowance of its claim and requested administrative agency review and administrative hearing relative to its claim and the improper disallowance of its claim pursuant to 12 U.S.C. §1821 including but not limited to §1821(d)(6) and (d)(7). In that regard, the administrative claims process has not been exhausted.

Accordingly, FDIC's Motion to Dismiss should be denied and Responding Defendant should be allowed to complete the administrative claims process in this matter.

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


        BY: *Michael J. Dempsey, Esquire*
            MICHAEL J. DEMPSEY, ESQUIRE
            Marshall, Dennehey, Warner, Coleman & Goggin
            620 Freedom Business Center, Suite 300
            King of Prussia, PA 19406
            610-354-8498
            ATTORNEY FOR DEFENDANT
            Mango and August, Inc.

DATED: September 19, 2012

## **VERIFICATION**

MICHAEL J. DEMPSEY, ESQUIRE, Attorney for Additional Defendant in the above matter, verifies that the facts set forth in the Response In Opposition to Defendant, FDIC's Motion to Dismiss are true to the best of his knowledge, information and belief. If the above statements are not true, the deponent is subject to the penalties of 18 PA. C.S. Sec. 4904 relating to unsworn falsification to authorities.

*Michael J. Dempsey, Esquire*_____
MICHAEL J. DEMPSEY, ESQUIRE

DATED: September 19, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS JOYCE | : | CIVIL ACTION |
| v. | : | |
| RICHARD DEVASTEY, et al | : | Case No.: 2:12-cv-00834-LS |

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of Response In Opposition to Defendant, FDIC's Motion to Dismiss, in the above-captioned matter this date by electronic filing and/or regular mail.

Lee D. Rosenfeld, Esquire
MESSA & ASSOCIATES, P.C.
123 South 22nd Street
Philadelphia, PA  19103

Susan J. Wiener, Esquire
LAW OFFICES OF JAMES L. BARLOW
900 East 8th Avenue, Suite 301
King of Prussia, PA 19406

Pauline J. Manos, Esquire
CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

Jeffrey S. Saltz, Esquire
Lisa B. Wershaw, Esquire
LAW OFFICE OF JEFFREY S. SALTZ, P.C.
Two Penn Center Plaza, Suite 1930
1500  John F. Kennedy Boulevard
Philadelphia, PA  19102

Jeffrey Crooks
6708 Dicks Avenue
Philadelphia, PA 19142

Mary Crooks
6708 Dicks Avenue
Philadelphia, PA 19142

Thomas Gleason, Jr.
66 Springton Road
Upper Darby, PA  19082

Mary Gleason
66 Springton Road
Upper Darby, PA 19082

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


BY: ___*Michael J. Dempsey, Esquire*___
      MICHAEL J. DEMPSEY, ESQUIRE
      Marshall, Dennehey, Warner, Coleman & Goggin
      620 Freedom Business Center, Suite 300
      King of Prussia, PA 19406
      610-354-8498
      ATTORNEY FOR DEFENDANT
      Mango and August, Inc.

DATED: September 19, 2012