EXHIBIT "A"



**Claimant ID: NS1030300355, Barcode Value: FD00096576, Fund: 10303**

**Federal Deposit Insurance Corporation**
**as Receiver for**
**Progress Bank of Florida, Tampa, FL**

### PROOF OF CLAIM

SSN:
(#### - ## - 1394

1. SSN/Tax ID No.  _Mango + August  Inc. / Francis Joyce_

2. The undersigned  _Michael J. Dempsey  Esq_
*(Name of person completing the Proof of Claim)*

hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to _Mango + August Inc / Francis Joyce_ (the "Claimant") in the sum of
*(Name of Claimant)*

4. $ _Unable to be determined at this time / Jury Verdict_

5. Description of Claim

_See attached  Complaint  of Francis Joyce for alleged_
_personal  injuries and  damages  allegedly  sustained_
_on July 16, 2009  on all or part of the property  owned by_
_Progress Bank / FDIC. Also, see Joinder Complaint and Answer_
_and Amended  Answer of  Mango + August  Inc attached hereto._

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

6. NAME _Michael J. Dempsey Esq._ 7. DATE _4-3-12_
*(Name, Title, and Signature of person completing the Proof of Claim)*

8. FIRM _Marshall, Dennehey Warner, Coleman + Goggin_
*(if applicable)*

9. ADDRESS _620  Freedom  Business  Center  3rd Floor_
*( City, State, and ZIP Code)* _King of  Prussia ,  PA  19406_

10. TELEPHONE NUMBER(S) _610 - 354 - 8498_

The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

**IMPORTANT NOTE:** The bar code at the top of this Proof of Claim is unique to this claim and may not be re-used for other claims which you may have or by other potential claimants. If you have other unrelated claims, you must file a separate Proof of Claim with its own unique bar code. Additional Proof of Claim forms may be found on the FDIC web site or obtained by mail at the respective addresses indicated in the Instructions. Re-use of this Proof of Claim may result in processing delays or the rejection of your claim.

### PRIVACY ACT STATEMENT

The Federal Deposit Insurance Act (12 U.S.C. §§1819 and 1821) and Executive Order 9397 authorize the collection of this information. The FDIC will use the information to assist in the determination and/or payment of claims against the receivership estate of the failed financial institution. Submitting this information to the FDIC is voluntary. Failure, however, to submit all of the information requested and to complete the form entirely could delay or preclude the administration of claims against the receivership estate of the failed financial institution. The information provided by individuals is protected by the Privacy Act, 5 USC §552a. The information may be furnished to third parties as authorized by law or used according to any of the other routine uses described in the FDIC Insured Financial Institution Liquidation Records (FDIC-30-64-0013) System of Records. A complete copy of this System of Records is available at www.fdic.gov/regulations/laws/rules/2000-4050.html. If you have questions or concerns about the collection or use of the information, you may contact the FDIC's Chief Privacy Officer at Privacy@fdic.gov.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOOGIN**
BY:    MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA  19406
(610) 354-8498
(610) 354-8299 (FAX)



Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| MANGO AND AUGUST, INC. (Incorrectly | : | |
| Identified as Bernard August, Individually | : | |
| And t/a Marisa Mango Real Estate) | : | |
| Additional Defendants | : | NO.  0031 |

## S T I P U L A T I O N

AND NOW, this 30ᵀᴴ day of _January_ 2012, it is hereby AGREED and

STIPULATED by and between the below listed counsel on behalf of Defendant, Richard

Devastey and Additional Defendant, Mango & August, Inc. (Incorrectly identified as Bernard

August, Individually and t/a Marisa Mango Real Estate) as follows:

1.    The caption and all references in the Joinder Complaint referring to Additional

Defendant as Bernard August, Individually and t/a Marisa Mango Real Estate, shall be amended

to delete that Additional Defendant, and, in its place, to substitute the identity of the Additional

Defendant as Mango & August, Inc.;

2.     The previously identified Additional Defendant, Bernard August, individually and

t/a Marisa Mango Real Estate, is dismissed from the Joinder Complaint;

3.     All references to "Bernard August, individually and t/a Marisa Mango Real

Estate" shall now be interpreted in the pleadings to refer to "Mango and August, Inc."

4.     The amendment to the caption and Joinder Complaint referred to in this

Stipulation relates back to the time of the filing of the Joinder Complaint.

5.     Paragraph 8(d) of the Joinder Complaint is Dismissed by agreement.

6.     Paragraph 9 of the Joinder Complaint is amended to read as follows:  "If it is

proven at trial or otherwise judicially determined that the Plaintiff suffered damages as described

in the Plaintiff's Complaint, said allegations being specifically denied, Richard Devastey avers

that the Plaintiff's damages were the result of the actions, omissions, carelessness, negligence,

breach and negligent omissions of Additional Defendant, Mango and August, Inc. and that

Additional Defendant is liable over to Defendant, Richard Devastey, for contribution and/or

indemnity to Plaintiff's cause of action."  The original Paragraph 9 of the Joinder Complaint is

Dismissed and substituted with the above-noted Paragraph 9.

7.     The "Wherefore Clause" of the Joinder Complaint is amended to read as follows:

"Wherefore, Defendant Richard Devastey, respectfully requests that judgment be entered in his

favor and against Plaintiff.  In the alternative, in the event that judgment is entered in favor of the

Plaintiff, Defendant, Richard Devastey, respectfully requests that Additional Defendant, Mango

and August, Inc. be held liable over to Defendant, Richard Devastey, for contribution and/or

Case ID: 110600031

Control No.: 12020504

indemnity to Plaintiff's cause of action". The original Wherefore Clause in the Joinder

Complaint is Dismissed and is substituted with the above-noted "Wherefore Clause".

_____
SUSAN J. WIENER, ESQUIRE
Attorney for Richard Devastey

_____
MICHAEL J. DEMPSEY, ESQUIRE
Attorney for Mango & August, Inc.

**APPROVED BY THE COURT:**

_____ J.

Law Offices of James L. Barlow          Attorney for Defendant
By: Susan J. Wiener, Esquire            Richard Devastey
Attorney I.D. No.: 65301
900 E. 8th Avenue, Suite 301
King of Prussia PA 19406
(610) 382-8100



FRANCES JOYCE                    :   COURT OF COMMON PLEAS
                                 :   PHILADELPHIA COUNTY
                Plaintiff,       :
                                 :
        v.                       :   JUNE TERM 2011
                                 :
RICHARD DEVASTEY                 :
AND                              :
JEFFREY CROOKS                   :
AND                              :
MARY CROOKS                      :
AND                              :
THOMAS GLEASON, JR.              :
AND                              :
MARY GLEASON                     :
AND                              :
PROGRESS BANK OF FLORIDA, C/O FDIC :
AS RECEIVER PROGRESS BANK        :
AND                              :
CITY OF PHILADELPHIA             :
                                 :
                Defendant.       :   NO. 0031
                                 :
        v.                       :
BERNARD AUGUST, indiv. and t/a MARISA :
MANGO REAL ESTATE                :
5601 Chester Avenue             :
Philadelphia, PA 19143          :
                Additional Defendant :

