IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCES JOYCE** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| | : |
| **RICHARD DEVASTEY** | : |
| **AND** | : |
| **JEFFREY CROOKS** | : |
| **AND** | : |
| **MARY CROOKS** | : |
| **AND** | : |
| **THOMAS GLEASON, JR.** | : |
| **AND** | : |
| **MARY GLEASON** | : |
| **AND** | : |
| **PROGRESS BANK OF FLORIDA, C/O FDIC** | : |
| **AS RECEIVER PROGRESS BANK** | : |
| **AND** | : |
| **CITY OF PHILADELPHIA** | : |
| | : |
| **V.** | : |
| | : |
| **MANGO & AUGUST, INC.** | : |
| | : |
| **Defendant.** | : **NO. 12-CV-834** |

## OPPOSITION OF DEFENDANT, RICHARD DEVASTEY, TO MOTION TO DISMISS OF DEFENDANT, PROGRESS BANK OF FLORIDA C/O FDIC AS RECEIVER PROGRESS BANK

The Motion to Dismiss pending before this Court, as document 10, is opposed because

the administrative relief process is not complete, and therefore the request is premature.

Attached as Exhibit "A" hereto is the formal request for administrative and agency review sent to

the FDIC Receiver on September 13, 2012.

The Statute at issue, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") allows for an administrative review or hearing to challenge claims disallowed by the Receiver.  12 U.S.C.S. §1821 (d)(6)(A)  The request was made within the required sixty (60) day time period provided by the statute.  In the instant case, defendant, Richard Devastey, did not have notice of any potential claim against Progress Bank, the failed institution, until the plaintiff's Complaint was served upon him.  The Complaint was not filed with the Philadelphia Court of Common Pleas until June 6, 2012.  Defendant, Richard Devastey, did not have notice of the plaintiff's alleged fall until the Complaint was served upon him, which indicated injuries from a fall on property owned by Mr. Devastey and/or the co-defendant, Progress Bank.

Defendant, Richard Devastey, filed a valid cross-claim to protect his interests, and only thereafter learned of the receivership of the co-defendant property owner.  The bar date of January 26, 2011, referenced in the Motion to Dismiss of FDIC, had passed before any of the defendants in this case were on notice of the potential claim.

A jury should be permitted to assess legal responsibility on the co-defendant property owner regardless of the ability to pay, akin to a case in which one party has a default judgment against it.  In this case, discovery could show that the alleged fall occurred on a defect solely owned and possessed by the co-defendant, Progress Bank, where it would be 100 per-cent legally responsible.  It would be prejudicially unfair to moving defendant to be denied this opportunity, especially at this early stage of litigation where discovery has not commenced to truly flesh out all the facts.

Moving defendant also incorporates by reference and joins in the legal argument opposing dismissal asserted by the additional defendant, Mango and August, Inc., filed as Document 11 with this Court.

LAW OFFICES OF JAMES L. BARLOW

By:   SUSAN J. WIENER, ESQUIRE
      Attorney for Defendant
      Richard Devasety

## CERTIFICATE OF SERVICE

I hereby certify as follows: I have served upon counsel for plaintiff a copy of the foregoing Opposition to Motion to Dismiss electronically on the date stated below, addressed as follows:

Lee D. Rosenfeld, Esquire
Messa & Associates, PC
123 South 22nd Street
Philadelphia PA  19103

ATTORNEY FOR PLAINTIFF FRANCES JOYCE
Jeffrey Crooks
6708 Dicks Avenue
Philadelphia PA 19142

