IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS JOYCE** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **RICHARD DEVASTEY, et al.** | : | **NO. 12-834** |

## ORDER

AND NOW, _____ day of _____, 2012 upon consideration of Motion to Dismiss of Defendant FDIC as Receiver for Progress Bank of Florida, and the response of Co-Defendant, City of Philadelphia, it is hereby ORDERED and DECREED that the Motion is DENIED.

BY THE COURT:

_____
                                                                       J.

**CITY OF PHILADELPHIA LAW DEPARTMENT**
**PAULINE J. MANOS, DEPUTY CITY SOLICITOR**
**ATTORNEY I.D. NO. 84960**               ATTORNEY FOR DEFENDANT
**1515 ARCH STREET, 14TH FLOOR**         **CITY OF PHILADELPHIA**
**PHILADELPHIA, PA 19102-1595**
**(215) 683-5240**
**(215) 683-5398 Fax**

| | | |
|---|---|---|
| **FRANCIS JOYCE** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **RICHARD DEVASTEY, et al.** | : | **NO. 12-834** |

### RESPONSE OF DEFENDANT, CITY OF PHILADELPHIA, IN OPPOSITION TO MOTION TO DISMISS BY FEDERAL DEPOSIT INSURANCE CORPORATION, AS <u>RECEIVER FOR PROGRESS BANK OF FLORIDA</u>

Defendant, City of Philadelphia, by and through its attorney, respectfully responds in opposition to Defendant, FDIC's Motion to Dismiss. In support of its opposition to Defendant, FDIC's Motion to Dismiss, Defendant, City of Philadelphia relies upon its Memorandum of Law in Opposition to FDIC's Motion to Dismiss, which is submitted herein.

Dated: 9/26/12                             BY: /s/ Pauline J. Manos
                                                Pauline J. Manos
                                                Deputy City Solicitor

                                           Attorneys for Defendant City of Philadelphia

| | |
|---|---|
| **CITY OF PHILADELPHIA LAW DEPARTMENT**<br>**PAULINE J. MANOS, DEPUTY CITY SOLICITOR**<br>**ATTORNEY I.D. NO. 84960**<br>**1515 ARCH STREET, 14TH FLOOR**<br>**PHILADELPHIA, PA 19102-1595**<br>**(215) 683-5240**<br>**(215) 683-5398 Fax** | ATTORNEY FOR DEFENDANT<br>CITY OF PHILADELPHIA |

| | | |
|---|---|---|
| **FRANCIS JOYCE** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **RICHARD DEVASTEY, et al.** | : | **NO. 12-834** |

**MEMORANDUM OF LAW IN SUPPORT OF CITY OF PHILADELPHIA'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR PROGRESS BANK OF FLORIDA**

I. **BACKGROUND AND PROCEDURAL HISTORY**

Defendant, City of Philadelphia, agrees that on or about June 6, 2011, Plaintiff Francis Joyce filed a Complaint in Court of Common Pleas of Philadelphia County ("Philadelphia County action") against the following Defendants: Richard Devastey ("Devastey"); City of Philadelphia; Progress Bank of Florida ("Progress Bank"); Jeffrey Crooks; Mary Crooks; Thomas Gleason; and Mary Gleason. The Complaint seeks damages against Defendants relating to an alleged personal injury that occurred on July 16, 1999. As a result, Defendant, City of Philadelphia has asserted a cross-claim against Progress Bank.

On October 20, 2010, prior to the Philadelphia County action, the State of Florida Office of Financial Regulation ("Office of Regulation") declared Progress Bank insolvent, took possession of Progress Bank, and appointed the FDIC as its Receiver.

On February 9, 2012, the FDIC-R was substituted for Progress Bank as a party-defendant in this action.

On February 16, 2012, FDIC-R removed the Philadelphia County action to this Court.  On March 26, 2012, the Honorable Lawrence F. Stengel granted the motion stating "All proceedings herein as to all parties are STAYED pending exhaustion by all parties-claimants of their administrative remedies under the Act.

Any claims and cross-claims asserted in the Philadelphia County action, including the City of Philadelphia's cross claim, against Progress Bank, a failed insured State depository financial institution, constitute purported liabilities of the FDIC in its capacity as Receiver of the Progress Bank of Florida.

As movant has described, a notice was indeed sent to Defendant, City of Philadelphia, on October 11, 2011 that states any claims against Progress Bank must be filed with FDIC-R by the Claims Bar Date of January 26, 2011.  However, the Notice also stated that:

> Although the Claims Bar Date has passed, under federal law the Receiver may consider claims filed after the Claims Bar Date if: 1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, AND 2) the claim is filed in time too permit payment of the claim.  12 U.S.C. §1821 (d)(5)(C).  Nothing in this letter is intended to imply that the Receiver has extended the Claims Bar Date.
>
> However, for the Receiver to consider your claim, <u>you must prove to the Receiver's satisfaction that you did not have knowledge of the appointment of the Receiver in time to file a claim before the Claims Bar Date</u>.  Therefore, you must do All of the following:
>
> - Complete the enclosed Proof of Claim Form
> - Sign the Proof of Claim Form
> - Provide supporting documentation both regarding your claim and your lack of knowledge of the appointment of the Receiver (for example, evidence that someone was on active military duty stationed overseas at the time of the appointment of the Receiver)

In response, The City of Philadelphia filed  a Proof of Claim on May 7, 2012 along with a copy of the original complaint and cross-claim filed against Progress Bank of Florida c/o FDIC as Receiver

Progress Bank of Florida.  This documentation submitted to the Receiver included time-stamped pleadings, including the Complaint against City of Philadelphia showing that Responding Defendant, City of Philadelphia was not involved in the subject lawsuit until June 6 2011, months after the Claims Bar Date had expired and the appointment of FDIC as Receiver.  Indeed, FDIC, in its Memorandum of Law In Support of Its Motion To Dismiss, clearly identified June 6, 2011 as the date that City of Philadelphia was sued as a Defendant, which date occurred well after the appointment of the Receiver and the Claims Bar Date.

