IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS JOYCE,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 12-834** |
| | : | |
| **RICHARD DEVASTEY, et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                               **January  16, 2013**

After removing this negligence action to federal court, Defendant FDIC[1] as Receiver for Progress Bank of Florida filed a motion to dismiss all claims against it with prejudice for lack of subject matter jurisdiction.[2]  For the following reasons, I will grant the motion to dismiss the claims brought by the plaintiff and Defendant City of Philadelphia.

**I.  BACKGROUND**

On July 16, 2009, while walking on the 6700 block of Dicks Avenue in the City of Philadelphia, Francis Joyce was attacked by a large dog.  In his attempt to escape, he tripped and fell on defective concrete on the sidewalks abutting the properties at 6712 and 6714 Dicks Avenue.  Mr. Joyce fractured his hip and required corrective surgery.  Mr. Joyce brought the case against Richard Devastey, the owner of the property at 6714

---

[1]  On February 9, 2012, the FDIC was substituted for Progress Bank as a defendant in this action.  A week later, the FDIC removed the case pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.

[2]  On October 22, 2012, the FDIC withdrew the motion in part as to Defendant Richard Devastey and Defendant Mango & August.  See Document #14.  The FDIC continues to seek the dismissal of the claims asserted against it by the plaintiff and by Defendant City of Philadelphia.

Dicks Avenue; the Progress Bank of Florida[3] which is located at 6712 Dicks Avenue; and Jeffrey Crooks, Mary Crooks, Thomas Gleason, and Mary Gleason, the alleged owners of the dog.  Mr. Joyce also included a count of negligence against the City of Philadelphia because the city shares responsibility for maintaining some portion of the sidewalks in the city.

In December 2011, Defendant Devastey filed a joinder complaint adding Bernard August individually and t/a Marisa Mango Real Estate as defendants.  Mr. Devastey also filed a cross claim against all of the other co-defendants claiming that they "are alone liable or are jointly and severally liable or are liable over" to him for the damages asserted by the plaintiff.  Defendants City of Philadelphia, and Mango & August have also asserted cross claims against Defendant Progress Bank of Florida c/o FDIC as Receiver Progress Bank.

## II.  STANDARD OF REVIEW

In the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as a Receiver for a failed financial institution and special powers to carry out that function.  The FDIC, as Receiver, must conserve and preserve the failed

---

[3]     On October 20, 2010, the State of Florida Office of Financial Regulation declared Progress Bank insolvent, took possession of it, and appointed the FDIC as its Receiver.  Pursuant to 12 U.S.C. § 1821(d)(3)(B)(i), the FDIC published a Notice of the Receivership Appointment to all creditors and depositors of Progress Bank in a Florida newspaper of general circulation on October 28, 2010, on November 10, 2010, and again on December 29, 2010.  These notices advised all Progress Bank creditors to submit all claims to the Receiver by the Claims Bar Date of January 26, 2011.  The notices also state that, with certain limited statutory exceptions, a late-filed claim will be disallowed and the disallowance will be final.

institution's assets, liquidate those assets when appropriate, and use the proceeds of liquidation to make distributions among the institution's valid creditors. See 12 U.S.C. § 1821(d)(2)(A)(ii), (B) & (E).

As an important part of the scheme for winding up failed financial institutions, Congress created a statutory procedure for the orderly and efficient processing of claims. That administrative claims process, set forth in 12 U.S.C. § 1821(d)(3) through (13), centralizes the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the Receiver by the "Claims Bar Date," a date certain established by the Receiver. The Receiver has up to 180 days to review all claims, and grant or deny those claims, in whole or in part, without the delay and expense of litigation. See 12 U.S.C. § 1821(d)(5)(A)(i). Congress has given the Receiver discretion to determine the timing and amount of such distributions. See 12 U.S.C. § 1821(d)(10)(A) & (B).

The administrative claims process is mandatory. In Section 1821(d)(13)(D), Congress withdrew jurisdiction from all courts to hear claims against the FDIC as Receiver, except as granted elsewhere. See 12 U.S.C. § 1821(d)(13)(D). Review by the courts is "otherwise provided" by subsection 1821(d) only for those claimants who have completed the administrative claims process. See 12 U.S.C. § 1821(d)(6)(A)(ii), (7)(A), & (8)(C).

Under the FIRREA, management of the claims process is committed to the exclusive power and discretion of the Receiver, and the Receiver's management of the claims process is a core function of the Receiver. See 12 U.S.C. § 1821(d)(3)(A) (the

Corporation may, as Receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph 4); see also 12 U.S.C. § 1821(d)(4) (conferring the FDIC with authority to promulgate regulations and rules concerning claims process and determination of claims); see also 12 U.S.C. § 1821(d)(5)(D) (the Receiver may disallow any portion of any claim by a creditor which is not provided to the satisfaction of the Receiver).  Further, the Receiver may "exercise . . . such incidental powers as shall be necessary to carry out such powers," and "take any action authorized by this chapter, which [the FDIC] determines is in the best interests of the depository institution, its depositors, or [the FDIC]."  See 12 U.S.C. § 1821(d)(2)(J)(i), (ii).

