TO: Plaintiff and Defendants
YOU ARE HEREBY NOTIFIED TO
FILE A WRITTEN RESPONSE TO THE
ENCLOSED NEW MATTER
WITHIN 20 DAYS FROM SERVICE
HEREOF OR JUDGMENT MAY BE
ENTERED AGAINST YOU.

_____
ATTORNEY FOR ADDITIONAL DEFENDANT

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOOGIN**
BY: MICHAEL J. DEMPSEY, ESQUIRE
IDENTIFICATION NO.: 34454
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8498 (610) 354-8299 (FAX)
Attorney for Bernard August, Ind. And t/a Marisa Mango Real Estate

| | | |
|---|---|---|
| FRANCES JOYCE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | |
| RICHARD DEVASTEY | : | JUNE TERM, 2011 |
| JEFFREY CROOKS; | : | |
| MARY CROOKS; | : | |
| THOMAS GLEASON, JR.; | : | |
| MARY GLEASON; | : | |
| PROGRESS BANK OF FLORIDA; | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARD AUGUST, Ind. And | : | |
| t/a MARISA MANGO REAL ESTATE | : | |
| Additional Defendants | : | NO. 0031 |

**AMENDED ANSWER, NEW MATTER AND NEW CROSSCLAIMS OF ADDITIONAL
DEFENDANT, MANGO AND AUGUST, INC.
(INCORRECT IDENTIFIED AS BERNARD AUGUST,
INDIVIDUALLY AND T/A MARISA MANGO REAL ESTATE)
TO JOINDER COMPLAINT OF DEFENDANT, RICHARD DEVASTEY**


EXHIBIT "D"

Case ID: 110600031
Control No.: 12022744

1. Admitted in part; denied in part. It is admitted that Plaintiff, Frances Joyce, filed a Complaint against Defendant, Richard Devastey and other parties. Answering Additional Defendant denies any and all liability to any parties in Plaintiff's Complaint. By way of further Answer, Answering Additional Defendant incorporates herein by reference, his Answer to the Joinder Complaint, along with New Matter, as fully as though the same were herein set forth at length.

2. Denied. After reasonable investigation, Answering Defendants Additional Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore, must deny same.

3. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations in the Complaint speak for themselves and are addressed to parties other than Answering Defendants Additional Defendant herein, and, therefore, this allegation requires no response from Answering Additional Defendant.

4. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the Answer by Richard Devastey to the Complaint speaks for itself and is addressed to parties other than Answering Additional Defendant herein, and, therefore, no response is required from Answering Additional Defendant herein.

5. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, the allegations of the Complaint are addressed to parties other than Answering Additional Defendant and, therefore, no response is required from Answering Additional Defendant herein. Further, Answering Additional Defendant denies any allegations in the Complaint as against Answering Additional Defendant and denies any and all liability to Richard Devastey or any other party, including Plaintiff, Frances Joyce.

6. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Answering Additional Defendant, Bernard August, trades as Marisa Mango Real Estate herein. To the contrary, Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate is incorrectly identified in the Joinder Complaint of Richard Devastey. The correct identification of the entity is Mango and August, Inc. and not Richard Devastey, Individually and t/a Marisa Mango Real Estate.

7. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, it is denied that Additional Defendant, Bernard August, Individually and t/a Marisa Mango Real Estate, had a verbal or other contract with Defendant, Richard Devastey, to manage, maintain, inspect, repair and otherwise be responsible for the property at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, it is denied that Additional Defendant, Mango and August, Inc., had a verbal or other contract with Defendant, Richard Devastey to manage, maintain, inspect, repair or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. By way of further Answer, these allegations are conclusions of law to which no responsive pleading is required.

8. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, by Stipulation between the parties, former Additional Defendant Bernard August, Individually and t/a Marisa Mango Real Estate has been dismissed from this lawsuit and is substituted with Additional Defendant Mango and August, Inc Further, to the extent that any of these averments are deemed factual, the averments are denied pursuant to Pennsylvania Rule of Civil Procedure 1029(e). Additionally, all allegations of negligence, carelessness and/or negligent omissions on the part of Additional Defendant are specifically denied herein. Further, it is denied that Additional Defendant failed to maintain the said real

Case ID: 110600031
Control No.: 12022744

property in a safe manner and further deny that Additional Defendant failed to inspect the said real property or repair any alleged dangerous conditions on the premises and sidewalk. It is further denied that Additional Defendant failed to report and/or warn Defendant, Devastey and Plaintiff of any alleged dangerous conditions on the premises and sidewalk. By Stipulation between the parties, Paragraph 8(d) has been dismissed. Lastly, all allegations that the alleged damages sustained or suffered by Plaintiff were caused by any negligence, carelessness, or negligent omissions of Additional Defendant are denied.

9. Denied as stated and as conclusions of law to which no responsive pleading is required. By way of further Answer, these averments are denied pursuant to Pa. R.C.P. 1029(e). Further, Additional Defendant denies that Plaintiff's alleged damages were caused in any way by the actions, omissions, carelessness, negligence, breach, or negligent omissions of Answering Additional Defendant herein. Further, Additional Defendant denies that it is liable over to Defendant, Richard Devastey, to Plaintiff's cause of action. By way of Stipulation by the parties, the allegation that Addition Defendant is solely liable to the Plaintiff or jointly or severally liable on Plaintiff's cause of action has been withdrawn and dismissed

**WHEREFORE,** Additional Defendant, Mango and August, Inc. (Incorrectly previously identified as Bernard August, Individually and t/a Marisa Mango Real Estate), respectfully requests judgment in its favor and against Richard Devastey and against Plaintiff and all other parties herein. Additionally, Answering Additional Defendant respectfully requests that the Joinder Complaint against Additional Defendant be denied and dismissed in its entirety with counsel fees and costs awarded to Answering Additional Defendant. Further, Answering Additional Defendant respectfully requests judgment that it is not liable over to Defendant, Richard Devastey, for contribution or indemnity to Plaintiff's cause of action

4

Case ID: 110600031
Control No.: 12022744

## NEW MATTER

1.  Upon information and belief, Plaintiff's claims or certain of them are barred and/or reduced by the Pennsylvania Comparative Negligence Act.

2.  Upon information and belief, Plaintiff's claims fail to state a cause of action against Additional Defendant upon which relief may be granted.

3.  Inasmuch as Pennsylvania Rule of Civil Procedure 1032 provides that a party waives all defenses not presented by way of Answer, Additional Defendant, upon advice of counsel, hereby asserts all affirmative defense not otherwise enumerated herein. As set forth in the Pennsylvania Rules of Civil Procedure 1030, the said affirmative defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, et al. The said affirmative defenses are subject to demonstration during the discovery process and proof at the time of trial.

4.  Upon information and belief, the claims and/or injuries and damages alleged by Plaintiff and by Defendant, Richard Devastey, in his Joinder Complaint, are due solely to the conduct of others including entities, individuals and/or parties over whom Answering Additional Defendant had no legal responsibility or control.

5.  Upon information and belief, Plaintiff's claims and the claims of Defendant, Richard Devastey, are barred and/or limited by the Doctrine of Release and Accord and Satisfaction.

6.  There is and was no written contract between Answering Additional Defendant and Richard Devastey to manage, maintain, inspect, repair, or otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

7.  Additional Defendant's Joinder Complaint fails to state a cause of action against Additional Defendant upon which relief may be granted.

5

Case ID: 110600031
Control No.: 12022744

8. There is no verbal contract between Defendant, Richard Devastey, and the Answering Additional Defendant to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA. The Joinder Complaint of Defendant, Richard Devastey, fails to state a cause of action against Additional Defendant in that it fails to state the date of the purported Contract, the terms for the purported Contract, and the consideration for same.

9. Plaintiffs alleged injuries and damages were not caused by any negligence, carelessness, acts, omissions or failure to act on the part of Answering Additional Defendant herein.