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing



Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

01/04/2012  14:57   2157267254                                                PAGE  05/09

Law Offices of James L. Barlow                     Attorney for Defendant,
By: Susan J. Wiener, Esquire                       Richard Devastey
Attorney I.D. No.: 65301
900 E. 8th Avenue, Suite 301
King of Prussia PA 19406
(610) 382-8100

FRANCES JOYCE                          :   COURT OF COMMON PLEAS
                                       :   PHILADELPHIA COUNTY
                                       :
                Plaintiff,             :
                                       :
                v.                     :   JUNE TERM 2011
RICHARD DEVASTEY                       :
AND                                    :
JEFFREY CROOKS                         :
AND                                    :
MARY CROOKS                            :
AND                                    :
THOMAS GLEASON, JR.                    :
AND                                    :
MARY GLEASON                           :
AND                                    :
PROGRESS BANK OF FLORIDA, C/O FDIC AS  :
RECEIVER PROGRESS BANK                 :
AND                                    :
CITY OF PHILADELPHIA                   :
                                       :
                Defendant.             :   NO. 0031
                                       :
                v.                     :
                                       :
BERNARD AUGUST, indiv. and t/a MARISA  :
MANGO REAL ESTATE                      :
                Additional Defendant   :
                                       :

---

## JOINDER COMPLAINT OF DEFENDANT RICHARD DEVASTEY AGAINST BERNARD AUGUST INDIV. AND T/A MARISA MANGO REAL ESTATE

## CERTIFICATE OF SERVICE

I hereby certify that on this __19__, day of December, 2011 I served a true and

correct copy of the foregoing  Joinder Complaint Against Bernard August by first-class mail,

postage prepaid, upon all by first-class mail, postage prepaid, upon all attorneys of record,

addressed as follows: Lee D. Rosenfeld. Esquire

Messa & Associates, PC
123 South 22nd Street
Philadelphia PA  19103
ATTORNEY FOR PLAINTIFF FRANCES JOYCE
Jeffrey Crooks
708 Dicks Avenue
Philadelphia PA 19142
ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
UNREPRESENTED PARTY

Mary Crooks
6708 Dicks Avenue
Philadelphia PA 19142
ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
UNREPRESENTED PARTY

Thomas Gleason, Jr.
66 Springton Road
Upper Darby PA 19082
ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
JR., UNREPRESENTED PARTY

Progress Bank of Florida
c/o FDIC as Receiver Progress Bank
7777 Baymeadows Way West
Jacksonville FL 32256
ATTORNEY FOR CO-DEFENDANT PROGRESS BANK OF
FLORIDA, C/O FDIC AS RECEIVER PROGRESS BANK,
UNREPRESENTED PARTY

Mary Gleason
66 Springton Road
Upper Darby PA 19082
ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
UNREPRESENTED PARTY

Case ID: 110600031
Control No.: 12022744

Pursuant to Rule 2252 of the Pennsylvania Rules of Civil Procedure, defendant Richard Devastey hereby brings this Joinder Complaint against additional Defendant, Bernard August, indiv. and t/a Marisa Mango Real Estate, and in support thereof avers as follows:

1.    On June 6, 2011, the plaintiff, Frances Joyce, filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania against Defendant, Richard Devastey, and other parties. Without admitting the truth of the within allegations, the plaintiff's Complaint is attached hereto and marked Exhibit "A".

2.    The defendant, Richard Devastey, was served with the Complaint on or about October 29, 2011.

3.    In the Complaint, plaintiff alleges that Defendant, Richard Devastey, failed to maintain the sidewalk of 6714 Dicks Avenue, Philadelphia, PA, in a safe condition, causing the alleged personal injuries.  (Exhibit "A").

4.    Attached as Exhibit "B" is a true and correct copy of Defendant, Richard Devastey's Answer to the Complaint denying all averments of negligence and raising as an affirmative defense all the protections applicable to a landlord out of possession.

5.    Without admitting the truth thereof, Defendant, Richard Devastey, incorporates by reference the allegations of the Complaint as though same were fully set forth at length herein.

6.    Additional Defendant, Bernard August, individually and t/a Marisa Mango Real Estate, has a principal place of business at 5601 Chester Avenue, Philadelphia, PA 19143.

7.    At all material times, Additional Defendant, Bernard August, individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

manage, maintain, inspect, repair and otherwise be responsible for the real property located at

6714 Dicks Avenue, Philadelphia, PA, where the alleged accident occurred.

    8.    The damages suffered by Plaintiff were proximately caused by the negligence,

carelessness and/or negligent omissions of Bernard August, individually and t/a Marisa Mango

Real Estate, in any or all of the following respects:

        a.    Failing to maintain the said real property in a safe manner which would protect lawful patrons such as the plaintiff from any dangerous conditions on the premises and sidewalk;

        b.    Failing to inspect the said real property to discovery and repair any dangerous conditions on the premises and sidewalk;

        c.    Failing to report and/or warn the Defendant, Richard Devastey, and the plaintiff of any dangerous conditions on the premises and sidewalk that needed to be repaired;

        d.    Failing to take all actions necessary to protect the plaintiff from any dangerous conditions on the premises and sidewalk

    9.    If it is proven at trial or otherwise judicially determined that the Plaintiff suffered

damages as described in the Plaintiff's Complaint, said allegations being specifically denied,

Richard Devastey avers that the Plaintiff's damages were the result of the actions, omissions,

carelessness, negligence, breach or warranty, and negligent omissions of Additional Defendant,

Bernard August, indiv. and t/a Marisa Mango Real Estate, and that Additional Defendant is

solely liable to the plaintiff, or liable over to Defendant, Richard Devastey, and/or jointly or

severally liable on plaintiff's cause of action.

    WHEREFORE, Defendant Richard Devastey, respectfully requests that judgment be

entered in his favor and against Plaintiff.  In the alternative, in the event that judgment is entered

in favor of the Plaintiff, Defendant, Richard Devastey, respectfully requests that Additional

Defendant, Bernard August, indiv. and t/a Marisa Mango Real Estate, be held liable to Plaintiff,

Case ID: 110600001

Case ID: 110600001

Control No.: 12022744

liable over to Defendant Richard Devastey  and/or jointly and/or severally liable over to

Defendant Richard Devastey, and further liable to Defendant Richard Devastey for indemnity

and/or contribution and such other relief as deemed to be just and appropriate under the

circumstances.

LAW OFFICES OF JAMES L. BARLOW

SUSAN J. WIENER, ESQUIRE
Attorney for Defendant
Richard Devastey

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

## VERIFICATION

I, Susan Wiener, hereby verify that I am counsel for Defendant, Richard Devastey, in the above-referenced case.  The undersigned verifies that she has read the within document and that the same is true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements set forth in said document are made subject to the penalties of 18 Pa. Cons. Stat. Ann. §4904 relating to unsworn falsification to authorities.