ATTORNEY FOR CO-DEFENDANT JEFFREY CROOKS,
UNREPRESENTED PARTY

Mary Crooks
6708 Dicks Avenue
Philadelphia PA 19142

ATTORNEY FOR CO-DEFENDANT MARY CROOKS,
UNREPRESENTED PARTY

Thomas Gleason, Jr.
66 Springton Road
Upper Darby PA 19082

ATTORNEY FOR CO-DEFENDANT THOMAS GLEASON,
JR., UNREPRESENTED PARTY

Mary Gleason
66 Springton Road
Upper Darby PA 19082

ATTORNEY FOR CO-DEFENDANT MARY GLEASON,
UNREPRESENTED PARTY

Pauline J. Manos, Esquire
1515 Arch Street
14th Floor
Philadelphia PA  19102

ATTORNEY FOR CO-DEFENDANT CITY OF
PHILADELPHIA

Michael Dempsey, Esquire
Marshall Dennehey Warner Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406-1330

ATTORNEY FOR CO-DEFENDANT MANGO & AUGUST,
INC.

Jeffrey S. Saltz, Esquire
Law Office of Jeffrey S. Saltz, P.C.
Two Penn Center
Suite 1930
1500 JFK Blvd.
Philadelphia PA 19102

ATTORNEY FOR DEFENDANT PROGRESS BANK OF
FLORIDA, C/O FDIC AS RECEIVER

and on all other counsel of record and unrepresented parties on the attached list by United States

Mail, First Class postage prepaid.

Dated:  September ___21___, 2012          _____
                                                    SUSAN J. WIENER, ESQUIRE

LAW OFFICES OF
# JAMES L. BARLOW



JAMES L. BARLOW*
BRIAN D. BOYLE**
JOHN M. GUTHRIE*
JASON P. McNICHOLL
ALICIA M. NELSON**
JOHN P. SILLI
SUSAN J. WIENER**

NOT A PARTNERSHIP
900 E. 8th Avenue, Suite 301
King of Prussia, PA  19406
(610) 382-8100
Fax (610) 382-8101
Employees of Farmers Insurance Exchange,
A Member of the Farmers Insurance Group of Companies

*ALSO ADMITTED IN NJ & NY
** ALSO ADMITTED IN NJ

September 12, 2012

*Via Certified Mail, Return Receipt Requested*
Suzanne Janolino
Claims Agent
Claims Department
Federal Deposit Insurance Corporation
7777 Baymeadows Way
West Jacksonville FL 32256

      Re:     Joyce v. Devasety, et al.
            Case No.:    USDC EDPa. 12-CV-834
            Our File No.:  11-165604
            Your File No. 10303 – Progress Bank of Florida
            Tampa, FL – In receivership
            Claimant ID: NS1030300354

Dear Ms. Janolino:

The undersigned is counsel for defendant, Richard Devastey in a lawsuit pending in the Eastern District of Pennsylvania, in which Progress Bank was an additional defendant.  A proof of claim was filed, and the undersigned received correspondence dated August 14, 2012 denying the claim as untimely as not filed by the bar date of January 26, 2011.

I had previously sent a letter seeking reconsideration.  The purpose of this letter is to seek agency and/or administrative review of the claim in accordance with the provisions set forth in 12 U.S.C. §1821.  The instant claim involves a cross-claim in a litigation matter and the underlying complaint, which placed Mr. Devastey on notice of his claim, was not filed until June 6, 2011, and then served upon him.  Thus, there was no way that Mr. Devastey could have been on notice of a potential claim against Progress Bank for indemnity and contribution prior to the bar date. Mr. Devastey was not a witness to the underlying accident and had no way of knowing about the claim until the complaint was filed with the court on June 6, 2011, which was already after the bar date set for this receivership. The complaint was attached to the Notice of Claim.  Another copy is attached hereto with the filing date noted.



September 12, 2012
Page 2

I look forward to hearing from you and thank you for your consideration.

Sincerely,

Susan J. Wiener, Esquire
Direct Line: (610) 382-8115

SJW/kls
Encl.
cc:    Lisa B. Wershaw, Esquire
       Lee D. Rosenfeld
       Michael Dempsey, Esquire
       Pauline J. Manos, Esquire
       Capri R. Bonczek, Pennsylvania BCO - PA (Claim #:  1019940877-1-2)
       Richard Devastey