Clearly, Responding Defendant could not have known of the Appointment of the Receiver on October 20, 2010 or the Claims Bar Date on January 26, 2011 until after Defendant was served with the Complaint on June 8, 2011.

Responding Defendant respectfully requests that this Honorable Court deny and dismiss FDIC's Motion to Dismiss for the following reasons:

1. FDIC's disallowance of Responding Defendant's Proof of Claim was improper since Responding Defendant could not have had notice of the appointment of the Receiver or of the Claims Bar Date of January 26, 2011 since Responding Defendant did not have notice of a claim against it until its receipt of a Joinder Complaint on June 8, 2011.  Responding defendant then filed its Proof of Claim with FDIC on May 2, 2012 relative to its cross-claim against FDIC/Progress Bank.

II. **ARGUMENT**

    A. **FDIC's Disallowance Of Claim By Responding Defendant Is Improper Since Claimant Did Establish That It Did Not Receive Notice Of The Appointment Of The Receiver In Time To File A Claim Before The Claims Bar Date.**

Responding Defendant had no notice of any claim against it until it was served with the Complaint on June 8, 2012.  Accordingly, since Responding Defendant had no knowledge of any claim against it until that date, Responding Defendant was not on notice that it had any potential claim against

FDIC until that date, which was months after the appointment of a Receiver and after the Claims Bar date.

     Respectfully, Responding Defendant requests that this Honorable Court deny and dismiss FDIC's Motion to Dismiss since FDIC's disallowance of Responding Defendant's Proof of Claim was improper and because the administrative claims process established under 12 U.S.C. §1821, et seq. has not been completed or exhausted.  Accordinglhy, this Honorable Court does not lack subje ct matter jurisdiction over the claims against FDIC in this matter.


Dated: 9/26/12                    BY: /s/ Pauline J. Manos
                                                                                          Pauline J. Manos
                                                                                          Deputy City Solicitor

                                                                        Attorneys for Defendant City of Philadelphia

## **VERIFICATION**

I, **PAULINE J. MANOS** state that I am a Deputy City Solicitor for the City of Philadelphia, Defendant herein. On behalf of the City of Philadelphia, I have conducted the investigation in this matter. The facts set forth in the Motion to Dismiss Defendant, FDIC, as Receiver for Progress Bank of Florida, and the response of co-defendant, City of Philadelphia, are true and correct to the best of my knowledge, information and belief. The City Solicitor, Shelley R. Smith, Esquire is without sufficient personal knowledge and/or information regarding Plaintiffs' allegations in this case. I am authorized by the Solicitor to sign the Verification on behalf of the City of Philadelphia in this case.

I understand that my statements are made subject to the penalties of 18 Pa. Cons. Stat. § 4904 relating to unsworn falsification to authorities.

/s/ Pauline J. Manos
**PAULINE J. MANOS**
**Deputy City Solicitor**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all persons lissted below a true and correct copy of the Motion to Dismiss Defendant, FDIC, as Receiver for Progress Bank of Florida, and the response of co-defendant, City of Philadelphia, in the above captioned matter.

| | |
|---|---|
| Lee D. Rosenfeld, Esquire<br>**MESSA & ASSOCIATES, P.C.**<br>123 South 22nd Street<br>Philadelphia, PA  19103 | Jeffrey Crooks<br>6708 Dicks Avenue<br>Philadelphia, PA  19142 |
| Susan J. Weiner, Esquire<br>**LAW OFFICES OF JAMES L. BARLOW**<br>900 East 8th Avenue, Suite 201<br>King of Prussia, PA  19406 | Mary Crooks<br>6708 Dicks Avenue<br>Philadelphia, PA  19142 |
| Jeffrey S. Saltz, Esquire<br>Lisa B. Wershaw, Esquire<br>**LAW OFFICE OF JEFFREY S. SALTZ, P.C.**<br>Two Penn Center Plaza, Suite 1930<br>1500 J.F.K. Blvd.<br>Philadelphia, PA  19102 | Thomas Gleason, Jr.<br>66 Springton Road<br>Upper Darby, PA  19082 |
| Marshall Dennehey, Esquire<br>**MARSHALL, DENNEHEY, WARNER,**<br>**COLEMAN & GOGGIN**<br>620 Freedom Business Center<br>Suite 300<br>King of Prussia, PA  19406 | Mary Gleason<br>66 Springton Road<br>Upper Darby, PA  19082 |

Suzanne Janolino
**Federal Deposit Insurance Corporation**
7777 Baymeadows Way West
Jacksonville, FL  32256


/s/ Pauline J. Manos

Dated: 9/26/12          By:   Pauline J. Manos, Esquire
                              Deputy City Solicitor