      The Court of Appeals for the Third Circuit has determined that claimants must submit their claims against the FDIC, as Receiver, to the administrative claims process established by the FIRREA before seeking judicial review.  Rosa v. Resolution Trust Corp., 938 F.2d 383, 392-393 (3d Cir. 1991);  FDIC v. Shain, Schaffer & Fafanello, 944 F.2d 129, 132 (3d Cir. 1991) (courts have no jurisdiction over claims besides that specified in the FIRREA).  This exhaustion requirement applies to claims arising both before and after the appointment of a Receiver.  Rosa, 938 F.2d at 392-393; Resolution Trust Corp. v. W. W. Dev. Mgmt., Inc., 73 F.3d 1298, 1303-1304 (3d Cir. 1996); Althouse v. Resolution Trust Corp., 969 F.2d 1544, 1545-1546 (3d Cir. 1992) (holding that failure to file a timely claim precludes jurisdiction and review by district court).

      Timely participation in the administrative process is required, unless in limited circumstances and in the sole discretion of the Receiver, a claimant is excepted from the

filing deadline.  Title 12 of the United States Code, Section 1821(d)(3)(B)(i) requires that the Receiver in a case involving the liquidation or winding up of the affairs of a closed depository institution "shall -- (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the Receiver by a date specified in the notice which shall not be less than 90 days after the publication of such notice."  Claims filed after the Claims Bar Date "shall be disallowed and such disallowance shall be final."  12 U.S.C. § 1821(d)(5)(C)(i).  There is, however, one exception.  A claim filed after the Claims Bar Date "may be considered by the Receiver if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file such claim before such date; and (2) such claim is filed in time to permit payment of such claim."  12 U.S.C. § 1821(d)(5)(C)(ii).

### III.  DISCUSSION

The claims and cross claims filed against Progress Bank of Florida in this case constitute purported liabilities of the FDIC in its capacity as Receiver and are subject to the mandatory administrative review process.  Upon learning about each of the claims and cross claims against it, the FDIC mailed to each claimant a "Notice to Discovered Claimant to Present Proof of Claim" and a Proof of Claim Form.  Each notice stated that any claims against the bank must be filed with the FDIC by the Claims Bar Date of January 26, 2011.  However, because these notices were sent to the claimants after that

date, the claimants were given the opportunity to request the FDIC to consider their claims if they satisfied the Section 1821(d)(5)(C) exception described above.[4]

Although the FDIC afforded each claimant the opportunity to show good reason to participate in the administrative claims process, the plaintiff chose not to present a Proof of Claim form. Accordingly, because the plaintiff failed to complete the administrative process, this court has no jurisdiction over the plaintiff's claim against the FDIC, and I will grant the motion to dismiss it.

The City of Philadelphia presented its Proof of Claim form on May 7, 2012, missing its January 9, 2012 submission deadline by approximately four months. The Receiver exercised its discretion to refuse to consider this late filing. The statute is clear that claims filed after the Claim Bar Date "shall be disallowed and such disallowance shall be final." See 12 U.S.C. § 1821(d)(5)(C)(i). It is well-established in this circuit that a claimant who receives notice but fails to file a timely claim with the Receiver is precluded from filing suit, and the complaint should be dismissed. Althouse v. Resolution Trust Corp., 969 F.2d 1544, 1545-1546 (3d Cir. 1992) (complaint dismissed for failure to timely file an administrative claim). Congress expressly withdrew jurisdiction from all courts over any claims on a failed institution's assets which are made outside of the claims process established in Section 1821 of the FIRREA. FDIC v. Shain,

---

[4] The notice sent to the plaintiff on June 13, 2011, informed him that he must submit a Proof of Claim form by September 12, 2011. The notice sent to the City of Philadelphia on October 11, 2011, informed the City that it was required to submit the form by January 9, 2012. The notice sent to Mr. Devastey on January 11, 2012, notified him that he was required to submit the form by April 10, 2012. Finally, the notice sent to Mango & August on February 7, 2012, notified it that it was required to submit the form by May 7, 2012.

Schaffer & Fafanello, 944 F.2d 129, 132 (3d Cir. 1991).  Accordingly, because this court lacks subject matter jurisdiction, I will grant the FDIC's motion to dismiss the City of Philadelphia's untimely claim against it.

    An appropriate Order follows.