10. Answering Additional Defendant denies that it in any way breached any agreement, verbal or otherwise, to or between Richard Devastey and Answering Defendants Additional Defendant which in any way caused injuries or damages to Plaintiff or Defendant, Richard Devastey, or any other party herein.

11. Answering Additional Defendant denies that it owed any duty of care to Defendant, Richard Devastey, or to Plaintiff or any other party herein.

12. Answering Additional Defendant verbally agreed with Defendant Richard Devastey to assist him in renting the property and to collect rents and to notify him of complaints by tenants relative to the property at 6714 Dicks Avenue, Philadelphia, PA but did not agree, verbally or otherwise, to manage, maintain, inspect, repair and otherwise be responsible for the real property located at 6714 Dicks Avenue, Philadelphia, PA.

13. Richard Devastey has failed to produce any written Contract between him and Answering Additional Defendant and, therefore, his claim for breach of contract must be dismissed.

6

14. As the owner of the property at 6714 Dicks Avenue, Philadelphia, PA, on the date of the alleged incident, Richard Devastey is responsible and liable for the management, maintenance, inspection, and repair of any dangerous and/or defective conditions on the property, including the sidewalk therein.

15. As owner of the property at 6714 Dicks Avenue, Philadelphia, PA on the date of the alleged incident, Richard Devastey's duty to manage, maintain, inspect, repair and otherwise be responsible for said real property, is a non-delegable duty and, therefore, Richard Devastey remains responsible and liable for the management, maintenance, inspection, repair and responsibility for the said property.

16. Upon information and belief, purported Contracts and Agreements relative to the management, maintenance, inspection, repair and responsibility for real property, must be in writing. The alleged Agreement between Richard Devastey and Answering Additional Defendant may be subject to the Statute of Frauds and cannot form the basis of any alleged breach by Answering Additional Defendant for failure to produce a written Contract with specific terms of the purported Agreement, including the date, terms and consideration for same.

17. To the extent that there was any dangerous or defective conditions on the premises and sidewalk of Richard Devastey's real property located at 6714 Dicks Avenue, Philadelphia, PA on the alleged date of the incident, said conditions were caused by Richard Devastey in failing to manage, maintain, inspect, repair or otherwise be responsible for the said real property.

18. Richard Devastey is not entitled to any protection against liability on a theory of owner/landlord out of possession.

7

Case ID: 110600031
Control No.: 12022744

19. Answering Additional Defendant is not liable to Richard Devastey for indemnity or contribution and is not liable over to Richard Devastey herein.

20. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

21. To the extent that Plaintiff suffered any injuries and/or damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness and negligence and/or the negligence of others named in Plaintiff's Complaint.

22. To the extent that Plaintiff suffered injuries and damages as alleged, the injuries and damages were caused by and the result of Plaintiff's failure to observe where he was walking and or by the alleged dog chasing him and not by any dangerous or defective condition of the sidewalk at 6714 Dicks Avenue, Philadelphia, PA.

23. To the extent that any dangerous or defective conditions existed on the property at 6714 dicks Avenue, Philadelphia, PA on the date alleged, which is denied, said conditions were open and obvious to Plaintiff Joyce and therefore any recovery by him is barred or reduced by the Comparative Negligence Act.

24. Upon information and belief, Plaintiff, Joyce, may have failed to mitigate his damages.

25. To the extent that Plaintiff, Joyce, sustained injuries or damages as alleged in his Complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr. and Mary Gleason as alleged in Count IV of Plaintiff Joyce's Complaint, including Paragraphs 43 through 50, inclusive.

8

26. To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendants, Progress bank and City of Philadelphia as alleged in Counts II and III of Plaintiff's Complaint.

27. To the extent that Plaintiff sustained injuries or damages as alleged in his complaint, said injuries and damages were caused solely and/or in part by the negligence and carelessness of Defendant, Richard Devastey, as alleged in Count I of Plaintiff's Complaint.