_____
SUSAN WIENER, ESQUIRE

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

## CERTIFICATE OF SERVICE

I hereby certify that on this ___/9___, day of December, 2011 I served a true and correct copy of the foregoing  Joinder Complaint Against Bernard August by first-class mail, postage prepaid, upon all by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows: Lee D. Rosenfeld, Esquire

> Messa & Associates, PC
> 123 South 22nd Street
> Philadelphia PA 19103
> ATTORNEY FOR PLAINTIFF FRANCES JOYCE
> Jeffrey Crooks
> 708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
> UNREPRESENTED PARTY
>
> Mary Crooks
> 6708 Dicks Avenue
> Philadelphia PA 19142
> ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
> UNREPRESENTED PARTY
>
> Thomas Gleason, Jr.
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
> JR., UNREPRESENTED PARTY
>
> Progress Bank of Florida
> c/o FDIC as Receiver Progress Bank
> 7777 Baymeadows Way West
> Jacksonville FL 32256
> ATTORNEY FOR CO-DEFENDANT PROGRESS BANK OF
> FLORIDA, C/O FDIC AS RECEIVER PROGRESS BANK,
> UNREPRESENTED PARTY
>
> Mary Gleason
> 66 Springton Road
> Upper Darby PA 19082
> ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
> UNREPRESENTED PARTY

Case ID: J10600031

Case ID: 110600031

Control No.: 12022744

01/04/2012  15:20   2157267254                                    PAGE  08/16

Pauline J. Manos, Esquire
1515 Arch Street
14th Floor
Philadelphia PA  19102
ATTORNEY FOR CO-DEFENDANT CITY OF
PHILADELPHIA

Dated:  December _19_, 2011

SUSAN J. WIENER, ESQUIRE

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN
BY: MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA 19406
(610) 354-8498
(610) 354-8299 (FAX)

Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
|     Additional Defendants | : | NO. 0031 |

<u>**ANSWER OF DEFENDANT, MANGO AND AUGUST, INC.**</u>
<u>**(INCORRECT IDENTIFIED AS BERNARD AUGUST,**</u>
<u>**INDIVIDUALLY AND T/A MARISA MANGO REAL ESTATE)**</u>
<u>**TO JOINDER COMPLAINT OF DEFENDANT, RICHARD DEVASTEY**</u>

    1. Admitted in part; denied in part. It is admitted that Plaintiff, Frances Joyce, filed a

Complaint against Defendant, Richard Devastey and other parties. Answering Additional

Defendant denies any and all liability to any parties in Plaintiff's Complaint. By way of further

Answer, Answering Additional Defendant incorporates herein by reference, his Answer to the

Joinder Complaint, along with New Matter, as fully as though the same were herein set forth at

length.



Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

2.  Denied.  After reasonable investigation, Answering Defendants Additional Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, must deny same.

3.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, the allegations in the Complaint speak for themselves and are addressed to parties other than Answering Defendants Additional Defendant herein, and, therefore, this allegation requires no response from Answering Additional Defendant.

4.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, the Answer by Richard Devastey to the Complaint speaks for itself and is addressed to parties other than Answering Additional Defendant herein, and, therefore, no response is required from Answering Additional Defendant herein.

5.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, the allegations of the Complaint are addressed to parties other than Answering Additional Defendant and, therefore, no response is required from Answering Additional Defendant herein.  Further, Answering Additional Defendant denies any allegations in the Complaint as against Answering Additional Defendant and denies any and all liability to Richard Devastey or any other party, including Plaintiff, Frances Joyce.

6.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, it is denied that Answering Additional Defendant, Bernard August, trades as Marisa Mango Real Estate herein.   To the contrary, Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate is incorrectly identified in the Joinder Complaint of Richard Devastey.  The correct identification of the entity is Mango and August, Inc. and not Richard Devastey, Individually and t/a Marisa Mango Real Estate.

2

7.   Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, it is denied that Additional Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to manage, maintain, inspect, repair and otherwise be responsible for the property at 6714 Dicks Avenue, Philadelphia, PA.  By way of further Answer, it is denied that Additional Defendant, Mango and August, Inc., had a verbal or other contract with Defendant, Richard Devastey to manage, maintain, inspect, repair or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, these allegations are conclusions of law to which no responsive pleading is required.

8.   Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, by Stipulation between the parties, former Additional Defendant Bernard August, Individually and t/a Marisa Mango Real Estate has been dismissed from this lawsuit and is substituted with Additional Defendant Mango and August, Inc  Further, to the extent that any of these averments are deemed factual, the averments are denied pursuant to Pennsylvania Rule of Civil Procedure 1029(e).  Additionally, all allegations of negligence, carelessness and/or negligent omissions on the part of Additional Defendant are specifically denied herein.  Further, it is denied that Additional Defendant failed to maintain the said real property in a safe manner and further deny that Additional Defendant failed to inspect the said real property or repair any alleged dangerous conditions on the premises and sidewalk.  It is further denied that Additional Defendant failed to report and/or warn Defendant, Devastey and Plaintiff of any alleged dangerous conditions on the premises and sidewalk.  By Stipulation between the parties, Paragraph 8(d) has been dismissed.  Lastly, all allegations that the alleged

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

damages sustained or suffered by Plaintiff were caused by any negligence, carelessness, or negligent omissions of Additional Defendant are denied.

9. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, these averments are denied pursuant to Pa. R.C.P. 1029(e). Further, Additional Defendant denies that Plaintiff's alleged damages were caused in any way by the actions, omissions, carelessness, negligence, breach, or negligent omissions of Answering Additional Defendant herein. Further, Additional Defendant denies that it is liable over to Defendant, Richard Devastey, to Plaintiff's cause of action. By way of Stipulation by the parties, the allegation that Addition Defendant is solely liable to the Plaintiff or jointly or severally liable on Plaintiff's cause of action has been withdrawn and dismissed

**WHEREFORE,** Additional Defendant, Mango and August, Inc. (Incorrectly previously identified as Bernard August, Individually and t/a Marisa Mango Real Estate), respectfully requests judgment in its favor and against Richard Devastey and against Plaintiff and all other parties herein. Additionally, Answering Additional Defendant respectfully requests that the Joinder Complaint against Additional Defendant be denied and dismissed in its entirety with counsel fees and costs awarded to Answering Additional Defendant. Further, Answering Additional Defendant respectfully requests judgment that it is not liable over to Defendant, Richard Devastey, for contribution or indemnity to Plaintiff's cause of action

## NEW MATTER

1. Upon information and belief, Plaintiff's claims or certain of them are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

2. Upon information and belief, Plaintiff's claims fail to state a cause of action against Additional Defendant upon which relief may be granted.

4

3.    Inasmuch as Pennsylvania Rule of Civil Procedure 1032 provides that a party waives all defenses not presented by way of Answer, Additional Defendant, upon advice of counsel, hereby asserts all affirmative defense not otherwise enumerated herein.  As set forth in the Pennsylvania Rules of Civil Procedure 1030, the said affirmative defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, et al.  The said affirmative defenses are subject to demonstration during the discovery process and proof at the time of trial.