**WHEREFORE,** Answering Additional Defendant respectfully requests that judgment be entered in its favor and against Defendant, Richard Devastey, and against Plaintiff and all other parties herein. Further, Answering Additional Defendant respectfully requests judgment in its favor and against Defendant, Richard Devastey, relative to his claim against Answering Additional Defendant herein. Further, Answering Additional Defendant respectfully requests judgment in its favor that it is not liable to Richard Devastey for indemnity or contribution to Plaintiff's cause of action.

### NEW MATTER IN THE NATURE OF CROSSCLAIMS AGAINST DEFENDANTS, RICHARD DEVASTEY, JEFFREY CROOKS, MARY CROOKS, THOMAS GLEASON, JR., MARY GLEASON, PROGRESS BANK OF FLORIDA AND FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER AND SUCCESSOR TO DEFENDANT, PROGRESS BANK OF FLORIDA AND CITY OF PHILADELPHIA

28. Answering Additional Defendant incorporates herein by reference all paragraphs of Plaintiff's Complaint, Joinder Complaint, and Answering Additional Defendant's Amended Answer, New Matter and New Matter Crossclaims as fully as though the same were herein set forth at length.

29. Answering Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and t/a Marisa Mango Real Estate), denies any and all liability to

Plaintiff and to any and all parties named in Plaintiff's civil action and in the Joinder Complaint by Defendant, Richard Devastey. Further, although Answering Additional Defendant denies liability on the part of all of the Defendants in this matter, nonetheless, if, and only if, the allegations in Plaintiff's Complaint and/or the Joinder Complaint, or certain of them, are true and proven, then it is averred that the conditions complained of were caused solely or in part by the negligence, carelessness, acts, omissions and/or other tortious conduct on the part of Defendants, Richard Devastey, Jeffrey Crooks, Mary Crooks, Thomas Gleason, Jr., Mary Gleason, Progress Bank of Florida/Federal Deposition Insurance Corporation as Receiver and Successor to Progress Bank of Florida, and City of Philadelphia, and from the said Defendants, Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August Individually and t/a Marisa Mango Real Estate), demand indemnity and contribution, together with reasonable counsel fees and costs.

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER
        COLEMAN & GOGGIN

        By:_____
           MICHAEL J. DEMPSEY, ESQUIRE
           Attorney for Additional Defendant
           Mango & August, Inc.
           (Incorrectly identified as Bernard August Indv.
           And t/a Marisa Mango Real Estate)

Date:

26/181 4248.v1

Case ID: 10600031
Control No.: 12022744

## VERIFICATION

Michael J. Dempsey, Esquire, Attorney for Additional Defendant, being duly sworn according to law deposes and says that the facts set forth in the foregoing Amended Answer, New Matter and New Matter Crossclaims of Additional Defendant, Mango and August, Inc. (Incorrectly identified as Bernard August, Indv. and t/a Marisa Mango Real Estate) to Joinder Complaint are true and correct to the best of his knowledge, information, and belief. This verification is subject to 18 Pa.C.S. §4904 which provides for certain penalties for making false statements.

 

MICHAEL J. DEMPSEY, ESQUIRE

DATE: _____

Case ID: 110600031
Control No.: 12022744

## CERTIFICATE OF SERVICE

I, MICHAEL J. DEMPSEY, hereby certify that I electronically filed, on the date indicated, Additional Defendant Mango and August, Inc.'s (Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate) Amended Answer, New Matter and New Matter Crossclaims to Joinder Complaint of Richard Devastey, and will be served as follows:

1. Electronically by the Court, in accordance with Pa. Pa. R.C.P. 205.4(G); and can be viewed by counsel; or

2. In accordance with Pa. R.C.P. 440 via US. First Class Mail upon all parties not served electronically.

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

BY:_____

Michel J. Dempsey, Esquire
Attorney for Defendant Mango and August, Inc.(Incorrectly identified as Bernard August, Individually and t/a Marisa Mango Real Estate)

DATED:

Case ID: 110600031
Control No.: 12022744