4.    Upon information and belief, the claims and/or injuries and damages alleged by Plaintiff and by Defendant, Richard Devastey, in his Joinder Complaint, are due solely to the conduct of others including entities, individuals and/or parties over whom Answering Additional Defendant had no legal responsibility or control.

5.    Upon information and belief, Plaintiff's claims and the claims of Defendant, Richard Devastey, are barred and/or  limited by the Doctrine of Release and Accord and Satisfaction.

6.    There is and was no written contract between Answering Additional Defendant and Richard Devastey to manage, maintain, inspect, repair, or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

7.    Additional Defendant's Joinder Complaint fails to state a cause of action against Additional Defendant upon which relief may be granted.

8.    There is no verbal contract between Defendant, Richard Devastey, and the Answering Additional Defendant to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.  The Joinder Complaint of Defendant, Richard Devastey, fails to state a cause of action against Additional

5

Defendant in that it fails to state the date of the purported Contract, the terms for the purported Contract, and the consideration for same.

9.     Plaintiffs alleged injuries and damages were not caused by any negligence, carelessness, acts, omissions or failure to act on the part of Answering Additional Defendant herein.

10.     Answering Additional Defendant denies that it in any way breached any agreement, verbal or otherwise, to or between Richard Devastey and Answering Defendants Additional Defendant which in any way caused injuries or damages to Plaintiff or Defendant, Richard Devastey, or any other party herein.

11.     Answering Additional Defendant denies that it owed any duty of care to Defendant, Richard Devastey, or to Plaintiff or any other party herein.

12.     Answering Additional Defendant verbally agreed with Defendant Richard Devastey to assist him in renting the property and to collect rents and to notify him of complaints by tenants relative to the property at 6714 Dicks Avenue, Philadelphia, PA but did not agree, verbally or otherwise, to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

13.     Richard Devastey has failed to produce any written Contract between him and Answering Additional Defendant and, therefore, his claim for breach of contract must be dismissed.

14.     As the owner of the property at 6714 Dicks Avenue, Philadelphia, PA, on the date of the alleged incident, Richard Devastey is responsible and liable for the management, maintenance, inspection, and repair of any dangerous and/or defective conditions on the property, including the sidewalk therein.

6

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

15.    As owner of the property at 6714 Dicks Avenue, Philadelphia, PA on the date of the alleged incident, Richard Devastey's duty to manage, maintain, inspect, repair and otherwise be responsible for said real property, is a non-delegable duty and, therefore, Richard Devastey remains responsible and liable for the management, maintenance, inspection, repair and responsibility for the said property.

16.    Upon information and belief, purported Contracts and Agreements relative to the management, maintenance, inspection, repair and responsibility for real property, must be in writing.   The alleged Agreement between Richard Devastey and Answering Additional Defendant may be subject to the Statute of Frauds and cannot form the basis of any alleged breach by Answering Additional Defendant for failure to produce a written Contract with specific terms of the purported Agreement, including the date, terms and consideration for same.

17.    To the extent that there was any dangerous or defective conditions on the premises and sidewalk of Richard Devastey's real property located at 6714 Dicks Avenue, Philadelphia, PA on the alleged date of the incident, said conditions were caused by Richard Devastey in failing to manage, maintain, inspect, repair or otherwise be responsible for the said real property.

18.    Richard Devastey is not entitled to any protection against liability on a theory of owner/landlord out of possession.

19.    Answering Additional Defendant is not liable to Richard Devastey for indemnity or contribution and is not liable over to Richard Devastey herein.

20.    Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

21.     To the extent that Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence and/or the negligence of others named in Plaintiff's Complaint.

22.     To the extent that Plaintiff suffered injuries and damages as alleged, the injuries and damages were caused by and the result of Plaintiff's failure to observe where he was walking and/or by the alleged dog chasing him and not by any dangerous or defective condition of the sidewalk at 6714 Dicks Avenue, Philadelphia, PA.

23.     To the extent that any dangerous or defective conditions existed on the property at 6714 dicks Avenue, Philadelphia, PA on the date alleged, which is denied, said conditions were open and obvious to Plaintiff Joyce and therefore any recovery by him is barred or reduced by the Comparative Negligence Act.

24.     Upon information and belief, Plaintiff, Joyce, may have failed to mitigate his damages.

25.     To the extent that Plaintiff, Joyce, sustained injuries or damages as alleged in his Complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason as alleged in Count IV of Plaintiff Joyce's Complaint, including Paragraphs 43 through 50, inclusive.

26.     To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Progress bank and City of Philadelphia as alleged in Counts II and III of Plaintiff's Complaint.

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

27.   To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendant, Richard Devastey, as alleged in Count I of Plaintiff's Complaint.

**WHEREFORE,** Answering Additional Defendant respectfully requests that judgment be entered in its favor and against Defendant, Richard Devastey, and against Plaintiff and all other parties herein. Further, Answering Additional Defendant respectfully requests judgment in its favor and against Defendant, Richard Devastey, relative to his claim against Answering Additional Defendant herein.  Further, Answering Additional Defendant respectfully requests judgment in its favor that it is not liable to Richard Devastey for indemnity or contribution to Plaintiff's cause of action.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:   *Michael J. Dempsey, Esquire*
MICHAEL J. DEMPSEY, ESQUIRE

Date:  January 26, 2012

26/1854330.v1

9

## **VERIFICATION**

Bernard August being duly sworn according to law deposes and says that he is

_____ of Defendant Mango and August, Inc., a defendant in the

above captioned matter, and that the facts set forth in the foregoing Answer and New Matter to

Joinder Complaint are true and correct to the best of his knowledge, information, and belief. This

verification is subject to 18 Pa.C.S. §4904 which provides for certain penalties for making false

statements.

MANGO AND AUGUST, INC.

By: _____

BERNARD AUGUST

DATE: _____

10

## CERTIFICATE OF SERVICE

I, MICHAEL J. DEMPSEY, hereby certify that I electronically filed, on the date indicated, Additional Defendant Mango and August, Inc.'s (Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate) Answer and New Matter to Joinder Complaint of Richard Devastey, and will be served as follows:

1.    Electronically by the Court, in accordance with Pa. Pa. R.C.P. 205.4(G); and can be viewed by counsel; or

2.    In accordance with Pa. R.C.P. 440 via US. First Class Mail upon all parties not served electronically.

*Michael J. Dempsey*
Michel J. Dempsey, Esquire
Attorney for Defendant Mango and August,
Inc.(Incorrectly identified as Bernard
August, Individually and t/a Marisa Mango
Real Estate)

Date: January 26, 2012

11

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOOGIN**
BY:   MICHAEL J. DEMPSEY, ESQ.
IDENTIFICTION NO.: 34454
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA  19406
(610) 354-8498
(610) 354-8299 (FAX)

Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
|    Additional Defendants | : | NO.  0031 |

### NOTICE TO PLEAD

To:   ALL PARTIES      DATE:  January 26, 2012

     You are hereby notified to plead to the enclosed  New Matter within twenty (20) days

from service hereof or a Default Judgment may be entered against you.

BY:   *Michael J. Dempsey*
          MICHAEL J. DEMPSEY, ESQ.

Case ID: 110600031
Case ID: 110600031
Control No.: 12022744

01/04/2012  15:02    2157267254                                          PAGE  03/07

MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire
Attorney I.D. No.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pa. 19103
(215) 568-3500 / Fax: (215) 568-3501

This is a major case.

Jury Trial Demanded



Attorneys for Plaintiff

| | |
|---|---|
| FRANCES JOYCE | : |
|     Plaintiff | : |
| | : |
| v. | : |
| | : |
| RICHARD DEVASTEY | : |
| 5601 Chester Avenue | : |
| Philadelphia, PA 19143 | : |
|     and | : |
| CITY OF PHILADELPHIA | : |
| C/O LAW DEPARTMENT | : |
| 14TH Floor | : |
| 1515 Arch Street | : |
| Philadelphia, Pennsylvania 19102 | : |
|     and | : |
| PROGRESS BANK OF FLORIDA | : |
| c/o FDIC AS Receiver for Progress | : |
| Bank of Florida | : |
| 7777 Baymeadows Way West | : |
| Jacksonville, FL 32256 | : |
|     and | : |
| JEFFREY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|     and | : |
| MARY CROOKS | : |
| 6708 Dicks Avenue | : |
| Philadelphia, PA 19142 | : |
|     and | : |
| THOMAS GLEASON, JR. | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|     and | : |
| MARY GLEASON | : |
| 66 Springton Road | : |
| Upper Darby, PA 19082 | : |
|     Defendants | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

June Term, 2011

No:

**EXHIBIT
"C"**

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

01/04/2012  15:02    2157267254

## "NOTICE"

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

## "AVISO"

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de 'a fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia o
Informacion Legal
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 110600031

Case ID: 110600031

Control No.: 12022744

· · ·

MESSA & ASSOCIATES, P.C.                    This is a Major Case.
By: Joseph L. Messa, Jr., Esquire
    Lee D. Rosenfeld, Esquire              Jury Trial Demanded.
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501       Attorneys for Plaintiff

---

FRANCIS JOYCE                          :    PHILADELPHIA COUNTY
6650 Dicks Avenue                      :    COURT OF COMMON PLEAS
Philadelphia, PA 19142                 :
                    Plaintiff          :    June Term, 2011
            v.                         :    No.
RICHARD DEVASTEY                       :
5601 Chester Avenue                    :
Philadelphia, PA 19143                 :
            and                        :
PROGRESS BANK OF FLORIDA               :
C/O FDIC as RECEIVER for PROGRESS      :
BANK OF FLORIDA                        :
7777 Baymeadows Way West               :
Jacksonville, Fl. 32256                :
            and                        :
CITY OF PHILADELPHIA                   :
Law Department - 14th Floor            :
1515 Arch Street                       :
Philadelphia, PA 19102                 :
            and                        :
JEFFREY CROOKS                         :
6708 Dicks Avenue                      :
Philadelphia, PA 19142                 :
            and                        :
MARY CROOKS                            :
6708 Dicks Avenue                      :
Philadelphia, PA 19142                 :
            and                        :
THOMAS GLEASON, JR                     :
66 Springton Road                      :
Upper Darby, PA 19082                  :
            and                        :
MARY GLEASON                           :
66 Springton Road                      :
Upper Darby, PA 19082                  :

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

Defendants                    :

CIVIL ACTION - COMPLAINT

Case ID: 110600031

MESSA & ASSOCIATES, P.C.                  This is a Major Case.
By: Joseph L. Messa, Jr., Esquire
     Leo D. Rosenfeld, Esquire           Jury Trial Demanded.
Attorney I.D. Nos.: 53645 / 76081
123 South 22nd Street
Philadelphia, Pennsylvania 19103
(215) 568-3500 / Fax: (215) 568-3501     Attorneys for Plaintiff

---

FRANCIS JOYCE                     :    PHILADELPHIA COUNTY
6650 Dicks Avenue                 :    COURT OF COMMON PLEAS
Philadelphia, PA 19142            :
                    Plaintiff     :    June Term, 2011
        v.                        :    No.
RICHARD DEVASTEY                  :
5601 Chester Avenue               :
Philadelphia, PA 19143            :
        and                       :
PROGRESS BANK OF FLORIDA          :
C/O FDIC as RECEIVER for PROGRESS :
BANK OF FLORIDA                   :
7777 Baymeadows Way West          :
Jacksonville, FL 32256            :
        and                       : :
CITY OF PHILADELPHIA              :
Law Department - 14th Floor       :
1515 Arch Street                  :
Philadelphia, PA 19102            :
        and                       :
JEFFREY CROOKS                    :
6708 Dicks Avenue                 :
Philadelphia, PA 19142            :
        and                       :
MARY CROOKS                       :
6708 Dicks Avenue                 :
Philadelphia, PA 19142            :
        and                       :
THOMAS GLEASON, JR                :
66 Springton Road                 :
Upper Darby, PA 19082             :
        and                       :
MARY GLEASON                      :
66 Springton Road                 :
Upper Darby, PA 19082             :

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

Defendants                    :

## CIVIL ACTION - COMPLAINT

1.    Plaintiff Francis Joyce is an adult individual residing at the above captioned
address.

2.    Defendant Richard Devastey is an adult individual residing at the above captioned
address.

3.    Defendant Progress Bank of Florida (hereafter "Progress Bank") is a corporation
organized and existing under the laws of the State of Florida which regularly conducts business
at the above captioned address.

4.    Defendant, City of Philadelphia, is a municipal corporation organized as a City of
the First Class under the Act of February 2, 1954, P.L., Sec 1; 53 P.S., 16251, as amended, which
maintains an office at the above captioned address.

5.    Defendant Jeffrey Crooks is an adult individual residing at the above captioned
address.

6.    Defendant Mary Crooks is an adult individual residing at the above captioned
address.

7.    Defendant Thomas Gleason, Jr. is an adult individual residing at the above
captioned  address.

8.    Defendant Mary Gleason is an adult individual residing at the above captioned
address.

9.    At all times relevant hereto, Defendants acted or failed to act by and through their
authorized agents, servants, workmen and/or employees who were then and there acting in the

Case ID: 110600031

Case ID: 110600031

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

course and scope of their employment and/or agency.

10.    On or about July 16, 2009, Defendant Richard Devastey owned,

operated, maintained and/or controlled the real property of 6714 Dicks Avenue Philadelphia, PA,

including, but not limited to, its abutting pavements and sidewalks.

11.    At the above mentioned time and place, Defendant Progress Bank owned,

operated, maintained and/or controlled the real property of 6712 Dicks Avenue Philadelphia, PA,

including, but not limited to, its abutting pavements and sidewalks.

12.    At the above mentioned time and place, Defendant City of Philadelphia had

the legal responsibility to maintain the abutting sidewalks of 6712 Dicks Avenue Philadelphia,

PA and 6714 Dicks Avenue Philadelphia, PA.

13.    At the above mentioned time and place, Defendants Jeffrey Crooks, Mary Crooks,

Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a

Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142 and which

had vicious propensities to attack human beings without provocation.

14.    On July 16, 2009, Plaintiff, Francis Joyce, was a lawful pedestrian along the

sidewalk of Dicks Avenue, Philadelphia, PA when he was suddenly attacked by an at large dog

owned and/or controlled by Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr.

and/or Mary Gleason.

15.    As a result of being attacked, Plaintiff Francis Joyce attempted to move away

from said dog and was caused to trip and fall due to defective concrete upon the sidewalks

abutting 6712 and 6714 Dicks Avenue Philadelphia, PA 19142, thereby causing him the injuries

and damages more fully set forth at length below.

Case ID: 110600031
Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

01/04/2012  15:09    2157267254                                    PAGE  01/05

### COUNT 1
### Francis Joyce v. Richard Devastey

Plaintiff incorporates herein by reference paragraphs 1 through 15 above as fully as if set forth at length below.

16.    At the above mentioned place and time, it was a duty of the Defendant Richard Devastey to keep and maintain his premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

17.    At the above mentioned place and time, Defendant Richard Devastey did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

18.    Defendant knew or should have known of the existence of said dangerous condition.

19.    The negligence of Defendant Richard Devastey included the following:

    a)    failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

    b)    failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise or reasonable care, should have known;

    c)    failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

    d)    failing to provide a safe area of passage for the plaintiff and other lawful patrons;

    e)    allowing said defect to exist on the premises;

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

f)      failing to provide appropriate warnings of said dangerous condition;

g)      failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

20.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

21.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

22.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

23.    As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

24.    As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

## COUNT II

### Francis Joyce v. Progress Bank

Plaintiff incorporates herein by reference paragraphs 1 through 24 above as fully as if set forth at length below.

25.   At the above mentioned place and time, it was a duty of the Defendant Progress Bank to keep and maintain its premises, including but not limited to its abutting sidewalks in a reasonable and safe condition for pedestrians.

26.   At the above mentioned place and time, Defendant Progress Bank did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

27.   Defendant knew or should have known of the existence of said dangerous condition.

28.   The negligence of Defendant Progress Bank included the following:

   a)   failing to maintain said real property in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions on said premises;

   b)   failing to warn the plaintiff of said defective and dangerous condition on the premises, about which the defendants knew, or in the exercise of reasonable care, should have known;

   c)   failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)   failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)   allowing said defect to exist on the premises;

Case ID: 110600031

Case ID: 110600031

Control No.: 12022744

f)      failing to provide appropriate warnings of said dangerous condition;

g)      failing to inspect the aforesaid location and ascertain the hazardous and defective condition which existed;

29.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

30.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

31.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

32.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

33.     As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

## COUNT III

### Francis Joyce v. City of Philadelphia

Plaintiff incorporates herein by reference paragraphs 1 through 33 above as fully as if set forth at length below.

34.    At the above mentioned place and time, it was a duty of the Defendant City of Philadelphia to keep and maintain the sidewalks of 6712 and 6714 Dicks Avenue in a reasonable and safe condition for pedestrians.

35.    At the above mentioned place and time, Defendant City of Philadelphia did allow a dangerous condition to exist on said property where Plaintiff Francis Joyce was lawfully proceeding, namely, broken and defective concrete which had existed for some time prior to July 16, 2009.

36.    Defendant had actual and/or constructive notice of said dangerous condition.

37.    The negligence of Defendant City of Philadelphia included the following:

   a)    failing to maintain said sidewalks in a safe manner which would protect lawful patrons such as the plaintiff from defects and dangerous conditions;

   b)    failing to warn the plaintiff of said defective and dangerous condition on the sidewalks, about which the defendants knew, or in the exercise of reasonable care, should have known;

   c)    failing to take all actions necessary to protect the plaintiff and other lawful patrons from said dangerous and defective conditions which could cause injuries to members of the public;

   d)    failing to provide a safe area of passage for the plaintiff and other lawful patrons;

   e)    allowing said defects to exist on the sidewalks;

   f)    failing to provide appropriate warnings of said dangerous condition;

   g)    failing to inspect the aforesaid location and ascertain the hazardous and

Case ID: 110600031

defective condition which existed;

38.     As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to; a fractured hip requiring corrective surgery and various other ills and injuries.

39.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

40.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

41.     As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

42.     As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

## COUNT IV

Francis Joyce v. Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason

Plaintiff incorporates herein by reference paragraphs 1 through 42 above as fully as if set forth at length below.

43.    At the above mentioned place and time, Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason owned, possessed and/or kept a dog appearing to be a Shephard mix which was then residing at 6708 Dicks Avenue Philadelphia, PA 19142.

44.    Defendants knew or should have known that said dog had a propensity of attacking human beings without provocation and/or failed to properly leash it or take other precautions to prevent the attack upon Plaintiff Francis Joyce.

45.    The negligence of Defendants Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and/or Mary Gleason included, but is not limited to, the following:

a)    allowing the dog to be at large, in violation of the City of Philadelphia's animal ordinances;

b)    failing to exercise reasonable care in securing the dog;

c)    failing to properly control the dog;

d)    failing to take reasonable precaution to protect pedestrians from the dog;

e)    failing to provide pedestrians with appropriate warnings; and

f)    allowing the dog to attack Plaintiff Francis Joyce on the sidewalk of Dicks Avenue, Philadelphia, PA.

46.    As a result of the aforesaid accident, Plaintiff, Francis Joyce, tripped, fell and sustained permanent injuries which include, but are not limited to: a fractured hip requiring corrective surgery and various other ills and injuries.

47.    As a direct and proximate result of the aforesaid accident, Plaintiff,

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

Francis Joyce, has suffered and will continue to suffer in the future great pain and suffering depriving Plaintiff of life's pleasures.

48.   As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

49.   As a direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

50.   As a further direct and proximate result of the aforesaid accident, Plaintiff, Francis Joyce, has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

WHEREFORE, Plaintiff, Francis Joyce, demands judgment against the Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest thereon and costs.

Respectfully submitted,
MESSA & ASSOCIATES, P.C.

/s/ Lee D. Rosenfeld

_____
Lee D. Rosenfeld
Attorney for Plaintiff

Dated:   June 6, 2011

Case ID: 110600031

Case ID: 110600031
Control No.: 12022744

### VERIFICATION

I, *FRANCES Joyce*            , Plaintiff herein makes this Verification and states

that the statements made in the foregoing are true and correct to the best of his/her knowledge,

information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of

18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

*FRANCES Joyce*

Dated: *6-6-11*

Case I.D: 110600031

Case ID: 110600031
Control No.: 12022744

TO:  Plaintiff and Defendants
YOU ARE HEREBY NOTIFIED TO
FILE A WRITTEN RESPONSE TO THE
ENCLOSED  NEW MATTER
WITHIN 20 DAYS FROM SERVICE
HEREOF OR JUDGMENT MAY BE
ENTERED  AGAINST YOU.

_____
ATTORNEY FOR ADDITIONAL DEFENDANT

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN**
BY:   MICHAEL J. DEMPSEY, ESQUIRE
IDENTIFICATION NO.: 34454
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
(610) 354-8498 (610) 354-8299 (FAX)
Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
| Additional Defendants | : | NO.  0031 |

**AMENDED ANSWER, NEW MATTER AND NEW CROSSCLAIMS OF ADDITIONAL
DEFENDANT, MANGO AND AUGUST, INC.
(INCORRECT IDENTIFIED AS BERNARD AUGUST,
INDIVIDUALLY AND T/A MARISA MANGO REAL ESTATE)
TO JOINDER COMPLAINT OF DEFENDANT, RICHARD DEVASTEY**



Case ID: 110600031
Control No.: 12022744

1. Admitted in part; denied in part. It is admitted that Plaintiff, Frances Joyce, filed a Complaint against Defendant, Richard Devastey and other parties. Answering Additional Defendant denies any and all liability to any parties in Plaintiff's Complaint. By way of further Answer, Answering Additional Defendant incorporates herein by reference, his Answer to the Joinder Complaint, along with New Matter, as fully as though the same were herein set forth at length.

2. Denied. After reasonable investigation, Answering Defendants Additional Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, must deny same.

3. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations in the Complaint speak for themselves and are addressed to parties other than Answering Defendants Additional Defendant herein, and, therefore, this allegation requires no response from Answering Additional Defendant.

4. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the Answer by Richard Devastey to the Complaint speaks for itself and is addressed to parties other than Answering Additional Defendant herein, and, therefore, no response is required from Answering Additional Defendant herein.

5. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations of the Complaint are addressed to parties other than Answering Additional Defendant and, therefore, no response is required from Answering Additional Defendant herein. Further, Answering Additional Defendant denies any allegations in the Complaint as against Answering Additional Defendant and denies any and all liability to Richard Devastey or any other party, including Plaintiff, Frances Joyce.

Case ID: 110600031
Control No.: 12022744

6.  Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Answering Additional Defendant, Bernard August, trades as Marisa Mango Real Estate herein.  To the contrary, Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate is incorrectly identified in the Joinder Complaint of Richard Devastey.  The correct identification of the entity is Mango and August, Inc. and not Richard Devastey, Individually and t/a Marisa Mango Real Estate.

7.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, it is denied that Additional Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to manage, maintain, inspect, repair and otherwise be responsible for the property at 6714 Dicks Avenue, Philadelphia, PA.  By way of further Answer, it is denied that Additional Defendant, Mango and August, Inc., had a verbal or other contract with Defendant, Richard Devastey to manage, maintain, inspect, repair or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, these allegations are conclusions of law to which no responsive pleading is required.

8.  Denied as stated and as conclusions of law to which no responsive pleading is required.  By way of further Answer, by Stipulation between the parties, former Additional Defendant Bernard August, Individually and t/a Marisa Mango Real Estate has been dismissed from this lawsuit and is substituted with Additional Defendant Mango and August, Inc  Further, to the extent that any of these averments are deemed factual, the averments are denied pursuant to Pennsylvania Rule of Civil Procedure 1029(e).  Additionally, all allegations of negligence, carelessness and/or negligent omissions on the part of Additional Defendant are specifically denied herein.  Further, it is denied that Additional Defendant failed to maintain the said real

3

property in a safe manner and further deny that Additional Defendant failed to inspect the said real property or repair any alleged dangerous conditions on the premises and sidewalk. It is further denied that Additional Defendant failed to report and/or warn Defendant, Devastey and Plaintiff of any alleged dangerous conditions on the premises and sidewalk. By Stipulation between the parties, Paragraph 8(d) has been dismissed. Lastly, all allegations that the alleged damages sustained or suffered by Plaintiff were caused by any negligence, carelessness, or negligent omissions of Additional Defendant are denied.

9. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, these averments are denied pursuant to Pa. R.C.P. 1029(e). Further, Additional Defendant denies that Plaintiff's alleged damages were caused in any way by the actions, omissions, carelessness, negligence, breach, or negligent omissions of Answering Additional Defendant herein. Further, Additional Defendant denies that it is liable over to Defendant, Richard Devastey, to Plaintiff's cause of action. By way of Stipulation by the parties, the allegation that Addition Defendant is solely liable to the Plaintiff or jointly or severally liable on Plaintiff's cause of action has been withdrawn and dismissed

**WHEREFORE,** Additional Defendant, Mango and August, Inc. (Incorrectly previously identified as Bernard August, Individually and t/a Marisa Mango Real Estate), respectfully requests judgment in its favor and against Richard Devastey and against Plaintiff and all other parties herein. Additionally, Answering Additional Defendant respectfully requests that the Joinder Complaint against Additional Defendant be denied and dismissed in its entirety with counsel fees and costs awarded to Answering Additional Defendant. Further, Answering Additional Defendant respectfully requests judgment that it is not liable over to Defendant, Richard Devastey, for contribution or indemnity to Plaintiff's cause of action

4

## NEW MATTER

1.     Upon information and belief, Plaintiff's claims or certain of them are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

2.     Upon information and belief, Plaintiff's claims fail to state a cause of action against Additional Defendant upon which relief may be granted.

3.     Inasmuch as Pennsylvania Rule of Civil Procedure 1032 provides that a party waives all defenses not presented by way of Answer, Additional Defendant, upon advice of counsel,  hereby asserts all affirmative defense not otherwise enumerated herein.  As set forth in the Pennsylvania Rules of Civil Procedure 1030, the said affirmative defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, et al.  The said affirmative defenses are subject to demonstration during the discovery process and proof at the time of trial.

4.     Upon information and belief, the claims and/or injuries and damages alleged by Plaintiff and by Defendant, Richard Devastey, in his Joinder Complaint, are due solely to the conduct of others including entities, individuals and/or parties over whom Answering Additional Defendant had no legal responsibility or control.

5.     Upon information and belief, Plaintiff's claims and the claims of Defendant, Richard Devastey, are barred and/or  limited by the Doctrine of Release and Accord and Satisfaction.

6.     There is and was no written contract between Answering Additional Defendant and Richard Devastey to manage, maintain, inspect, repair, or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

7.     Additional Defendant's Joinder Complaint fails to state a cause of action against Additional Defendant upon which relief may be granted.

5

8.     There is no verbal contract between Defendant, Richard Devastey, and the Answering Additional Defendant to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.  The Joinder Complaint of Defendant, Richard Devastey, fails to state a cause of action against Additional Defendant in that it fails to state the date of the purported Contract, the terms for the purported Contract, and the consideration for same.

9.     Plaintiffs alleged injuries and damages were not caused by any negligence, carelessness, acts, omissions or failure to act on the part of Answering Additional Defendant herein.

10.     Answering Additional Defendant denies that it in any way breached any agreement, verbal or otherwise, to or between Richard Devastey and Answering Defendants Additional Defendant which in any way caused injuries or damages to Plaintiff or Defendant, Richard Devastey, or any other party herein.

11.     Answering Additional Defendant denies that it owed any duty of care to Defendant, Richard Devastey, or to Plaintiff or any other party herein.

12.     Answering Additional Defendant verbally agreed with Defendant Richard Devastey to assist him in renting the property and to collect rents and to notify him of complaints by tenants relative to the property at 6714 Dicks Avenue, Philadelphia, PA but did not agree, verbally or otherwise, to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

13.     Richard Devastey has failed to produce any written Contract between him and Answering Additional Defendant and, therefore, his claim for breach of contract must be dismissed.

Case ID: 110600031
Control No.: 12022744

14.     As the owner of the property at 6714 Dicks Avenue, Philadelphia, PA, on the date of the alleged incident, Richard Devastey is responsible and liable for the management, maintenance, inspection, and repair of any dangerous and/or defective conditions on the property, including the sidewalk therein.

15.     As owner of the property at 6714 Dicks Avenue, Philadelphia, PA on the date of the alleged incident, Richard Devastey's duty to manage, maintain, inspect, repair and otherwise be responsible for said real property, is a non-delegable duty and, therefore, Richard Devastey remains responsible and liable for the management, maintenance, inspection, repair and responsibility for the said property.

16.     Upon information and belief, purported Contracts and Agreements relative to the management, maintenance, inspection, repair and responsibility for real property, must be in writing.   The alleged Agreement between Richard Devastey and Answering Additional Defendant may be subject to the Statute of Frauds and cannot form the basis of any alleged breach by Answering Additional Defendant for failure to produce a written Contract with specific terms of the purported Agreement, including the date, terms and consideration for same.

17.     To the extent that there was any dangerous or defective conditions on the premises and sidewalk of Richard Devastey's real property located at 6714 Dicks Avenue, Philadelphia, PA on the alleged date of the incident, said conditions were caused by Richard Devastey in failing to manage, maintain, inspect, repair or otherwise be responsible for the said real property.

18.     Richard Devastey is not entitled to any protection against liability on a theory of owner/landlord out of possession.

7

19.     Answering Additional Defendant is not liable to Richard Devastey for indemnity or contribution and is not liable over to Richard Devastey herein.

20.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

21.     To the extent that Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence and/or the negligence of others named in Plaintiff's Complaint.

22.     To the extent that Plaintiff suffered injuries and damages as alleged, the injuries and damages were caused by and the result of Plaintiff's failure to observe where he was walking and/or by the alleged dog chasing him and not by any dangerous or defective condition of the sidewalk at 6714 Dicks Avenue, Philadelphia, PA.

23.     To the extent that any dangerous or defective conditions existed on the property at 6714 dicks Avenue, Philadelphia, PA on the date alleged, which is denied, said conditions were open and obvious to Plaintiff Joyce and therefore any recovery by him is barred or reduced by the Comparative Negligence Act.

24.     Upon information and belief, Plaintiff, Joyce, may have failed to mitigate his damages.

25.     To the extent that Plaintiff, Joyce, sustained injuries or damages as alleged in his Complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason as alleged in Count IV of Plaintiff Joyce's Complaint, including Paragraphs 43 through 50, inclusive.

Case ID: 110600031

Control No.: 12022744

26.    To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Progress bank and City of Philadelphia as alleged in Counts II and III of Plaintiff's Complaint.

27.    To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendant, Richard Devastey, as alleged in Count I of Plaintiff's Complaint.

**WHEREFORE,** Answering Additional Defendant respectfully requests that judgment be entered in its favor and against Defendant, Richard Devastey, and against Plaintiff and all other parties herein. Further, Answering Additional Defendant respectfully requests judgment in its favor and against Defendant, Richard Devastey, relative to his claim against Answering Additional Defendant herein.   Further, Answering Additional Defendant respectfully requests judgment in its favor that it is not liable to Richard Devastey for indemnity or contribution to Plaintiff's cause of action.

**NEW MATTER IN THE NATURE OF CROSSCLAIMS AGAINST DEFENDANTS, RICHARD DEVASTEY, JEFFREY CROOKS, MARY CROOKS, THOMAS GLEASON, JR., MARY GLEASON, PROGRESS BANK OF FLORIDA AND FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER AND SUCCESSOR TO DEFENDANT, PROGRESS BANK OF FLORIDA AND CITY OF PHILADELPHIA**

28.    Answering Additional Defendant incorporates herein by reference all paragraphs of Plaintiff's Complaint, Joinder Complaint, and Answering Additional Defendant's Amended Answer, New Matter and New Matter Crossclaims as fully as though the same were herein set forth at length.

29.    Answering Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and t/a Marisa Mango Real Estate), denies any and all liability to

Plaintiff and to any and all parties named in Plaintiff's civil action and in the Joinder Complaint

by Defendant, Richard Devastey.  Further, although Answering Additional Defendant denies

liability on the part of all of the Defendants in this matter, nonetheless, if, and only if, the

allegations in Plaintiff's Complaint and/or the Joinder Complaint, or certain of them, are true and

proven, then it is averred that the conditions complained of were caused solely or in part by the

negligence, carelessness, acts, omissions and/or other tortious conduct on the part of Defendants,

Richard Devastey, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr., Mary Gleason, Progress

Bank of Florida/Federal Deposition Insurance Corporation as Receiver and Successor to

Progress Bank of Florida, and City of Philadelphia, and from the said Defendants, Additional

Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and

t/a Marisa Mango Real Estate), demand indemnity and contribution, together with reasonable

counsel fees and costs.

<div style="margin-left:40%">

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN


By:_____
      MICHAEL J. DEMPSEY, ESQUIRE
      Attorney for Additional Defendant
      Mango & August, Inc.
      (Incorrectly identified as Bernard August Indv.
      And t/a Marisa Mango Real Estate)

</div>

Date:

26/1884248.v1

Case ID: 110600031
Control No.: 12022744

## VERIFICATION

Michael J. Dempsey, Esquire, Attorney for Additional Defendant, being duly sworn according to law deposes and says that the facts set forth in the foregoing Amended Answer, New Matter and New Matter Crossclaims of Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August, Indv. and t/a Marisa Mango Real Estate) to Joinder Complaint are true and correct to the best of his knowledge, information, and belief.  This verification is subject to 18 Pa.C.S. §4904 which provides for certain penalties for making false statements.


_____
MICHAEL J. DEMPSEY, ESQUIRE

DATE: _____

11

Case ID: 110600031
Control No.: 12022744

**CERTIFICATE OF SERVICE**

I, MICHAEL J. DEMPSEY, hereby certify that I electronically filed, on the date indicated, Additional Defendant Mango and August, Inc.'s (Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate) Amended Answer, New Matter and New Matter Crossclaims to Joinder Complaint of Richard Devastey, and will be served as follows:

1.    Electronically by the Court, in accordance with Pa. Pa. R.C.P. 205.4(G); and can be viewed by counsel; or

2.    In accordance with Pa. R.C.P. 440 via US. First Class Mail upon all parties not served electronically.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


BY:_____

      Michel J. Dempsey, Esquire
      Attorney for Defendant Mango and August,
      Inc.(Incorrectly identified as Bernard
      August, Individually and t/a Marisa Mango
      Real Estate)


DATED:

12

Case ID: 110600031
Control No.: 12022744